UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
2003 DEC 19 P 3:38

CIVIL RIGHTS COMPLAINT

Luis Fernandez
279900
_____
Plaintiff(s),
(Full name(s) and prisoner number(s) if incarcerated)
(Do not use *et al.*)

AMENDED COMPLAINT

v.

MR. John J. Armstrong, official/individual
MR. Hector Rodriguez, official/individual
MR. Farrell, official/individual
MR. Feliciano, official/individual
MS. Ahmed, official/individual
MS. Candice Hall, official/individual
MS. Hannah, official/individual
MR. Roby, official/individual
MR. Gallick, official/individual
MR. Knight, official/individual
MR. Muniz, official/individual
MR. Hall, official/individual
MR. Richard Brozozwski, official/individual
MS. Beth Halleran, official/individual
MR. Bartholomew, official/individual

Defendant(s).
(Full name(s) and capacity, e.g., official capacity, individual capacity, or official and individual capacities) (Do not use *et al.*)

Case No. 3:03CV583(JCH)(HBF)
(To be supplied by the court)

A. PARTIES

1. Luis Fernandez is a citizen of Connecticut who
   (Plaintiff)                                    (State)
presently resides at C.C.I., 900 Highland Ave., Cheshire, CT 06410
                     (mailing address or place of confinement)
If plaintiff is incarcerated, provide inmate number: 279900

2. Defendant John J. Armstrong is a citizen of Connecticut
            (name of first defendant)                          (State)
whose address is 24 Wolcott Rd., Wethersfield, CT 06109

and who is employed as __Commissioner of D.O.C in Connecticut__
(title and place of employment)

At the time the claim(s) alleged in this complaint arose, was this defendant acting under color of state law? ✓ Yes ___ No. If your answer is "Yes," briefly explain:
__As the Commissioner his Action is under Color of State law.__

3. Defendant __Hector Rodriguez__ is a citizen of __Connecticut__
(name of second defendant)                                              (State)

whose address is __900 highland Ave., Cheshire, CT 06410__

and who is employed as __Warden At Cheshire D.O.C. in Connecticut__
(title and place of employment)

At the time the claim(s) alleged in this complaint arose, was this defendant acting under color of state law? ✓ Yes ___ No. If your answer is "Yes," briefly explain:
__As the Warden his Action is under Color of State law.__

(If more space is needed to furnish the above information for additional defendants, continue on a blank sheet which you should label "A. PARTIES." Be sure to include each defendant's complete address and title.)

## B. JURISDICTION

1. Jurisdiction is asserted pursuant to (CHECK ONE)

    ✓ 42 U.S.C. § 1983 (applies to state prisoners)

    ___ Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971) and 28 U.S.C. § 1331 (applies to federal prisoners)

2. Jurisdiction also is invoked pursuant to 28 U.S.C. § 1343(a)(3). (If you wish to assert jurisdiction under different or additional statutes, you may list them below.)

2

4. Defendant MR. FARRELL is a citizen of CONNECTICUT whose address 900 highland Ave., Cheshire, CT 06410 And who is Employed As MAJOR officer At Cheshire D.O.C. in Conn. At the time the claim(s) alleged in this complaint arose, was the defendant Acting under color of state law? ✓ yes ___ NO. If "yes" explain: As A MAJOR officer his Action is under color of state law.

5. Defendant MR. Feliciano is a citizen of CONNECTICUT whose address 900 highland Ave., Cheshire, CT 06410 And who is Employed As MAJOR officer At Cheshire D.O.C. in Conn. At the time the claim(s) alleged in this complaint arose, was the defendant Acting under color of state law? ✓ yes ___ NO. If "yes" explain: As MAJOR officer his Action is under color of state law.

6. Defendant MS. AHMED is a citizen of CONNECTICUT whose address 900 highland Ave., Cheshire, CT 06410 And who is Employed As Grievance Coordinator At Cheshire D.O.C. in Conn. At the time the claim(s) alleged in this complaint arose, was the defendant Acting under color of state law? ✓ yes ___ NO. If "yes" explain: As Grievance coordinator her Action is under color of state law.

7. Defendant MS. Candac Hall is a citizen of CONNECTICUT whose address 900 highland Ave., Cheshire, CT 06410 And who is Employed As Librarian At Cheshire D.O.C. in Conn.

At the time the claim(s) alleged in this complaint arose, was the defendant acting under color of state law? ✓ yes ___ no. If "yes" explain: As Librarian her action is under color of state law.

8. Defendant MS. HANNAH is a citizen of Connecticut whose address is 900 Highland Ave., Cheshire, CT 06410 and who is employed as Unit Manager/Counselor Super. at Cheshire D.O.C. in Conn. At the time the claim(s) alleged in this complaint arose, was the defendant acting under color of state law? ✓ yes ___ no. If "yes" explain: As Unit Manager/Counselor Supervisor her action is under color of state law.

9. Defendant MR. Roby is a citizen of Connecticut whose address is 900 Highland Ave., Cheshire, CT 06410 and who is employed as Lieutenant at Cheshire D.O.C. in Conn. At the time the claim(s) alleged in this complaint arose, was the defendant acting under color of state law? ✓ yes ___ no. If "yes" explain: As Lieutenant his action is under color of state law.

10. Defendant MR. Gallick is a citizen of Connecticut whose address is 900 Highland Ave., Cheshire, CT 06410 and who is employed as Counselor at Cheshire D.O.C. in Conn. At the time the claim(s) alleged in this complaint arose, was the defendant acting under color of state law? ✓ yes ___ no. If "yes" explain: As Counselor his action is under color of state law.

11. Defendant MR. Knight is a citizen of Connecticut whose address is 900 highland Ave., Cheshire, CT 06410 and who is employed as Unit Manager/Captain at Cheshire D.O.C. in Conn. At the time the claim(s) alleged in this complaint arose, was the defendant acting under color of state law? ✓ yes ___ NO. If "yes" explain: As Unit Manager/Captain his action is under color of state law.

12. Defendant MR. MUNIZ is a citizen of Connecticut whose address 900 highland Ave., Cheshire, CT 06410 and who is employed as Unit Manager/Captain at Cheshire D.O.C. in Conn. At the time the claim(s) alleged in this complaint arose, was the defendant acting under color of state law? ✓ yes ___ NO. If "yes" explain: As Unit Manager/Captain his action is under color of state law.

13. Defendant MR. HALL is a citizen of Connecticut whose address 900 highland Ave., Cheshire, CT 06410 and who is employed as Major officer at Cheshire D.O.C. in Conn. At the time the claim(s) alleged in this complaint arose, was the defendant acting under color of state law? ✓ yes ___ NO. If "yes" explain: As Major officer his action is under color of state law.

14. Defendant MR. R. Brzozowski is a citizen of Connecticut whose address 900 highland Ave., Cheshire, CT 06410 and who is employed as Counselor at Cheshire D.O.C. in Conn.

At the time the claim(s) alleged in this complaint arose, was the defendant acting under color of state law? ✓ yes ___ no. If "yes" explain: As Counselor his action is under color of state law.

15. Defendant Mr. Bartholomew is a citizen of Connecticut whose address 900 highland Ave., Cheshire, CT 06410 And who is employed as Major/Counselor Super At Cheshire D.O.C. in Conn. At the time the claim(s) alleged in this complaint arose, was the defendant acting under color of state law? ✓ yes ___ no. If "yes" explain: As major/counselor Supervisor his action is under color of state law.

16. Defendant Ms. Beth Hallenn is a citizen of Connecticut whose address 900 highland Ave, Cheshire, CT 06410 And who is employed as Counselor At Cheshire D.O.C in Conn. At the time the claim(s) alleged in this complaint arose, was the defendant acting under color of state law? ✓ yes ___ no. If "yes" explain: As Counselor her action is under color of state law.

## C. NATURE OF THE CASE

BRIEFLY state the background of your case. The defendants failed to adhere or promulgate Administrative Directives (D.O.C. Regulations) were no legitimate penological objective to obstruct and deprive the plaintiff of access to the Courts violating plaintiff pro se Sixth Amendment Right as Appellant in a REM civil forfeiture at the Appellate Superior Court causing the Dismissal of the case by depriving the required adequate meaningful assistance and necessary materials to access the Court pursuant D.O.C. ADM. Dir. and under Connecticut Practice Book Rules (others) citing, Younger v. Gilmore, 404 U.S. 15 (1971); and Bounds, 430 U.S. at 828.

## D. CAUSE OF ACTION

I allege that the following of my constitutional rights, privileges, or immunities have been violated and that the following facts form the basis of my allegations: (If more space is needed to explain any allegation or to list additional supporting facts, continue on a blank sheet which you should label "D. CAUSE OF ACTION.")

Claim I: Violation 1st, 4th, 5th, 6th, 14th Amendment to the U.S.C., infliction of Cruel & Unusual punishment by deliberate indifference, physical and mental anguish emotional injuries, deprivation of fundamental Constitutional Right(s) (others).

Supporting Facts: (Include all facts you consider important, including names of persons involved, places, and dates. Describe exactly how each defendant is involved. State the facts clearly in your own words without citing legal authority or argument.)

1. On about 7-23-02 the plaintiff while in the Resource Center (Library) at Cheshire Department of Correctional, defendant Librarian Ms. Candace Hall denied the plaintiff request for photocopies of legal type-written documents which the plaintiff objected by filing a Level 1 line Emergency Grievance pursuant ADM. Dir. 9.6 Attached and Marked as Exhibit "C" herein is the Inmate Emergency Grievance (C. Copy) pursuant ADM. Dir. 9.6 submitted on 7-23-02 where the plaintiff quoting defendant Librarian Ms. Candace Hall said her reason for denying the photocopies requested by the plaintiff was do to the order's of defendant Major Mr. Farrell who denied copies to indigent Inmates in ⟶

3                                    (Continue Attach pg.)

(continue paragraph 15)    D. Cause of Action

15. Emergency date 11/22/02 Appealing Grievance level 1 reviewed by defendant Major Farrell A/warden who with defendants Mr. Hall, Ms. Ahmed, Mr. Muniz and Mr. Richard Brozozwski unconstitutionaly deprived the plaintiff of his rights to adequatly meaningfuly access the courts which D.O.C. staffs ignored and failed to respond to the live Emergency Grievance form B, level 2&3 date 11/22/02, Attached and marked as exhibit "A" filed on 11/26/02 depriving the plaintiff of Due Process under fourteenth Amendment and First Amendment U.S.C. were D.O.C. Adm. Dir. 9.6 Grievance procedure mandatory language creats a liberty interest protection.

16. Defendants Mr. Hector Rodriguez, Mr. Farrell, Ms. Ahmed, Ms. Candace Hall, Ms. Hannah, Mr. Gallick, Mr. Muniz, Mr. Hall, Mr. Richard Brozozwski, Mr. Bartholomew and Ms. Beth Hallern failures to promulgate D.O.C. Adm. Directives that inclds language Mandatory which creats a liberty interest protection, for the plaintiff from "Atypical and significant hardship(s)" in relation to the ordinary incidents of prison life, citing, Sandin v. Conner, 115 S.Ct. 2293, 2299-300 (1995) while the plaintiff being equaly situated as other Inmates or prisoner's of CT-coline D.O.C., Giano v. Senkowski, 54 F.3d 1050, 1057 (1995) were there has not been a rationally related to a legitimate governmental purpose, citing, Champion v. Artuz, 76 F.3d 483, 486 (1996), that such wanton deliberatly action of reckless indiffeence inaction to "Assist" the plaintiff diligently or meaningfuly with materials, Adequate library access, and legal call(s) when knowing of the Risk of harm to the plaintiff case while holding a fundamental Constitutional Right to Access the Courts extended to direct Appeals citing, Bell v. Blatter, 175 F.3d 378, 391 (1999), from the simple fact that such Risk was obvious when expressly voted by defendants Mr. Roby, Mr. Knight, Ms. Candace Hall, Mr. Farrell, Mr. Feliciano, Us Ahmed, Mr. Hector Rodriguez before the dismissal of plaintiff direct Appeal at the Appellate Court Attached and marked as Exhibit 'B' herein shows actual injury due to the denial(s) and obstruction(s) of Accessing the Courts which the circumstances suggest that the defendants herein the Complaint (D.O.C. official-

(Continuance paragraph 16)        D. Cause of Action

16. Staff(s) being sued had been exposed to information concerning the Risk and "thus" must have known about it... citing, <u>Farmer v. Brennan</u>, 511 U.S. 825, 837 (1994).

## G. REQUEST FOR RELIEF

I request the following relief:

<u>Claim for Relief Declaratory Judgment</u>

1. Municipal officials failure(s) to supervise its own employees to properly ensure Procedural Due Process before the dismissal of plaintiff appeal at the Appellat Court resulted in plaintiff denial of liberty and denial of guarantee prisoner's access to state and Federal Courts and constituted deprivation of liberty without Due Process in violation of the fourteenth Amendment to the U.S.C.

2. Municipal officials Actions custom of inadequate training supervision and discipline of its officers that caused the plaintiff dismissal of Appeal at the Appellate court, while the Municipal officials had Actual knowledge of the Risk-D

## H. JURY DEMAND

Do you wish to have a jury trial? Yes ✓  No ___

_____        _____
Original signature of attorney (if any)      Plaintiff's Original Signature

_____
_____
_____
Attorney's full address and telephone

## DECLARATION UNDER PENALTY OF PERJURY

The undersigned declares under penalty of perjury that he/she is the plaintiff in the above action, that he/she has read the above complaint and that the information contained in the complaint is true and correct. 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Executed at <u>Cheshire C.I. At Cheshire CT</u> on <u>12-12-03</u>
         (location)                          (date)

_____
Plaintiff's Original Signature

7

(Continue paragraph 2) Claim for Relief Declaratory Judgment

2. to the plaintiff Rights to equal protection of law being violated Constituted deliberate indifference when municipal officials knew or should have known their Employees where putting obstructions to Access the Courts when ignoring their duties under ADM. Directives and had a history of doing so while the duties of municipality include supervising its Employee's so as to protect prisoner's from irreparable harm the deliberate indifference shows that officials should have known about these risks that caused the plaintiff harm and Constituted violation Eighth Amend. ban of Cruel and Unusual punishment by deliberate indifference.

3. Defendants Ms. AHMED and Mr. Hector Rodriguez wanton and Reckless inactions to promulgate the required Review or respond under ADM. Directives 9.6 mandatory language implicate the deprivation of adequate Assistance to guarantee prisoner's Access to state and Federal Courts violating plaintiff liberty interest protected under the fourteenth Amendment U.S.C. Procedural Due Process required in institutional policies and state laws.

4. Defendants Mr. Hector Rodriguez, Ms. AHMED, Mr. Richard Brzozowski, Mr. Hall and Mr. Muniz wanton and reckless inaction to preform their duties Cause the deprivation of plaintiff Right to Communicate or privileged telephone call(s) pursuant to the requirement

7 (2)

(Continue paragraph 4.) <u>Claim for Relief Declaratory Judgment</u>

4. of ADM. Directives 10.7 mandatory language in violation of plaintiff Fourth Amendment Right to the U.S.C. which directives afford the plaintiff a First Amendment Right to Communicate, furthermore, defendants should have known or knew about these risks so as to protect the plaintiff from irreparable harm or distress Constituted Violation of Eighth Amendment law of Cruel And unusual punishment by deliberate indifference.

5. Defendants Mr. Farrell, Mr. Feliciano, Ms. Ahmed, Mr. H. Rodriguez, Ms. Candace Hall, Ms. Hannah, Mr. Roby, Mr. Bullock, Mr. Knight, Mr. Muniz, Mr. Hall, Mr. Richard Brozozwski, Mr. Bartholomew And Ms. Beth Hallern Actions of Negligence while being aware of plaintiff NEEd iN not Assisting nor providing Adequate Access to the Court As ADM. Directives Language needs to prevent plaintiff Appeal dismissal of the Appellate Case depriving the plaintiff of Adequate proceedings violating the Dept. of Correctional Cheshire C.I. policys on discrimination And Constituted violation of Equal protection Clause Fourteenth Amend. to the U.S.C.

6. Furthermore, defendants Neglected to modify iN according to ADM. Directive 9.6 Mandatory language or discontinue Any obstruction to Access the Courts so As to protect the plaintiff from irreparable harm Knowing of or should have known of the plaintiff

7 (3)

(continue paragraph 6) <u>Claim for Relief Declaratory Judgment</u>

6. statute as pro se in an appeal at the Appellate Court Constituted to violate the liberty interest of plaintiff fourteenth Amendment Procedure Due Process and Eighth Amend. to the U.S.C. ban cruel and unusual punishment by deliberate indifference.

7. Municipal officials violated Title VII Federal Act by discrimination because of plaintiff race.

8. Defendants inadequate assistance by wanton and reckless inactions deny the plaintiff right of access to the Courts to do so constituted the deprivation of the filing brief deadline for appeal at the Appellate Court inflicting cruel and unusual punishment ban under the Eighth Amendment U.S.C. by deliberately indifference.

9. Defendants inadequacies of prison library assistance and reckless photocopying assistance and wanton typewriter assistance prejudicely deprived the plaintiff from meaningful access to the Courts that led to the inability to meet the filing brief deadline for an appeal at the Appellate Court in violation of plaintiff equal fundamental Constitutional Rights to the Courts.

<u>Relief Requested</u>

Wherefore, plaintiff requests that the Court grant the following relief:

7(4)

## RELIEF REQUESTED

A. ISSUE A declaratory Judgment stating that:

1. The inadequacies of meaningful Assistance to Access the Courts by defendants MR. H. Rodriguez, MR. Farrell, MR. Hall, MR. R. Brozozwski, MS. Ahmed, MS. Candace Hall and MR. Muniz violated the plaintiff's rights under the first, ~~eighth~~, fourteenth and eighth Amendment to the U.S.C. and constituted the inability to meet the filing deadline in violation of equal fundamental Constitutional Right to Access the Courts.

2. The Municipal Dept. of Correction Cheshire, lack of custom procedures to ensure proper process on ADM. Directives Applications Supports Warden Hector Rodriguez liability.

3. Municipal officials failure to train its officers such failure Amounted to deliberate indifference to the plaintiff's Rights is held liable under § 1983, also when evidence of deliberate indifference training, descipline and supervision of its officers resulting in harming the plaintiff ability to meet the filing deadline for filing brief in an Appeal are liable under § 1983 while Acting pursuant to an official policy.

4. The defendants MR. Hector Rodriguez, MR. Farrell, MR. Feliciano, MS. Ahmed, MS. Candace Hall, MS. Hannah, MR. Roby, MR. Gallick, MR. Knight, MR. Muniz, MR. Hall, MR. Richard Brozozwski, MR. Bartholomew and MS. Beth Halleran failure to follow

7 (5)

(Continue paragraph 4A)   <u>RELIEF REQUESTED</u>

4. Ensure and uphold institution and Constitution regulation as written under Administration directives and Due Process Clause of the fourteenth Amendment U.S.C. requirements Constituted liability.

5. The plaintiff held a liberty interest of equaly protection by the Fourteenth Amendment Due Process Clause in meaningful adequate Assistance to Access the Courts and defendants deprived him of law.

6. The Municipality had a duty to promulgate regulations to protect their prisoner's rights from reckless proceedings and by their failure to do so are liable.

7. The Municipal Dept. of Correction CHestline at CHestline CT. officials breached statutory duties to protect its prisoner's from fraudulent Proceeding are held liable under 42 U.S.C § 1983 for their Omissions.

8. Defendants MS Candace Hall, MR. Farrell, MR. Feliciano, MR. Hall, and MR. Bartholomew Actions of inactions of inadequate Assistance violated plaintiff's Rights under the Eighth Amend. U.S.C.

9. The plaintiff held a Constitutional liberty interest to have the equal protection of the law pursuant to and under 1 § 14 Amendment to the U.S.C. while being equaly situated as other prisoner's of the state.

7(6)

## RELIEF REQUESTED

10. Defendants failure to adhere to Administrative Regulation promulgated to protect Constitutional Rights is itself a Violation of Due Process.

11. Defendants deliberately and knowingly intentionally disregarded the plaintiff protected Rights of Meaningful Assistance to Access the Court under Administration directives Mandatory language and Constitutional laws showed deliberate indifference by deliberate action and inaction of a culpable mind under the violation of Eighth Amendment U.S.C.

B. ISSUE AN INJUNCTION Ordering:

1. Immediatly order writ of Attachment for lien notice against the earning, bank assets, holding of all property business(es), inheretanes, belongings to defendants until case is resolved.

2. The suspension of defendants MR. H Rodriguez, MR. Farrell, MS. Ahmed, MR. Feliciano, MS. Candace Hall, MS. Hannah, MR. Roby, MR. Gallick, MR. Knight, MR. Muniz, MR. Hall, MR. Richard Brozozwski, MR. Bartholomew and MS. Beth Hallenan without pay for 30 days and remain on suspension until disciplinary charges are resolved.

3. The Immediate demotion of defendants MR. Farrell, MR. Feliciano, MS. Ahmed, MS Candace Hall, MS. Hannah, MR. Roby, MR. Gallick, MR Knight, MR. Muniz, MR. Hall,

7 (7)

(Continuance paragraph 3B)  RELIEF REQUESTED)

3. Mr. Richard Brozozwski, Mr. Bartholomew and Ms. Beth Hallerm after the disciplinary charges are resolved from Acting Capacities from Major, Grievance Coordinator, Unit Manager Counselor Supervisor, Lieutenant, Counselor, Unit Manager Captain, and Counselor Supervisor for failing to Adhere to Administrative regulations promulgate to protect ~~~~~~~ Constitutional Rights is itself a violation of Procedure Due Process before impossing punishment.

4. After finding liability, the Court to appoint a Special Master to mandated sweeping changes designed to ensure that Cheshire D.O.C. would provide meaningful access to the Courts for all present and future prisoners as specified in:

A. Adequate typewriters in all units and in the library with the required legal markings and Reprinting letter Copying system;

B. The number of hours of library use for None Emergency to which each inmate can be entitled as 10 per week;

C. The number of hours of library use for Emergency to which each inmate can be entitled as 12 per week including weekends (if necessary);

D. The minimal educational requirements for prison librarian as

7(8)

(CONTINUANCE paragraph 4(D)B) RELIEF REQUESTED)

D. A library science degree, law degree, or paralegal degree with Assistant;

E. The content of a videotaped legal-research course for inmates to be prepared by persons appointed by the Special Master but funded by CHesthre D.O.C.;

F. For illiterate and non-English speaking inmates to be provided with direct assistance from lawyers, paralegals or a sufficient number of at least minimally trained prisoner legal assistant;

G. The Court's concern for lockdown prisoners by ordering that CHesthre D.O.C. prisoner's in all housing areas and custody levels shall be provided regular and comparable visits to the law library, except that such visits may be postponed on an individual basis because of the prisoner's documented inability to use the law library without creating a threat to safety or security or a physical condition if determined by medical personnel to prevent library use;

H. Enjoined CHesthre D.O.C. to particular steps must be taken to locate and train bilingual prisoner's to be legal assistants.

<u>C</u>. Award compensatory damages in the following:

( Continue C. )   <u>Relief Requested</u>

1. $ 2,000,000⁰⁰ dollars Jointly and severally against defendants Mr. Hall, Ms. Candace Hall, Mr. Farrell, Mr. Feliciano, Mr. Richard Brozozwski, Mr. Bartholomew and Ms. Hannah for the physical emotional mental anguish sustained as a result of the plaintiff dismissal appeal.

2. $ 800,000⁰⁰ dollars Jointly and severally against defendants Mr. Gallick, Mr. Knight and Mr. Roby for the punishment and emotional depressions resulting from their inadequate assistance in connection with the plaintiff obstruction with access to the Courts.

3. $ 2,000,000⁰⁰ dollars Jointly and severally against defendants Mr. Rodriguez, Ms. Allred, and Mr. John J. Armstrong for the emotional anguish sustained as resulting from their denial of Due Process in connection with the plaintiff's dismissal appeal.

4. $ 200,000⁰⁰ dollars Jointly and severally against defendants Mr. Muniz and Ms. Beth Halleran for the intentional infliction of emotional distress resulting from their failure to provide adequate assistance to the plaintiff access the Courts.

D. Award punitive damages in the following amounts:

  1. $ 40,000⁰⁰ each against defendants Mr. Feliciano, Ms. Hannah, Mr. Roby, Mr. Gallick, Mr. Knight and Mr. Muniz;

  2. $ 100,000⁰⁰ each against defendants Mr. Richard Brozozwski, Mr. Hall, Mr. Bartholomew, Ms. Beth Halleran, Ms. Candace Hall, Mr. Farrell, Ms. Allred and Mr. Hector Rodriguez;

  3. $ 200,000⁰⁰ against defendant John J. Armstrong;

F. Grant such other relief as it may appear that plaintiff is entitled.

Date: 12-12-03

Respectfully Submitted

Luis Fernandez
The Plaintiff

7 (10)

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

Luis Fernandez                :       PRISONER
   v.                         :       Case No. 3:03CV583
John J. Armstrong, et al      :       (JCH)(HBF)
                              :       Date: 12-12-03

## NOTICE OF AMENDED COMPLAINT

Plaintiff herein submits the Amended Complaint with exhibits Attached And marked date 12-12-03 And certifies that A Copy of the Amended Complaint including exhibits has been Mailed to defendants Attorney Robert F. Vacchelli, 110 Sherman Street, Hartford, CT 06105.

Respectfully Sub.

Luis Fernandez
C.C.I.
900 highland Ave
Cheshire, CT 06410

C.C./file.

1 of 1