UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LUIS FERNANDEZ | : | PRISONER |
| | | CASE NO.3:03CV583(JCH)(HBF) |
| V. | : | DATE: 12-16-03 |
| JOHN J. ARMSTRONG, ET AL | : | |

## PLAINTIFF RENEW MOTION FOR APPOINTMENT OF COUNSEL

The plaintiff respectfully seeks as the court required him too[doc# 9]appointment of counsel
PRO BONO in this case pursuant 28 U.S.C.§1915(d) and 42 U.S.C.§ 1988 were Inmate Legal Ass.
Programs has decline to assist the plaintiff were for the following reasons the court should
consider appointment of counsel PRO BONO to cure an injustice.

### I.HISTORY

Following the plaintiff complaint against the defendants John J. Armstrong, et al where I.F.P.
Status has been granted and plaintiff has amended the complaint were extension of time has
granted[doc# 18] which the plaintiff in good faith consented in for the defendants to comply
with the court's FIRST SCHEDULING order date 12/1/03 pursuant under RULE 16(C), F.R.C.P.
The plaintiff demostrated to this court for considerating appointment of counsel PRO BONO that
he is unable to afford counsel and made enough efforts to obtain assistance of counsel with
respect to this case.see, MOTION FOR APPOINTMENT OF COUNSEL[doc #9]denied without prejudice.
The plaintiff has contacted Inmates Legal Ass. Programs by telephone(800)301-4527 were ATT.
Jenna Edmunson decline to assist him in the case civil complaint since defendants are D.O.C.
officials and because the plaintiff has to demostrate a Prima Facie case.

### II.SPECIFIC FACTS

1. The court should consider I.L.A.P. attorney Jenna Edmunson decision for not assisting the
   plaintiff as **prejudice** and **conflict of interest** were the fact is that to actual make a Prima
   face case under **§1983**, plaintiff must demostrate that defendants acted under color of law
   when deprived the plaintiff of Federal Rights and **such** determination has bin already consider
   by this honorable court in before granting I.F.P. status pursuant under RULE 10(a),F.R.C.P.,

CONTINUANCE 1.

1. citing,DAVIS V. UNITED STATES,214 F2.d 594 (1954); also, SPEARS V. UNITED STATES, supra note 56., were this case civil complaint clearly established defendants John J. Armstrong,et al acted under color of law and deprived the plaintiff of federal(guarantee)Rights.citing,BERG V COUNTY OF ALLEGHENY,219 F.3d 261(3d cir.2000).

2. The court should consider plaintiff unable to employ counsel pursuant 28 U.S.C.§1915(d)see [doc.#9]for requesting counsel representation.citing,BOUNDS V. SMITH,430 U.S. 817,97 S.Ct. 1491(1977); GORDON V. LEEKE, 574 F.2d 1147, 1153 and N.3(1978); ALDEBE V.ALDABE, 616 F.2d 1089, 1093(1980); and land V. HUTTO, 467 F.Supp.562 (E.D.Va.1979).

3. The court should consider also the appointment of counsel where counsel is able to explain the applicable legal principles to the complainant and limit litigation to potentially meritorious issues. In addition, appointment of counsel provides the unlettered plaintiff with an opportunity to obtain the representation equally qualified with the professional counsel usually provided by the states for the defendants. citing, WRIGHT V. DALLAS COUNTY SHERIFF"S DEPARTMENT, 660 F.2d 623 (1981),quoting KNIGHTON V. WALKINS, 616 F.2d 759 (5th cir.1980); and STRINGER V. ROWE, 616 F.2d 993,1001(1980).

4. The court should consider the appointment of counsel in this case were the entittle fees to the attorney appointed would be determined by the court and paid by the defendants. 42 U.S.C. § 1988,citing, EHNSLEY V. ECKENHART,_____U.S.____103 S.Ct. 933(1983).

5. The court should consider appointing counsel in this case do to the plaintiff past medical evaluation of paranoid disorder and depression infliction which clearly justifies appropriate an appointment of counsel were colorable claim has been presented.see,Attached and marked as Exhibit 1 Mental Health Service Response date 6/18/01 referring depression and paranoid.citing, HAMILTON V. LEAVY, 117 F.3d 742,749(1997).

6. The court should consider in appointing counsel for the plaintiff in this case were the plaintiff is unable to present the case do to the lacking of legal materials,and jail house lawyer assistance the plaintiff has no law school education and as a spanish speaking person the legal issues are to complex to litigate himself nor dose the Dept. of Corrections provides the plaintiff as pro se litigant with adequate law library containing up to date materials



HR501 REV.5/94
CONNECTICUT DEPARTMENT OF CORRECTION

# REQUEST FOR MENTAL HEALTH SERVICES

| INMATE NUMBER | DATE OF BIRTH |
|---|---|
| 279900 | |

| INMATE NAME (LAST, FIRST, INITIAL) | | |
|---|---|---|
| Fernandez, Luiz | | |

| DATE OF REQUEST | INMATE REQUEST | REFERRED BY/TITLE |
|---|---|---|
| 6/18/01 | (Y) N | Self |

| SEX | RACE/ETHNIC | FACILITY |
|---|---|---|
| (M) F | B W H O | |

DESCRIBE REASON FOR REQUEST/REFERRAL:

Depression. Paranoid

See attached

---

# MENTAL HEALTH SERVICES RESPONSE

| DATE REQUEST RECEIVED | REFERRED TO | DATE CLIENT SEEN | SERVICE PROVIDER/TITLE |
|---|---|---|---|
| 6/08/01 | M-H | | |

SERVICE PROVIDED/RESPONSE:

PR

SCHEDULE DATE:    YES ☐    NO ☐

MENTAL HEALTH PROVIDER'S SIGNATURE/TITLE

DATE

CONTINUANCE 6.

6. for shepherdicing this case.citing,**BOUNDS V. SMITH, 430 U.S. 817(1977); YOUNGER V. GILMORE, 404 U.S. 15(1971)(precuriam)**,which prejudice obstructs the plaintiff position to investigate the crucial facts needed to prove the claims.citing,**SLAVIN V. CURRY, 690 F.2d 446(1982); STRINGER V. ROWE**,supra note 51; also, **MURRELL V. BENNETT,615 F.2d 306,311(1980).**

7. The court should consider the complexity of the legal issues raised by the plaintiff for appointment of counsel where the need for expert witnesses for the conflicting testimony requiring skill in presentation of evidence already marked as exhibits and in cross-examinatio of D.O.C. administretive Directives procedures to the defendants involve in their own regulation violations.citing,**BASS  V. PERRIN, 170 F.3d 1312,1320(1999).**

8. The court should consider the exceptional circumstances from the motion's filed with this court for appointment of counsel **[doc.#9]**and the presentation of D.O.C. ADM.DIR. cross-examinations of the defendants were credebility of expert witness will be at issue in this case.citing, **TABRIN V. GRACE, 6 F.3d 147,155-58(1993); LAVADO V. KEOHANE,992 F.2d 601,606 (1993).**

### III.LEGAL GROUNDS

This motion is filed pursuant to CIVIL RIGHT ACTS **42 U.S.C. § 1983, 28 U.S.C. §1915(d)**citing, **HODGE V. POLICE OFFICERS,802 F.2d 58, 61 (2d cir.1986)**cert.denied,**502 U.S. 996(1991); TABRON V. GRACE, 6 F.3d 145,155-58(1993); 42 U.S.C. § 1988, and BOUNDS V. SMITH, 430 U.S. 817 ,97 S.Ct 1491(1977)** where exceptional circumstances for appointment PRO BONO counsel reasonably demostrated and appropriate for the plaintiff justifying merits in this case colorable for the court to GRANT this motion an appoint counsel.

RESPECTFULLY SUBMITTED

THE PLAINTIFF
LUIS FERNANDEZ
C.C.I.
900 HIGLAND AVE.,
CHESHIRE,CT.06410

## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed to the following on this 16 day of

December,2003:

ROBERT F. VACCHELLI,

ass. attorney general
110 sherman street,
Hartford,Ct 06105

THE PLAINTIFF
LUIS FERNANDEZ