UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

LUIS FERNANDEZ                  :
                                :           PRISONER
      v.                        :   Case No. 3:03CV583(JCH)(HBF)
                                :
JOHN J. ARMSTRONG, et al.       :

RULING AND ORDER

Plaintiff has filed a second motion seeking appointment of pro bono counsel in this action pursuant to 28 U.S.C. § 1915. For the reasons set forth below, plaintiff's motion is denied without prejudice.

As the court stated in the ruling denying plaintiff's first motion for appointment of counsel, the Second Circuit repeatedly has cautioned the district courts against the routine appointment of counsel. See, e.g., Hendricks v. Coughlin, 114 F.3d 390, 393 (2d Cir. 1997); Cooper v. A. Sargenti Co., 877 F. 2d 170, 172 (2d Cir. 1989). The Second Circuit has made clear that before an appointment is even considered, the indigent person must demonstrate that he is unable to obtain counsel. Hodge v. Police Officers, 802 F.2d 58, 61 (2d Cir. 1986), cert. denied, 502 U.S. 996 (1991). In addition, when deciding whether to appoint counsel, the district court must "determine whether the indigent's position seems likely to be of substance." Id. In Cooper v. Sargenti, the Second Circuit cautioned the district

courts against the "routine appointment of counsel" and reiterated the importance of requiring an indigent to "pass the test of likely merit."  877 F.2d at 173-74.  The court explained that "even where the claim is not frivolous, counsel is often unwarranted where the indigent's chances of success are extremely slim."  Id. at 171.

The court denied the first motion without prejudice because the defendants had not responded to the complaint and the court was unable to determine whether plaintiff's claims passed the test of likely merit.  The court informed plaintiff that he could renew his motion after the defendants filed their response.

Since the court issued its ruling, plaintiff has filed an amended complaint and defendants have been granted an extension of time to respond.  Thus, the court still does not have the benefit of reviewing defendants' response to plaintiff's allegations and cannot determine whether any of plaintiff's claims possess likely merit.  Accordingly, plaintiff's motion is premature.

Further, the court noted in the first ruling that it could not discern whether plaintiff's reference to a woman at Inmates' Legal Assistance Program was to an attorney or other employee and why the woman said she was unable to assist him.  The court directed plaintiff to explain why Inmates' Legal Assistance Program would not assist him in any subsequent motion.  Plaintiff

has not provided any further information to resolve this ambiguity.  Thus, he has not complied with the court's order.

Plaintiff's second motion for appointment of counsel [**doc. #24**] is **DENIED** without prejudice.  Plaintiff may renew his motion **after defendants have responded to the complaint.**  Any renewed motion shall **explain** why Inmates' Legal Assistance Program would not assist plaintiff.

**SO ORDERED.**

Entered this 24 day of January, 2004, at Bridgeport, Connecticut.

```
                              /s/
            HOLLY B. FITZSIMMONS
            UNITED STATES MAGISTRATE JUDGE
```