UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
2004 JAN 26 P 3:38
PRISONER
BRIDGEPORT

Luis Fernandez

V.

John Armstrong, et al

Case No. 3:03CV583
(JCH)(HBF)

January 20, 2004

## MOTION FOR RESPOND & OBJECTION TO DEFEDANT ANSWER & AFFIRMATIVE DEFENSE

The plaintiff respectfully moves this Court pursuant to Rule 5(d) F.R.C.P. to admit the exhibits "A" thru "T" submitted attached and marked in the Amended Complaint paragraphs 1-16 as full exhibits were defendants on the Answer and Affirmative defense did not replied to any exhibit submitted attached and marked in the Complaint which each exhibit marked in the Amended Complaint paragraphs 1-16 should be taken as admitted. Also, plaintiff objection to defendant Answer & Affirmative defense for failure to raise a meritorious defense pursuant to Rule 12(b), F.R.C.P. See, Affidavit in support attached herein and this honorable Court determination in before granting I.F.P. Status pursuant under Rule 10(A), F.R.C.P., citing, Davis V. U.S. 214 F.2d 594 (1954); Also, Spears V. U.S., supra note 56, were this Case Civil Complaint clearly established defendants John Armstrong, et al

1 of 13

Acted under color of law and deprived the plaintiff of Federal (Guarantee) Rights. Citing, <u>BERG V. COUNTY OF ALLEGHENY</u>, 219 F.3d 261 (3d Cir. 2000).

## I. HISTORY OF CASE

Following the plaintiff Amended Complaint against the defendants John Armstrong, et Al where I.F.P. Statuts has been granted and Amended Complaint served before defendants filed their Answer on the Alleged date 9 of January, 2004. The plaintiff has moved for Default against defendants John Armstrong, et Al. since January 9, 2004 for failure to plead or otherwise defend as provided by the Court scheduling ordered on 12/1/03 pursuant to Rule 16(c) of Federal Rules of Civil Procedures, as appears on Record.

## II. SPECIFIC FACTS

1) The plaintiff's states his Complaint Amended consist of Approx. 96 pages including Declaratory Judgments, Injunction Orders, Compensatory Damages, Punitive Damages Relief Requested and Attached Exhibits "A" thru "T" in support of the Civil Rights violations by the defendants served individual and Official Capacitys.

2) In this case the defendants John Armstrong, et Al are

still subject to civil suits in which as state officials they are the Nominal defendants in this Case and Governmental immunity is inapplicable to injuctive and declaratory Relief pursuant SOVEREIGN IMMUNITY, 440 U.S. 410, 420.

3) The plaintiff has demostrated material facts by Exhibits "A" threw "T" submitted in the Amended Complaint which defendants left out and failed to Replied in the ANSWER and Affirmative defenses dated January 9, 2004 were defendants failure to Replied to the Exhibits "A" threw "T" in support of each allegation in the paragraphs from the Amended Complaint should be taken as admitted which Allegations in the Amended Complaint are clearly true pursuant under Rule 5(d) F.R.C.P.

## II LEGAL GROUNDS

This Motion is filed pursuant Rule (5)d and 10(A), F.R.C.P. Where the plaintiff Allegations in the Amended Complaint are clearly true and supported which would entitle him to Relief. Citing, Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99 (1957); SCHEUER V. RHODES, 416 U.S. 232, 236, 94 S.Ct. 1683 (1974); DAVIS V. U.S., 214 F.2d 594 (1954); Also, SPEARS V. U.S., supra note 56, which this Motion should be Granted.

## CERTIFICATION

This is to Certify that a copy of the foregoing has been sent, handling charges prepaid, via U.S. Mail to the following defendants Attorney this 20th day of January, 2004.

Attorney Robert F. Vacchelli
Ass. Att. Gen.
110 Sherman St.
Hartford, CT 06105

Luis Fernandez
ID. 279900

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

Luis Fernandez                :           PRISONER
                                          Case No. 3:03CV583
        V.                    :           (JCH)(HBF)

John Armstrong, et al         :           January 20, 2004

<u>AFFIDAVIT IN SUPPORT OF PLAINTIFF
OBJECTION TO DEFENDANTS ANSWER
& AFFIRMATIVE DEFENSES</u>

STATE OF CONN.
                              - SS -

COUNTY OF SUFFIELD

Plaintiff Luis Fernandez, being duly sworn, deposes and says:

1) That defendants John Armstrong, et al First AFFIRMATIVE DEFENSE fails to state a claim upon which relief may be Granted is without Merit were the plaintiff Allegations in the Amended Complaint are clearly true and Supported by Exhibits "A" thew "T" which would entitle the plaintiff relief. Citing, <u>Cowley V. Gibson</u>, 355 U.S.

6 of 13

41, 75 S.Ct 99 (1957); Also see, <u>Scheyer</u> v. <u>Rhodes</u>, 416 U.S. 232, 236, 94 S.Ct 1683 (1974).

2) That defendants John Armstrong, et al SECOND AFFIRMATIVE DEFENSE OF QUALIFIED IMMUNITY is inapplicable in this case were the defendants have a responsibility imposed by statute as state actors, failure to perform it makes them liable even if s/he does not know about the resulting constitutional violation. Citing, <u>TATUM</u> v. <u>HOOSER</u>, 642 F.2d 253 (8th Cir. 1981); <u>DOE</u> v. <u>NEW YORK City of SOCIAL SERVICES</u>, 649 F.2d 134 (2d Cir. 1981); <u>U.S. ex. rel. Larkins</u> v. <u>Oswald</u>, 510 F.2d 583, 589 (2d Cir. 1975).

3) That defendants John Armstrong, et al. THIRD AFFIRMATIVE DEFENSE in this case the defendants are still subject to civil suits in which as state officials they are the nominal defendants in this case and governmental immunity is inapplicable to injunctive and declaratory relief pursuant sovereign immunity, 440 U.S. 410, 420, even defendant John Armstrong as the Commissioner of the D.O.C. should have known or knew that subordinates actions violated clearly established constitutional rights and as the Commissioner is liable for such violations perpetrated by his subordinates. Citing, <u>Camilo-Robbles</u> v. <u>Hoyos</u>, 151 F.3d 1, 6 (1st Cir. 1998).

4) That defendants John Armstrong, et al Fourth AFFIRMATIVE DEFENSE by the immune from liability pursuant to Conn. Gen. Stat. § 4-165 and under the doctrine of SOVEREIGN immunity and their Common Law Privileges and immunities does not Applies to the defendants in this case were the defendants Violated Conn. Const ART. 1 § 10 and intentionally Obstructed guarantee Access to the Courts, citing, Bounds v. Smith, 430 U.S. 817, 821 (1977), when denied MATERIALS NOR provided Any Reasonable Assistance that would enable the plaintiff opportunity to present Claimed violations of Fundamental Constitutional Rights to the Courts, citing Lewis v Casey, 116 S.Ct 2174, 2180 (1996) and the doctrine of qualified immunity is inapplicable to the defendants for violation of statutes. citing, Harlow v. Fitzgerald, supra note 184, At 2739; Scott v Plante, 691 F.2d 634 (3d Cir. 1982)

5) That defendants John Armstrong, et al FIFTH AFFIRMATIVE DEFENSE in this case the defendants are still subject to Civil Suits in which As state OFFICIALS they are the NOMINAL defendants in this case and Governmental immunity is inapplicable to injunctive and declaratory Relief pursuant SOVEREIGN immunity, 440 U.S. 410, 420. the defendants John Armstrong, et al Admit that At All times referenced in the plaintiff's Amended Complaint, they Acted under Color of State Law per 42 U.S.C. §1983 (1994) where the

plaintiff as a PRO SE PRISONER in direct Appeal holds a Fundamental Constitutional Right to Access the Court, citing Bell V. Blatter, 175 F.3d 378, 391 (1999). Attached and Marked as Exhibits "A" thru "T" in the Amended Complaint proofs the plaintiff has exhausted available remedies sufficient for pleading purpose, citing Harris V. Ford, ___ F.Supp. 2d ___, 1999 WL 38233 At * 1 (D. Alaska 1/26/1999) were defendants John Armstrong, et al being sued had been exposed to information Concerning the Risk and thus' must have known about it. Citing, Farmer V. Brennan, 511 U.S. 825, 837 (1994) As Authority or Authorization where Connecticut State Law and D.O.C. Administration Directives form the basis of this Amended Complaint Section 1983 which upholds plaintiff PRISONER's Rights under Federal Statute Law citing, Albright V. Oliver, 510 U.S. 266 (1994).

6) The defendants John Armstrong, et al Sixth AFFIRMATIVE DEFENSE is inapplicable were the Federal Court having Jurisdiction, 28 U.S.C. § 1343 (3) in this Amended Complaint § 1983 where defendants conduct Complained of was Committed by a person Acting under Color of State Law. Citing, Monroe V. Pape, 365 U.S. 167, 184, 81 S.Ct 473 (1961) And their conducts deprived the plaintiff of Rights, privileges, or immunities secured by the Constitution and laws of the United States. Citing, Parratt V. Taylor, 451 U.S. 527, 101 S.Ct 1908, 1931 (1981).

7) That defendants John Armstrong, et al SEVENTH AFFIRMATIVE DEFENSE is inapplicable in this case were the plaintiff has attached and marked as Exhibits "A", "C", "D", "E", "G", "I", "J", "K", "L", "S", "T", Grievances filed, some unanswered, others denied as sufficient exhaustion, citing, SISNEY v. WYANDOTTE COUNTY DETENTION CENTER, __ F.3d __ (unpublished), 1999 WL 34815 at *1 (10th Cir. 1/28/99) and that documentation of Exhaustion attached and marked as Exhibits "A", "C", "D", "E", "G", "I", "J", "K", "L", "S", and "T", in the Amended Complaint were defendants' failed to replied which should be marked as admitted pursuant under Rule 5(d) F.R.C.P.

8) That defendants John Armstrong et al EIGHTH AFFIRMATIVE DEFENSE is inapplicable in this case were the plaintiff has attached and marked as Exhibit "B" in the Amended Complaint Actual injury due to the denial(s) and obstructions of accessing the Courts which the circumstances suggest that the defendants herein the Complaint Amended being sued had been exposed to information concerning the risk and thus' must have known about it ... citing, FARMER v. BRENNAN, 511 U.S. 825, 837 (1994) and even in a damage suit the plaintiff showing the Court Access system is inadequate, no proof of harm is required were defendants Wanton and Reckless Action of inactions harmed the plaintiff litigation

10 of 13

in direct appeal. citing, <u>Reutcke v. Dahm</u>, 707 F.Supp. 1121, 1129 (D. Neb. 1988)

9) That defendants John Armstrong, et al NINTH AFFIRMATIVE DEFENSE is inapplicable because defendants have admitted to acting under color of state law, citing, <u>Adickes v. S.H. Kress & Co.</u> 398 U.S. 144, 162-69 (1970) were as D.O.C. employees and officials do not enjoy absolute immunity. citing, <u>Young v. Selsky</u>, 41 F.3d 47, 52 (2d Cir. 1994); <u>Cleavinger v. Saxner</u>, 474 U.S. 193, 199, 206 (1985) and supervisory official are personally liable for grossly negligent in managing subordinates who caused the unlawful condition or even obstructing and denying access to the courts where defendants gross negligence and deliberate indifference to the Constitutional rights of the plaintiff by failing to act on information indicating that unconstitutional practices are taking place shall be liable under § 1983. citing, <u>Black v. Coughlin</u>, 76 F.3d 72, 74 (2d Cir. 1996).

11 of 13

RESPECTFULLY SUBMITTED

Luis Fernandez
ID. 279900
M.W.C.I.
1153 East South St.,
Suffield, CT 06080

I declare under the penalty of Perjury that the foregoing is true And Correct to the best of Knowledged.

Signed this 20 day of January, 2004

Luis Fernandez
ID 279900

12 of 13

## CERTIFICATION

This is to Certify that a Copy of the foregoing has been sent, including Changes via mail to the following defendants Attorney this 20th day of January, 2004.

Attorney Robert F. Vacchelli
Ass. Att. Gen.
110 Sherman St,
Hartford, CT 06105

Luis Fernandez
ID. 271900

13 of 13