UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
LUIS FERNANDEZ              :
                            :              PRISONER
     v.                     :   Case No. 3:03CV583(JCH)(HBF)
                            :
JOHN J. ARMSTRONG, et al.   :
```

RULING AND ORDER

In his "Motion for Renew Judgment on Ruling and Order [doc. #28]," plaintiff seeks reconsideration of the court's ruling denying his motion for default. The court denied the motion because defendants had filed their answer before plaintiff's motion reached the court.

Rule 7(c), D. Conn. L. Civ. R., provides that a motion for reconsideration must be filed within ten days from the date of the ruling for which reconsideration is sought. The court filed its ruling denying plaintiff's motion for default on January 23, 2004. Thus, plaintiff had until February 6, 2004, to file this motion. Although plaintiff dated his motion on February 6, 2004, the certification page notes that a copy was mailed to defendants' counsel on February 9, 2004. Thus, plaintiff could not have given this motion to prison officials for mailing before February 9, 2004. Plaintiff's motion [**doc. #39**] is **DENIED** as untimely filed.

Further, even if the motion were timely, it should be denied. Plaintiff correctly states that his motion is deemed filed as of January 9, 2004, the date he gave it to prison

officials for mailing.  See <u>Dory v. Ryan</u>, 999 F.2d 679, 682 (2d Cir. 1993) (Second Circuit has held that a <u>pro</u> <u>se</u> prisoner complaint is deemed filed as of the date the prisoner gives the complaint to prison officials to be forwarded to the court) (citing <u>Houston v. Lack</u>, 487 U.S. 266, 270 (1988)).  Plaintiff argues that because he mailed his motion for default before defendants filed their answer, the court improperly denied his motion.

In opposition, defendants note that the scheduling order entered in this case afforded them until January 21, 2004, to file an answer or motion to dismiss.  Thus, the answer was timely filed and defendants were not in default.  The fact that plaintiff's motion reached the court before defendants' answer is not dispositive here.  Even if no answer had been filed by the time the court considered plaintiff's motion, the motion would have been denied because defendants would not be in default until the deadline established in the scheduling order had passed.

In conclusion, plaintiff's motion for reconsideration [**doc. #39**] is **DENIED**.

**SO ORDERED.**

Entered this <u>18th</u> day of March, 2004, at Bridgeport, Connecticut.

                                                                              /s/
                                  HOLLY B. FITZSIMMONS
                                  UNITED STATES MAGISTRATE JUDGE