UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

Luis Fernandez

v.

Case No. 3:03CV583
(JCH)(HBF)

John J. Armstrong, et al.          April 16, 2004

## PLAINTIFF RENEW MOTION FOR APPOINTMENT OF COUNSEL PRO BONO

The Plaintiff renews Motion for Appointment of Counsel Pro Bono in this case pursuant 28 U.S.C. § 1915(d) and 42 U.S.C. § 1988 were exhibits and exhausted remedies have been submitted in support of the Amended Complaint.

### HISTORY

Following the Amended Complaint against the defendants John J. Armstrong, et al where I.F.P. status has been granted and the plaintiff has demonstrated to this Court for considering Appointment of Counsel Pro Bono the he is unable to afford Counsel and made enough efforts to obtain Assistance of Counsel with respect to this case. See, [doc#9] denied without Prejudice.

### II SPECIFIC FACTS

1. I.L.A.P. has decided not to assist the plaintiff in this case were they might be held liable in

1 of 5

the Coming future regarding this Case were its clearly established defendants John J. Armstrong, et al deprived the plaintiff of federal (guarantee) Rights. Citing BERG V COUNTY OF ALLEGHENY, 219 F.3d 261 (3d Cir. 2000).

2. The Court should consider plaintiff unable to employee Counsel pursuant 28 U.S.C. § 1915 (d) SEE [doc #9] for requesting Counsel Representation. Citing Bounds V. Smith, 430 U.S. 817, 97 S.Ct. 1491 (1977); GORDON V. LEEKE, 574 F.2d 1147, 1153 and N.3 (1978); ALDEBE V. ALDABE, 616 F.2d 1089, 1093 (1980); and LAND V. HUTTO, 467 F. Supp. 562 (E.D.Va. 1979).

3. The Court should Consider Also the Appointment of Counsel where Counsel is Able to explain the Applicable legal principles to the Complainant and limit litigation to potentially meritorious issues. In addition, Appointment of Counsel provides the unlettered plaintiff with an opportunity to obtain the representation equally qualified with the professional Counsel usually provided by the states for the defendants. Citing WRIGHT V. DALLAS COUNTY SHERIFF'S Dept. 660 F.2d 623 (1981), quoting KNIGHTON V. WATKINS, 616 F.2d 759 (5th Cir. 1980); And STRINGER V. ROWE, 616 F.2d 993, 1001 (1980).

4. The Court should Consider the Appointment of Counsel in this Case were the entitle fees to the Attorney Appointed would be determined by the Court and paid by the defendants. 42 U.S.C. § 1988 Citing EHNSLEY V.

2 of 5

ECKENHART, __ U.S. __ 103 S.Ct 933 (1983).

5. The Court should Consider Appointing Pro Bono Counsel in this case do to the plaintiff History of Paranoid disorder And depression infliction which clearly justifies Appropriate An Appointment of Counsel were Colorable Claim has been presented. SEE Ex. 1 Mental Health Evaluation Response. Citing HAMILTON V. LEAVY, 117 F.3d 742, 749 (1997).

6. The Court should Consider in Appointing Counsel for the plaintiff in this case, were the plaintiff is unable to present the case do to the lacking of legal materials, or a jail hous Lawyer Assistance. The Plaintiff has no law school education And As A spanish speaking person the legal issues Are to Complex to litigate himself nor does the Dept. of Connections McDougall provides the plaintiff as pro se litigant with adequate library which prejudice obstructs the plaintiff position to even investigate the crucial facts needed in Arguing the evidence in Claims. Citing SLAVIN V. CURRY, 690 F.2d 446 (1982); STRINGER V. ROWE, supra note 51; Also, MURRELL V. BENNETT, 615 F.2d 306, 311 (1980).

7. The Court should Consider the Complexity of the legal issues raised by the plaintiff for Appointment of Counsel Where the need for Expert witnesses for the Conflicting testimony Requiring skill in presentation of evidence Already Marked as Exhibits A threw T in para 1 threw 16

of the Amended Complaint undisputed and in cross-examinations of D.O.C. ADM. DIR. procedures to the defendants involve in their own regulation violations. Citing BASS V. PERRIN, 170 F.3d 1312, 1320 (1999).

8. The Court should consider the exceptional circumstances from the motion's filed with this Court for Appointment of Counsel and the presentation of D.O.C. ADM. DIR. Cross-examinations of the defendants were credibility of expert witnesses will be at issue in this case. Citing TABIN V. GRACE, 6 F.3d 147, 155-58 (1993); LAVADO V. KEOHANNE, 992 F.2d 601, 606 (1993).

## III LEGAL GROUNDS

This motion is filed pursuant to Civil Right Acts 42 U.S.C. § 1983, 28 U.S.C. § 1915 (d) citing HODGE V. POLICE OFFICERS, 802 F.2d 58, 61 (2d cir. 1986) cert. denied, 502 U.S. 996 (1991); TABRON V. GRACE, 6 F.3d 145, 155-58 (1993); 42 U.S.C. § 1988 and BOUNDS V. SMITH, 430 U.S. 817, 97 S.Ct 1491 (1977), where exceptional circumstances for Appointment Pro Bono Counsel reasonably demostrated and appropriate for the plaintiff justifying merits in this case colorable for the Court to GRANT this motion an appoint counsel.

RESPECTFULLY SUBMITTED

_____
Luis Fernandez  Pro Se
M.C.W.I.
1153 East Street South,
Suffield, CT 06080

## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed to the following defendants Attorney on this 16 day of April, 2004.

Robert F. Vacchelli,
Ass. Att. Gen.
110 Sherman Street,
Hartford, Ct 06105

_____
Luis Fernandez
Pro Se

Ex. 1

HR501 REV.5/94
CONNECTICUT DEPARTMENT OF CORRECTION

# REQUEST FOR MENTAL HEALTH SERVICES

| DATE OF REQUEST | INMATE REQUEST | REFERRED BY/TITLE |
|---|---|---|
| 6/18/01 | Y / N | self |

| INMATE NUMBER | DATE OF BIRTH |
|---|---|
| 279900 | |

| INMATE NAME (LAST, FIRST, INITIAL) | | |
|---|---|---|
| Fernandez, Luis | | |

| SEX | RACE/ETHNIC | FACILITY |
|---|---|---|
| M / F | B W H O | |

**DESCRIBE REASON FOR REQUEST/REFERRAL:**

Depression. Paranoid

See attached

## MENTAL HEALTH SERVICES RESPONSE

| DATE REQUEST RECEIVED | REFERRED TO | DATE CLIENT SEEN | SERVICE PROVIDER/TITLE |
|---|---|---|---|
| 6/08/01 | M-H. | | |

**SERVICE PROVIDED/RESPONSE:**

PR

**SCHEDULE DATE:**   YES ☐   NO ☐

MENTAL HEALTH PROVIDER'S SIGNATURE/TITLE                    DATE