P/A

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

United States District Court
District of Connecticut
FILED AT
4/27/04
By _____

Luis Fernandez            :        PRISONER

                                  Case No. 3:03 CV 583
V.                        :            (JCH)(HBF)

John Armstrong, et al     :        April 16, 2004

PLAINTIFF'S AFFIDAVIT IN OPPOSITION TO
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Luis Fernandez declares under penalty of perjury

1. I am the plaintiff in the above-entitled case. I make this declaration in opposition to defendants' Motion for summary judgment as to their allegations of fact.

2. Defendants claim in their motion that there is no genuine issue as to any material fact and they are entitled to judgment as a matter of law. In reality, there are many facts in dispute.

3. The defendants claim in their motion that the plaintiff was a frequent user of the resource center at the Cheshire Correctional Ins. in Cheshire, CT. In fact, I was denied photocopies of legal documents on 7-23-02 that led to the filing of Emergency grievance level 1 under ADM. Dir. 9.6,

1 of 8

SEE Amended Complaint Attached marked Ex. `C`, but SINCE NO
REVIEW OR remedy was provided to this level 1 Egreivance
I submitted A level `2 on 7-27-02 under ADM. DIR. 9.6
SEE Amended Complaint Attached marked Exhibit `D` and AGAIN
STAFF IGNORED to respond the level 2 Emergency Greivance
NOR provided A REASON for not responding.  I had prior
to July 16, 2002 requested Assistance for library Access
with Inmates V. outlaw #116051 and M. page #106,481 who
were Assisted And I was not while EQUALLY situated. SEE
Amended Complaint Attached marked Exhibit `E` Grievance level
1 per ADM. DIR. 9.6, but NO disposition was provided so I
following policy OR ADM. DIR. 9.6, submitted A level 2
GRIEVANCE on 9-6-02, SEE Amended Complaint Exhibit `F`
Attached marked which NO response was provided. Even,
if I was moved from unit North Blocks to South Blocks
defendants continued to obstruct and place barriers in
Assistance to the library for accessing the courts, SEE Amended
Complaint Exhibit `G` Greivance level 1 date Oct. 8, 2002. The
defendants did not provided A disposition to Greivance level
1 date Oct. 8, 2002 which I filed A level 2 Greivance
per ADM. DIR. 9.6, date Nov. 8, 2002 were NO respond was
provided As well. SEE Amended Complaint Exhibit `H` Attached
marked.  I did further notified the defendants of the
deadline received on Oct. 16, 2002 dated Oct. 11, 2002
for filing brief And EVEN SO NO Adequate OR meaningful
Assistance was provided NOR considered An Emergency
Access Approval were ON 10-29-02 I submitted An
Emergency greivance level 1 per. ADM. DIR. 9.6, complaining
SEE Amended Complaint Attached marked Exhibit `K` NO

Response NOR disposition was provided to correct the problem so I on Nov. 5, 2002 submitted the next level which is a level 2 Emergency Grievance were NO dispositions was provided SEE Amended Complaint Attached marked Exhibit 'L'. Also, defendants Mr. Roby was notified of my deadline and Pro Se status in direct Appeal. SEE Amended Complaint Exhibits 'M', 'N' and 'O' Attached marked. I did mailed a letter notifying of the obstructions and barriers for accessing the Courts were Supervisory Assistant State's Attorney Susan C. Marks responded and forwarded the same to Dept. Chief Clerk Michele T. Angers on August 6, 2002 SEE Amended Complaint Attached Exhibit 'P' marked. Moreover, D.O.C. staffs were notified As the obstructions and barriers placed 'against ME for Accessing the Courts. SEE Amended Complaint Attached marked Exhibit 'Q' and 'R' showing NO investigation was issued. I made all the efforts to get meaningful Assistance or adequate Assistance in accessing the library or Resource Center but it was A continues obstruction and Abuse of Authority barring the access to the Courts that even policy or ADM Directives were being worked to obstruct access to the Courts. SEE Amended Complaint Attached marked Exhibit 'A'.

4. I was moved from housing unit North Block 1 on August 12, 2002 to South Block 6 and from South Block 6 on Oct. 16, 2002 to South Block 1 were each unit has a different schedule some even with only

2 days of library OR Resource Center. Also, every time I was moved from a unit my name could be called but since I was no' longer in the unit I could not go to the library. Where defendants chom of the Plaintiff's housing unit typically was eligible to use the Resource Center 4 days per week is Contradictive.

5. The defendants chom that the Plaintiff could use the typewriter whenever he was in the Resource Center if it was not being used by another inmate. In fact, if the administered process was not being delayed or Obstructed by the defendant Candice Hall then I could had have used one of the 3 good typewriters in the library or Resource Center. SEE Amended Complaint Attached Marked Exhibits `E', `F', `G', `H', `K', `L' and `A'.

6. The defendants chom that typewriters were also available in other parts of the prison from time to time for inmate use. In fact, the unit North block `1' has no typewriter or was not even provided to help meet Court deadline or access to the Courts while I was in this unit North Block `1'. On August 12, 2002 to south Block 6 were there was NO typewriter As to access the Courts. (SEE Exhibit `1' Attached herein Marked.) The South Block 1 typewriter had been broken and the new typewriter was received after the deadline on 11/27/02.

7. The defendants claim in their motion that the Plaintiff signed up to use the Resource Center as often as he could and the defendant Hall approved his access and use of typewriters as often as she could, and she recollects seeing him about every week, often several times a week. In fact, is not disputed the attempts I made to get in the library but is just that even if I am in the library list and defendant Hall does not calls for me I cannot go to the library. Lets assume she defendant Hall calls me to the library but the call was made 10 or 5 minuets after the other units had been called I was not going to be able and use 1 of the 3 (three) typewriters with legal marking or the (fourth) 4th typewriter working do to the other inmates whom as me are required meaningful assistance.

8. The defendants claim in their motion that Plaintiff's material was copied and mailed in accordance with D.O.C. Directive 3.10, 10.7 and 6.10. In fact, the defendants ignored to provide review or disposition to the Grievances filed submitted including Emergency Grievances regarding ADM. 3.10, 10.7 and 6.10 were I had requested assistance pursuant policy an Adm. Directive 9.6. Since I had been denied photocopies and legal envelopes where if acted a unit administrator or designee could have provided meaningful adequate assistance in photocopies and postage. SEE in needed

Complaint Attached marked Exhibits "A", "C", "D", "E", "G" "I", "J", "K", "L", "S" And "T" Grievances filed, Some unanswered, others denied As sufficient Exhaustion.

9. Defendants Claim in their motion that the Plaintiff filed Many grievances on these points and others, And his grievances were ruled upon. In fact, I submitted 12 grievances including Emergency were According to ADM. Dir. 9.6 (10) I may file a grievance if informal Resolution has not resolved the problem and Emergency Grievance are processed by Expedited methods to resolve An issue which presents (1) A threat of death or injury; (2) A threat of disruption of facility operations; OR (3) A need for prompt disposition because the time is lapsing when Meaningful Action OR decision is possible. The Grievances submitted including Emergency Grievances that NO timely response to A level 1 was received, I filed A level 2 Appeal As exhaustion of Remedy According to ADM. Dir. 9.6 (16). SEE Exhibit '2' Inmate Administrative Remedies 9.6 And Exhibit 3 defendants ANSWER to Plaintiff First Request for ADMISSION phnysh. (2).

10. Defendants Claim that the Case which plaintiff Alleges was dismissed due to his lack of Resources was An Asset Forfeiture Case. In fact, the case dismissed was do to All the obstructions and barriers placed by the defendants, I was Pro SE in this Asset Forfeiture direct Appeal At the

Appellate Court.

11. Defendants Claim that Inmate Legal Assistance Program ("LAP") which provides civil legal Assistance to Inmates in All D.O.C. Facilities. In fact, I was told by Inmate Legal Assistance Program that they Cannot Assist me. Further, since in new civil Proceeding Asset forfeiture Cases derive from Criminal I.L.A.P. is ban from Assisting inmates. SEE Ex 4. Attached herein.

12. These factual disputes Cannot be resolved without A trial.

Wherefore, defendants' motion for summary judgment should be denied.

RESPECTFULLY SUBMITTED

Luis Fernandez         PRO SE
M.W.C.I.
1153 East st. south,
Suffield, CT 06080

I declare to the best of Knowledge that the foregoing is true and correct.

April 16, 2004.

Luis Fernandez
PRO SE

7 of 8

## CERTIFICATION

I hereby Certify that a Copy of the foregoing was mailed to the following defendants Attorney on this 16 day of April, 2004.

Robert F. Vacchelli,
Ass. Attorney General
110 Sherman Street,
Hartford, CT 06105

Luis Fernandez
Pro Se

8 of 8





# Inmate Request Form
## Connecticut Department of Correction

CN 9602
Rev. 9/3/02

Inmate Name Luis Fernandez

Inmate no. 279900

Facility Cheshire C. I.

Housing unit SB 631

Date 9/21/03

Submitted to Counselor Gallick

Request is submitted Regarding Assistance with a typewriter to write and complete Motions for the Appellate Court since the Appellate Court only Allows typewriter Motions and Practice Book Rules. Sir, do note that since August, 2002 threw Oct, 2002 while this writer was in this Unit there has not been a typewriter Available to access the Courts and is necessary at this time, Thankyou!

(continue on back if necessary)

**Previous Action Taken**

(continue on back if necessary)

Acted on by (print name) DEFELICE

Title CTO

Action Taken and/or Response We ~~have~~ have ORDERED ONE For THE UNIT. UNTIL THEN you must use ~~TO~~ THE TYPEWRITERS IN THE RESOURCE CENTER.

(continue on back if necessary)

Staff Member Signature

Date 9/22/03

C. C.
Inmate: Luis Fernandez #279900





# Administrative Directives Revision Form
## Connecticut Department of Correction

CN 1305
REV 1/27/03

| Number | 9.6 | Title | Inmate Administrative Remedies |
|---|---|---|---|

Summary of revisions:

The title of the Administrative Directive has changed to Inmate Administrative Remedies

Section 2(J) added the reference 10.7, Inmate Communication

Section 10(H) added to reflect new form CN 9605, Inmate Grievance Withdrawal

| Revisions are: | ☑ Modification | | ☐ Recision |
|---|---|---|---|

| Approved | | Date | 3/5/03 |
|---|---|---|---|

| DIRECTIVE NO. | EFFECTIVE DATE | PAGE OF | |
|---|---|---|---|
| 9.6 | March 5, 2003 | 2 | 9 |
| TITLE | Inmate Administrative Remedies | | |

F.   Unit Administrator. The person in charge of a unit specified in (E) above.

4.   Notice.

A.   The Inmate Grievance Procedure shall be published in English and Spanish. Each inmate, direct contact employee and direct contact contractor shall be issued a written summary of the Inmate Grievance Procedure upon initial contact with the Department. An inmate whose primary language is Spanish shall receive a copy written in Spanish. Appropriate provision shall be made for those who do not read, speak or understand English and Spanish. Inmates who are impaired or disabled shall receive assistance as necessary.

B.   English and Spanish copies of the Inmate Grievance Procedure shall be available in each inmate library and shall be provided to an inmate upon request.

C.   An inmate shall receive oral instruction about the inmate Grievance Procedure, filing of a grievance and obtaining grievance forms. This instruction shall encourage questions and take place as part of the orientation curriculum, not later than two (2) weeks after admission.

D.   Staff shall receive oral instruction regarding the Inmate Grievance Procedure during orientation training and upon assignment to a new unit.

E.   Upon transfer, an inmate shall be informed of the Inmate Grievance Procedure at the receiving unit.

5.   Access. Each inmate in the Department's custody shall have access to the Inmate Grievance Procedure. Special provisions shall be made to ensure access for the impaired or disabled, illiterate or those with language barriers.

A.   Any inmate who needs assistance in using the Inmate Grievance Procedure shall receive assistance upon request.

B.   Access shall only be limited as a result of abuse of the Inmate Grievance Procedure in accordance with Section 19 below or failure to comply with the process.

6.   Administrative Remedies. The following section provides the administrative remedy for a particular matter.

A.   Grievance. With the exception of matters that are otherwise enumerated in subsection (B) and (C), below, the grievance process must be utilized for the following matters:

1.   The interpretation and application of policies, rules and procedures of the unit, division and Department.

2.   The existence or substance of policies, rules and procedures of the unit, division and Department in accordance with Section 13 below.

3.   Individual employee and inmate actions including any denial of access of inmates to the Inmate Grievance Procedure other than as provided herein.



| DIRECTIVE NO. 9.6 | EFFECTIVE DATE March 5, 2003 | PAGE OF 2    9 |
|---|---|---|
| TITLE | Inmate Administrative Remedies | |

    F.    <u>Unit Administrator</u>.  The person in charge of a unit specified in (E) above.

4.    <u>Notice</u>.

    A.    The Inmate Grievance Procedure shall be published in English and Spanish.  Each inmate, direct contact employee and direct contact contractor shall be issued a written summary of the Inmate Grievance Procedure upon initial contact with the Department. An inmate whose primary language is Spanish shall receive a copy written in Spanish.  Appropriate provision shall be made for those who do not read, speak or understand English and Spanish.  Inmates who are impaired or disabled shall receive assistance as necessary.

    B.    English and Spanish copies of the Inmate Grievance Procedure shall be available in each inmate library and shall be provided to an inmate upon request.

    C.    An inmate shall receive oral instruction about the Inmate Grievance Procedure, filing of a grievance and obtaining grievance forms. This instruction shall encourage questions and take place as part of the orientation curriculum, not later than two (2) weeks after admission.

    D.    Staff shall receive oral instruction regarding the Inmate Grievance Procedure during orientation training and upon assignment to a new unit.

    E.    Upon transfer, an inmate shall be informed of the Inmate Grievance Procedure at the receiving unit.

5.    <u>Access</u>.  Each inmate in the Department's custody shall have access to the Inmate Grievance Procedure.  Special provisions shall be made to ensure access for the impaired or disabled, illiterate or those with language barriers.

    A.    Any inmate who needs assistance in using the Inmate Grievance Procedure shall receive assistance upon request.

    B.    Access shall only be limited as a result of abuse of the Inmate Grievance Procedure in accordance with Section 19 below or failure to comply with the process.

6.    <u>Administrative Remedies</u>. The following section provides the administrative remedy for a particular matter.

    A.    <u>Grievance</u>. With the exception of matters that are otherwise enumerated in subsection (B) and (C), below, the grievance process must be utilized for the following matters:

        1.    The interpretation and application of policies, rules and procedures of the unit, division and Department.

        2.    The existence or substance of policies, rules and procedures of the unit, division and Department in accordance with Section 13 below.

        3.    Individual employee and inmate actions including any denial of access of inmates to the Inmate Grievance Procedure other than as provided herein.

| DIRECTIVE NO. | EFFECTIVE DATE | PAGE OF | |
|---|---|---|---|
| 9.6 | March 5, 2003 | 4 | 9 |

| TITLE | |
|---|---|
| Inmate Administrative Remedies | |

8.    <u>Administrative Provisions</u>.  Each Unit Administrator shall establish unit directives consistent with the Inmate Grievance Procedure and the type of unit, which shall include at a minimum:

    A.    The designation of a staff person, to be known as the Grievance Coordinator, whose scope of authority and responsibility shall be defined by the Unit Administrator.

    B.    Notification procedures to inmates of the name of the Grievance Coordinator.

    C.    Provision for adequate numbers of collection boxes at various unit locations for the deposit of grievances. Units shall provide locked boxes for depositing grievances.

    D.    Procedures for the regular and timely collection and appropriate logging of grievances.

    E.    Procedures for the prompt handling of all emergency grievances.

    F.    Procedures to assure that no employee or inmate shall participate in the resolution of a grievance in which the employee or inmate is allegedly involved.

    G.    Procedures to provide notice of and access to the Inmate Grievance Procedure for all inmates including the impaired, disabled, illiterate and those with language barriers.

9.    <u>Informal Resolution</u>.  An inmate shall attempt to seek informal resolution, in writing, through the use of the Inmate Request Form CN 9602, prior to filing an inmate grievance. A clear statement of the problem and action requested should be written by the inmate and sent to the appropriate <u>unit Department Head or employee</u>. Inmate Request Forms shall be available in all units. Response to the inmate shall be made within 15 calendar days from receipt of the request. The Unit Administrator shall post in each housing unit a list of staff members to whom Inmate Requests should be addressed for each of the grievable subjects.

10.    <u>Filing a Grievance</u>.  An inmate may file a grievance if Informal Resolution has not resolved the problem. The inmate shall attach the Inmate Request Form CN 9602, containing the appropriate staff member's response, to the Inmate Grievance Form which requirement may be waived for an emergency grievance. If the inmate was unable to obtain a blank Inmate Request Form, did not receive a timely response to the Inmate Request, or for a similar valid reason, the inmate shall include an explanation as to why the Inmate Request Form is not attached. A grievance shall be filed in accordance with the following provisions:

    A.    A grievance must be filed, in writing, on the Inmate Grievance Form CN 9601/1 or CN 9601/2. Grievance forms shall be readily accessible to inmates.

    B.    Each grievable matter shall be submitted on a separate Inmate Grievance Form.

    C.    The grievance and the action requested should be stated simply and coherently.

    D.    The length of the grievance shall be restricted to the space available on the face of the grievance form and one (1) additional 8 1/2 x 11 inch page.

| DIRECTIVE NO. 9.6 | EFFECTIVE DATE March 5, 2003 | PAGE OF 5    9 |
|---|---|---|

| TITLE | Inmate Administrative Remedies |
|---|---|

    E.    The grievance shall be free of obscene or vulgar language or content.

    F.    The grievance must be filed by an inmate who is personally affected by the grievance subject and shall not be filed by one (1) inmate on behalf of another.

    G.    The grievance must be filed within 30 days of the occurrence or discovery of the cause of the grievance, except for grievances regarding property, which must be filed within one (1) year of the discovery or within three (3) years of the occurrence.

    H.    A repetitive grievance may not be filed by the same inmate when a final response has been provided and there has been no change in any circumstances that would affect the response; or when the initial grievance is still in process.

    An inmate may choose to withdraw a grievance.  A grievance withdrawal must be filed in writing in accordance with the Inmate Grievance Withdrawal form CN 9605.

    A grievance may be returned without disposition to the inmate for failure to attempt Informal Resolution, or to adequately explain why a response to the Inmate Request Form is not attached, or for failure to comply with the provisions of subsections A through E above. "Returned without disposition" means that the grievance has not been properly filed; it may be re-filed when the error is remedied.

11.    Rejection of Grievances.  Any grievance which does not meet the criteria specified in Sections 6(A), 10(F), 10(G) or 10(H) of the Inmate Grievance Procedure may be rejected.

12.    Grievance Appeals.  For the exception of grievances that have been rejected having to do with issues beyond the Department's control such as state and federal laws, court decisions and other agency decisions, a grievance that is denied or rejected may be appealed to the next level as provided for in Sections 16 and 17.  All grievances, regardless of level, including appeals, should be deposited in the Grievance Box for the Grievance Coordinator, to ensure proper tracking and filing of all matters. A grievance returned without disposition due to a failure to comply with the procedural requirements of Sections 9 and 10(A) through 10(E) may not be appealed.

    With the consent of the grievant, a reviewer may extend the time limit for a response up to 15 days using the Request for Time Extension Form, CN 9603.  A grievant may request a time extension of up to 15 days to file an appeal by sending a written Inmate Request Form to the Grievance Coordinator. A request by the grievant may be granted at the discretion of the reviewer to whom the appeal is to be sent.

13.    Appropriate Review.  A grievance about a matter that is beyond the authority of lower level(s) of review may be sent by the lower level reviewer directly to the appropriate level of review.  In such case the time limit(s) of the lower level(s) shall be combined with the time limit of the appropriate review level and the grievant shall be notified of the review process and of the time frame for response.  If the

| DIRECTIVE NO. | EFFECTIVE DATE | PAGE OF | |
|---|---|---|---|
| 9.6 | March 5, 2003 | 5 | 9 |

| TITLE | |
|---|---|
| Inmate Administrative Remedies | |

E. The grievance shall be free of obscene or vulgar language or content.

F. The grievance must be filed by an inmate who is personally affected by the grievance subject and shall not be filed by one (1) inmate on behalf of another.

G. The grievance must be filed within 30 days of the occurrence or discovery of the cause of the grievance, except for grievances regarding property, which must be filed within one (1) year of the discovery or within three (3) years of the occurrence.

H. A repetitive grievance may not be filed by the same inmate when a final response has been provided and there has been no change in any circumstances that would affect the response; or when the initial grievance is still in process.

An inmate may choose to withdraw a grievance. A grievance withdrawal must be filed in writing in accordance with the Inmate Grievance Withdrawal form CN 9605.

A grievance may be returned without disposition to the inmate for failure to attempt Informal Resolution, or to adequately explain why a response to the Inmate Request Form is not attached, or for failure to comply with the provisions of subsections A through E above. "Returned without disposition" means that the grievance has not been properly filed; it may be re-filed when the error is remedied.

11. <u>Rejection of Grievances</u>. Any grievance which does not meet the criteria specified in Sections 6(A), 10(F), 10(G) or 10(H) of the Inmate Grievance Procedure may be rejected.

12. <u>Grievance Appeals</u>. For the exception of grievances that have been rejected having to do with issues beyond the Department's control such as state and federal laws, court decisions and other agency decisions, a grievance that is denied or rejected may be appealed to the next level as provided for in Sections 16 and 17. All grievances, regardless of level, including appeals, should be deposited in the Grievance Box for the Grievance Coordinator, to ensure proper tracking and filing of all matters. A grievance returned <u>without disposition due to a failure to</u> comply with the procedural requirements of Sections 9 and 10(A) through 10(E) may not be appealed.

With the consent of the grievant, a reviewer may extend the time limit for a response up to 15 days using the Request for Time Extension Form, CN 9603. A grievant may request a time extension of up to 15 days to file an appeal by sending a written Inmate Request Form to the Grievance Coordinator. A request by the grievant may be granted at the discretion of the reviewer to whom the appeal is to be sent.

13. <u>Appropriate Review</u>. A grievance about a matter that is beyond the authority of lower level(s) of review may be sent by the lower level reviewer directly to the appropriate level of review. In such case the time limit(s) of the lower level(s) shall be combined with the time limit of the appropriate review level and the grievant shall be notified of the review process and of the time frame for response. If the

| DIRECTIVE NO. | EFFECTIVE DATE | PAGE OF |
|---|---|---|
| 9.6 | March 5, 2003 | 8    9 |
| TITLE | Inmate Administrative Remedies | |

A determination of abuse shall be made in writing and shall stipulate the restriction(s) imposed and its duration. Restrictions may include:

1. total denial of access to the grievance procedure except for an emergency grievance or a grievance relating to the inmate's property as specified in Administrative Directive 6.10, Inmate Property;
2. a limitation on the number of grievances that may be filed; and
3. a restriction as to the subject matter that may be grieved.

A determination of abuse may be appealed to the next highest level of review.

20. **Records.**

   A. **Description.**

      1. **Grievance File.** A grievance file shall be maintained at each level for each grievance. The grievance file shall include a copy of the grievance, each response, and any supporting documents submitted in support of the grievance, presented during investigation, or relied upon in the decision.
      2. **Grievance Log.** The Grievance Log, CN 9604, shall be maintained at each level and shall include the name and number of the grievant, the dates of initial receipt and of the response at that level, a brief description of the problem and the disposition.

   B. **General Requirements.**

      1. Each unit shall use the grievance log format and the Inmate Grievance Form.
      2. The grievance file and the grievance log shall be systematically maintained by the Grievance Coordinator.
      3. Each grievance log shall be retained as the official record and for data collection purposes.
      4. A monthly report shall be provided to the Unit Administrator to include:

         a. the number of level 1, 2 and 3 grievances filed for the previous month;
         b. the level 1 grievances categorized by issue as enumerated in Section 6, above; and
         c. the kind and number of dispositions for the previous month.

   C. **Retention.** The Grievance logs and each completed grievance shall be maintained at the unit for a minimum of five (5) years following final disposition of the grievance.
   D. **Restriction.** No copy of a grievance or adverse reference to any grievance shall be placed in an inmate's master file.

| DIRECTIVE NO. | EFFECTIVE DATE | PAGE OF | |
|---|---|---|---|
| 9.6 | March 5, 2003 | 7 | 9 |

| TITLE | |
|---|---|
| Inmate Administrative Remedies | |

    D.    Appeals for which a timely response to a Level 2 grievance is not received. If a timely response to a Level 2 grievance is not received an inmate may appeal to Level 3 one (1) day after the authorized time limit expires. An appeal to Level 3 must be submitted within five (5) calendar days of receipt of a Level 2 decision.

The Level 3 review shall be made by the Commissioner or designee. The response shall be in writing, within 30 days, and shall include a statement of the remedy for a grievance, which is upheld, compromised or of the reason a grievance is denied or rejected. Level 3 shall be the final level of appeal for all grievances.

18.    **Emergency Grievance**.

    A.    <u>Identification</u>. An inmate filing an emergency grievance must plainly mark the grievance as "Emergency".

    B.    <u>Expedited Process</u>. Each Unit Administrator shall develop unit directives for handling emergency grievances, including procedures for assessing the emergency and expediting resolution, or forwarding the grievance without delay to the decision-maker who can resolve the matter.

    C.    <u>Time Limits</u>. An emergency grievance that requires action within the unit shall receive a response within eight (8) hours followed by a written response within three (3) business days. An emergency grievance that requires substantive response beyond the unit or that is appealed to Level 2 or Level 3 shall receive a response in two (2) business days and a written response in five (5) business days. An emergency grievance that will be mooted by the passage of time specified for emergency grievances shall normally receive a verbal or other response prior to that time.

    D.    <u>Records</u>. Following notification of the Unit Administrator, the grievance shall be recorded in accordance with the provisions for other grievances except it shall be denoted as an emergency.

    E.    <u>Rejection</u>. If a grievance submitted as an emergency is ruled at any level not to be an emergency, it shall be returned to the grievant stating that the grievance is not an emergency and the reasons why. The response shall indicate that the grievance may be resubmitted as a regular grievance. No emergency grievance shall be rejected solely for failure to follow the procedures in the Inmate Grievance Procedure and any unit directives.

19.    <u>Abuse</u>. Abuse of the Inmate Grievance Procedure shall be determined by the Unit Administrator. An inmate may be deemed to be abusing the grievance procedure if any of the following conditions are met:

    A.    An inmate files more than seven (7) grievances in any 60 day calendar period;

    B.    An inmate files repetitive grievances addressing the same issue when sufficient time for response has not elapsed or when a valid response has been provided;

    C.    An inmate files harassing grievances; and

    D.    An inmate files an emergency grievances for a non emergency after having been warned of such a practice.

| DIRECTIVE NO. 9.6 | EFFECTIVE DATE March 5, 2003 | PAGE OF 9    9 |
|---|---|---|
| TITLE | Inmate Administrative Remedies | |

E.    <u>Confidentiality</u>.  The confidentiality of the contents of the grievance file, the grievance log, and any record of an inmate's participation in any grievance proceeding shall be maintained in accordance with the existing state statutes and regulations.  All files shall be maintained in a locked cabinet not accessible to any person other than the Grievance Coordinator or Level 1 reviewer.  Grievance Coordinators involved in the disposition of a grievance shall have access to records and information essential to the resolution of the grievance. This section shall not be cause for immunity from disciplinary action based on statements made in a grievance.

21.    <u>Reprisal Against Staff</u>.  No staff member who participates in the resolution of a grievance shall be affected negatively for participation in the solution of a grievance.

22.    <u>Reprisal Against Inmates</u>.  In accordance with Administrative Directive 2.17, Employee Conduct, no inmate shall suffer negative consequences such as denial or limitation of access to any privilege, service or program offered by the unit either formally or informally for good faith use or participation in the Inmate Grievance Procedure.

23.    <u>Monitoring and Evaluation</u>.  The Unit Administrator shall conduct an evaluation of the Inmate Grievance Procedure in May of each year. Inmates and employees shall be afforded an advisory role in the evaluation, which shall include a review of both the effectiveness and credibility of the Inmate Grievance Procedure and recommendations for revision. An annual report for each fiscal year shall be presented to the Commissioner by September 1 of each year.  The report shall include the findings and recommendations of the evaluation process, statistical data regarding the number and type of grievances, types of dispositions and level of disposition, sample responses from each level, remedies granted, and evidence of compliance with time limits at each level of decision.

24.    <u>Exceptions</u>.  Any exception to the procedures in this Administrative Directive shall require prior written approval from the Commissioner.



UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

Luis Fernandez

           :        PRISONER
           Case No. 3:03 CV 583
           :        (JCH)(HBF)

V.

           :    March 9, 2004

John Armstrong, et al

**DEFENDANTS' ANSWERS TO PLAINTIFF'S**

# FIRST REQUEST FOR ADMISSIONS

Plaintiff Requests pursuant under Rule 36, F.R.C.P.,
the defendants to make the following Admissions
within 30 days after service of this Request.
(Attach page if necessary space and be specific).

1. The Grievance level 1, 2 and 3 are process by fist,
the Inmate places the Grievance in a box were the
name Grievance is marked in the out-side of the box
locked in the hull way or in the Housing Units, Second
the Grievance Coordinator staff Collects' the Grievances
for processing a number is given to this document
for loging, third the Warden or Acting Warden makes
a review Signing-off the Grievance decision.
RESPONSE:      **See Attachment A.**

1 of 3

2. The CHESHIRE DEPARTMENT OF CORRECTIONAL Ins. policy about the GRIEVANCE PROCEDURES is Contained in Administrative Directive 9.6, Policy.
RESPONSE:    **See Attachment A.**

3. The CHESHIRE DEPARMENT CORRECTIONAL Ins. Library is ACCESSEd threew Regular Request forms (CN 9602) pursuant Administration Directives 9.6, policy and Emergency ACCESS Request form Approval by the Unit Manager And Librarian OR Unit Manager, Librarian and A Major.
RESPONSE:    **See Attachment A.**

4. The Library OR RESOURCE Center from Cheshire Department of Correctional Insl. use of Typewriters) Consist of first Come first serve policy.
RESPONSE:    **See Attachment A.**

2 of 3

5. Plaintiff while Confined in Cheshire Department of Correctional Inst. did not present an immediate Risk of death or injury to any person, escape, or destruction of property.

<u>RESPONSE</u> :      See Attachment A.

<u>RESPECTFULLY SUBMITTED</u>

Luis Fernandez      <u>Pro se</u>
M. W. C. I.
1153 East Street South,
Suffield, CT 06080

<u>CERTIFICATION</u>

I hereby Certify that a Copy of the foregoing was mailed to the following on this 9th day of March, 2004.

Robert F. Vacchelli,
Ass. Att. Gen.
110 Sherman St.,
Hartford, CT 06105

3 of 3

**ATTACHMENT A**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| | | PRISONER |
| LUIS FERNANDEZ | : | CIVIL NO. 3:03CV583 (JCH)(HBF) |
| v. | : | |
| JOHN ARMSTRONG, ET AL. | : | MARCH 31, 2004 |

**DEFENDANTS' ANSWERS TO PLAINTIFF'S**
**FIRST REQUEST FOR ADMISSIONS**

1. Denied. The grievance procedure is set forth in DOC Directive 9.6.

2. Admit.

3. Denied.

4. Admit.

5. Denied.

DEFENDANTS
John Armstrong, et al.

RICHARD BLUMENTHAL
ATTORNEY GENERAL

BY: _____
Robert F. Vacchelli
Assistant Attorney General
110 Sherman Street
Hartford, CT 06105
Federal Bar #ct05222
E-Mail: robert.vacchelli@po.state.ct.us
Tel.: (860) 808-5450
Fax: (860) 808-5591

## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed to the following on this 31st day

of March, 2004:

Luis Fernandez, Inmate No. 279900
MacDougall-Walker Correctional Institution
1153 East Street South
Suffield, CT  06080

Robert F. Vacchelli
Assistant Attorney General

2



**LAW OFFICES**
**OF**
**SYDNEY T. SCHULMAN**

Administrative Director
Sydney T. Schulman, Esq.

**INMATES' LEGAL ASSISTANCE PROGRAM**

Managing Attorney
Jane Starkowski

Staff Attorneys
Richard P. Cahill
Peter Downs
Jessica J. York
Michael A. Rubino, Jr.
Kenneth J. Speyer
Foye A. Smith
Jenna M. Edmundson

September 26, 2002

Luis Fernandez
#279900
Cheshire CI
900 Highland Avenue
Cheshire, CT 06410

Dear Mr. Fernandez:

This letter is written in response to your letter dated September 12, 2002, which was received at ILAP on September 18, 2002. As you are aware, the terms of the contract between ILAP and the State of Connecticut limit this office to providing advice as to process and procedure, as well as on preparation of documents, in civil cases only. Since the cases you requested are criminal, ILAP cannot assist you.

You should address your questions to your private criminal attorney, if you have one, or the Office of Public Defenders. Your criminal attorney is better qualified to answer your questions and help you prepare your case.

Should you require future legal research with any civil matter, please do not hesitate to contact ILAP at the address provided below.

Sincerely,

Katrina Vallett, Paralegal/Secretary

Jenna Edmundson, Staff Attorney

78 OAK STREET • P.O. BOX 260237 • HARTFORD, CT 06126-0237 • TEL. (860) 246-1118 • FAX (860) 246-1119
TOLL FREE NUMBER 1-800-301-ILAP