UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

Luis Fernandez         :

V.                     :        Case No. 3:03CV583
                                (JCH)(HBF)

John Armstrong, et al. :        April 16, 2004

## PLAINTIFF'S MOTION OPPOSING STATEMENT TO DEFENDANTS' LOCAL RULE 56(A)(1) STATEMENT

The Plaintiff, Luis Fernandez, Pro Se and pursuant to Rule 56(A)(2), submits the following opposing statement disputing major facts and defendants conceded facts in Local Rule 56(A)(1) statement that would be determined at trial.

1. The plaintiff is currently in custody of the Department of Corrections of McDougall-W.C.I. in Suffield, CT after being transferred from Cheshire C.I. in Cheshire as defendants attempt to 'moot' the injunction relief requested in the Amended Complaint.

2. The plaintiff is serving a nonviolent crime sentence currently were after sentence he was transferred from Walker Correctional Ins. in Suffield to Cheshire C.I. at Cheshire CT on Nov. 9, 2001 approx 9:00 PM - Friday.

3. The plaintiff Amended Complaint consist of attached marked Exhibits "A" threw "T" in the factual paragraphs 1 threw 16 and some with case citing in support. (SEE, Plaintiff Amended Complaint).

4. The plaintiff is <u>not</u> a threat to the Departments of Correctional in Connecticut <u>NOR</u> a safety or a security problem to a staff or an inmate.

5. The plaintiff while currently in Cheshire D.O.C. in Cheshire, Conn. where he was currently incarcerated and denyed access to the courts in a direct appeal were he was Pro Se by obstruction and barriers placed ignoring remedies and meaningful adequate assistance for absolutly no reason at all. (SEE Plaintiff's Affidavit in opposition to Defendants Motion for Summary Judgment).

6. The Dept. of Correctional CHESHIRE Resource Center or Library while the plaintiff was currently held there, only had 4 typewriters which 3 had legal marking and one did not. (SEE Plaintiff Affidavit and amended complaint).

7. The plaintiff was continuesly being called to the library 10 to 5 minutes late when ever he had been losted for library. (SEE Plaintiff Affidavit and Amended Complaint).

8. The Resource Center or library was being opened for every other inmate except the plaintiff. (see plaintiff Affidavit and Amended Complaint Ex 'E').

9. Defendants took upon themselfs not to follow Policy or ADM. Directive 9.6. (see Plaintiff Affidavit and Amended Complaint).

10. On about August 19, 2002 the plaintiff filed a request to defendant Major Mr. Farrell Complaining of the intentional obstruction when the plaintiff had been Approved Emergency Access of 15 days period but was only Allowed 2 days. (see, plaintiff Amended Complaint).

11. The defendant Librarian Ms. Candice Hall did not made effort to correct and true to provide Adequate Assistance for the plaintiff to Access the Courts. (see Plaintiff Affidavit and Amended Complaint paragraph 4).

12. Inmates Legal Assistance was Also contacted via telephone regarding the requested Grievance forms. (see Plaintiff Amended Complaint paragraph 4).

13. The Inmate Grievance Level 1 date Oct. 8, 2002 And Grievance Level 2 & 3 date Nov. 8, 2002 were not provided a Remedy. (see Plaintiff Amended Complaint paragraph 4).

14. The plaintiff was denied meaningful assistance when defendants Counselor Beth Hallewu, C.S. Bartholomew and C.S./U.M. Hanna denied to assist with materials for accessing the Courts. (see Plaintiff Amended Complaint paragraph 5).

15. The D.O.C. ADM. Dir. 10.7, 6.10 and 3.10 were not applyed were the plaintiff requested assistance reasonably according Administration Dir. and policy because the plaintiff had filed prior grievences concerning the on going obstruction to access the Courts. (see Plaintiff Amended Complaint para. 6).

16. Furthermore, the plaintiff continued making every effort to file the required brief in the Foust direct Appeal were defendants R. Brozozwski, Ms. Hall, Mr. Muniz, Ms. Ahmed, And H. Rodriguez obstructed access to the Library and placed barriers in assisting with alternative sources for accessing the Courts in meaningful way when defendants had been informed of the deadline for filing the brief. (see Plaintiff Amended Complaint paragraph 7), and failed to respond to the request and grievances submitted further denied a legal call.

17. Even were the plaintiff Appealed an Emergency or line of Grievance under ADM. Dir. 9.6, grievance procedures no review or not even a dispostion would be returned by either the defendant Warden H. Rodriguez or the Commissioner John Armstrong for Level 2 & 3 procedures per. ADM. Dir. 9.6. (see Plaintiff Amended Complaint Exhibit A thru T in the paragraph 1-16)

18. The plaintiff on 8/30/02 was called to see defendant Mr. Roby who was handed a Request concerning Defendant Candace Hall prejudice. A copy was made of the plaintiff pro se statuts in Appellate Court and notified defendant Mr. Roby of the obstructions and barriers to access the Courts. (see plaintiff Amended Complaint paragraph 9).

19. Moreover, the Plaintiff provided Notice to the state regarding the obstruction of library for Accessing the Courts by mail to Supervisory Ass. State's Attorney Susan C. Marks who forwarded the same to Deputy Chief clerk Michele T. Angers. (see Plaintiff Amended Complaint paragraph 10).

20. Also, defendant Mr. Knight was informed of the plaintiff obstructions in Meaningful Adequate Assistance for Accessing the Courts. (see Plaintiff Amended Complaint paragraph 11).

21. The plaintiff did in fact while notifying defendant Knight of the obstruction the same was submitted to defendant Ms. Candace Hall which was not disputed. (see plaintiff Amended Complaint paragraph 12).

22. Then on Nov. 4, 2002, the plaintiff was denied to make a legal call or privilage call which Memorandum by defendant John Armstrong and ADM. Dir. 10.7 allows to make. (see plaintiff

Amended Complaint paragraph 13).

23. The plaintiff who was denied a legall call to have a meaningful opportunity to access the paralegal in the Appellate Case who could had consented to an extension of time in the filing of the brief for direct Appeal were defendants inaction would harm or injured the plaintiff as Pro Se in Direct Appeal. (see Plaintiff Amended Complaint paragraph 14).

24. The defendants did not followed Policy and ADM. Directives were there is no rationally related to a legitimate government purpose nor did diligently or meaningfuly assisted the plaintiff with materials, adequate Library access, and legal call for accessing the Courts extended to direct Appeals. (see plaintiff Amended Complaint paragraphs 15 & 16).

RESPECTFULLY SUBMITTED

Luis Fernandez  Pro Se
M.W.C.I.
1153 East Street South
Suffield, CT 06080

## CERTIFICATION

I hereby Certify that a copy of the foregoing was mailed to the following defendants Attorney on this 16 day of April, 2004.

Robert F. Vacchelli,
Assistant Attorney Gen.
110 Sherman street,
Hartford, CT 06105

Luis Fernandez
Pro SE