UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

LUIS FERNANDEZ           :

V.                       :           CASE NO. 3:03CV583
                                     (JCH)(HBF)

JOHN ARMSTRONG, et al    :           April 16, 2004

## PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

This Action is by State Prisoner, 42 U.S.C. § 1983, and Jurisdiction Also is invoked pursuant to 28 U.S.C. § 1343 (A)(3), for deprivation of 6th, 5th, First, Fourteenth And Eighth Amendment Rights Privileges And/or immunities Secured by the Constitution And Laws Caused by persons Acting under color of law. The defendants while Acting under color of law obstructed the plaintiff of Meaningful Reasonable Adequate Assistance for Accessing the Court by depriving Materials, Legal Call, And Assistance with Accessing A typewriter to meet A deadline in A direct Appeal As well As the failing to promulgate Administrative Directives And/or D.O.C. Policy.

The Plaintiff's Rely's on evidence sufficient to Support A Jury Verdict in his favor because:

1 of 29

1. The eleventh Amendment <u>does not</u> bar either injunctive or damages suits against individual officials or prison employees. Also, eleventh Amendment <u>does not</u> bar this action against the defendants in their official capacities for violation of Prison Regulations which weigh against immunity.

2. Prospective Relief are not suits against the state permits the use of § 1983 when such relief is sought.

3. The Court may also grant injunctive relief if a real and immediate threat exists that the plaintiff will be the victim of an unconstitutional action.

4. The plaintiff has exhausted Administration Remedies in the Complaint stated claims upon which relief may be granted.

5. The defendants participation or responsibility are demostrated in interference with access to the Courts.

6. The defendants qualified immunity is inapplicable in this case.

7. The District Court has Jurisdiction in this case.

## SPECIFIC FACTS

The plaintiff is currently in custody of the Department of Corrections of McDougall W.C.I. in Suffield, CT. After being transferred from Cheshire C.I in Cheshire, CT as defendants attempt to 'moot' the injunction relief requested in the Amended Complaint. Plaintiff Statement para 1. The plaintiff is serving a none violent crime sentence currently were after sentence he was transferred from WALKER C.I in Suffield to Cheshire C.I in Cheshire, CT on Nov. 9, 2001 Approx. 9:00 pm - Friday. Plaintiff Statement para 2. The Plaintiff Amended Complaint Consist of Attached marked Exhibits 'A' threw 'T' in the factual paragraphs '1' threw 16 and some with case citing in support. Plaintiff Statement para 3. The plaintiff is not a threat to the Departments of Correctionals in Connecticut NOR a safety or a security problem to a staff or an inmate. Plaintiff Statement para 4. The plaintiff while currently in Cheshire D.O.C. in Cheshire, CT where he was currently incarcerated and denyed access to the courts in a direct appeal were he was Pro se by obstruction and barriers placed ignoring remedies and meaningful adequate Assistance for absolutly no reason at all. Plaintiff Statement para 5. The Dept. of Correctional CHESHIRE Resource Center or Library while the plaintiff was currently held there, only had 4 typewriter's which 3 had legal marking and one did not. Plaintiff Statement para. 6. The plaintiff was continuesly being called to the library 10 to 5 minutes late

when ever he had been listed for Library. Plaintiff Statement para 7. The resource Center or Library was being opend for every other inmate except the plaintiff. Plaintiff Statement para 8. Defendants took upon them selfs not to follow Policy or ADM. Directive 9.6. Plaintiff Statement para 9. On About August 19, 2002 the plaintiff filed a request to defendants Major Mr. Fannell complaining of the intentional obstruction when the plaintiff had been Approved Emergency Access of 15 days period but was only allowed 2 days. Plaintiff statement para 10. The defendant Librarian Ms. Candace Hall did not made effort to Correct and tried to provide adequate Assistance for the plaintiff to Access the Courts. Plaintiff statement para 11. Inmate Legal Assistance was also contacted via telephone regarding the requested Grievance forms. Plaintiff statement para 12. The Inmate Grievance level 1 date Oct 8, 2002 and Grievance level 2 & 3 date Nov. 8, 2002 were not provided a remedy. Plaintiff statement para 13. The plaintiff was denied meaningful Assistance when defendants Counselor Beth Hallenn, C.S. Bartholomew and C.S./U.M. Hanna denied to Assist with materials for Accessing the Courts. Plaintiff Statement para 14. The D.O.C ADM. Dir. 10.7, 6.10 and 3.10 were not applyed were the plaintiff requested Assistance reasonably according Administration Directive and Policy. because the plaintiff had filed prior Grievences concerning the on going obstruction to access the Courts. Plaintiff statement para 15. Furthermore, the plaintiff continued making every effort to file the

4 of 29

required brief in the first direct appeal were defendants R. Brzozowski, Ms. Hall, Mr. Munoz, Ms. Ahmed and H. Rodriguez obstructed access to the library and placed barriers in assisting with alternative sources for accessing the Courts in meaningful way when defendants had been informed of the deadline for filing the brief. Plaintiff statement para 16. Even were the Plaintiff appealed Emergency or Love of Grievance under ADM. Dir. 9.6, grievance procedures, no review or not even a disposition would be returned by either the defendant WARDEN H. Rodriguez or the Commissioner John Armstrong for level 2 & 3 procedures per. ADM. Dir. 9.6. Plaintiff Statement para 17. The plaintiff on 8/30/02 was called to see defendant Mr. Roby who was handed request concerning defendant Candace Hall prejudice. A copy was made of the plaintiff pro se statuts in Appellate Court and notified defendant Mr. Roby of the obstruction and barriers to access the Courts. Plaintiff Statement para 18. Moreover, the plaintiff provided notice to the state regarding the obstruction of Library for accessing the Courts by mail to Supervisory Ass. State's Attorney Susan C. Marks who forwarded the same to Deputy Chief Clerk Michele T. Angers. Plaintiff Statement para 19. Also, defendant Mr. Knight was informed of the plaintiff obstructions in meaningful adequate assistance for accessing the Courts. Plaintiff Statement para 20. The plaintiff did in fact while notifying defendant Knight of the obstruction the same was submitted to defendant Ms. Candace Hall which was not disputed. Plaintiff Statement

5 of 29

para. 21. Thus on Nov. 4, 2002, the plaintiff was denied to make a legal call or privilage call which memorundem by defendant John Armstrong and ADM. Dir. 10.7 allows to make. Plaintiff statement para 22. The plaintiff who was denied a legal call to have a meaningful opportunity to access the paralegal in the appellate case who could had consented to an extension of time in the filing of the brief for direct appeal were defendants inaction would have on injured the plaintiff as Pro se in direct appeal. Plaintiff statement para 23. The defendants did not followed policy and ADM. Directives were there is no rationally related to a legitimate government purpose nor did diligently or meaningfuly assisted the plaintiff with materials, adequate library access, and legal call for accessing the courts extended to direct appeals. Plaintiff statement para 24.

## SUFFICIENT EVIDENCE IN OPPOSITION TO SUMMARY JUDGMENT

The plaintiff has submitted Exhibit A thru T attached marked in the Amended Complaint undisputed as evidence favoring the plaintiff for a jury to return a verdict in his favor. Citing Anderson v. Liberty Lobby, Inc. 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L. Ed.2d 202 (1986). Also, the plaintiff has filed an affidavit in opposition to defendants motion for summary judgment and exhibits 1 thru 4 in support.

6 of 29

The District Court must be sensitive to problems of Pro Se plaintiff in civil Rights actions and not be too quick too dismiss complaint for failure to state technical cause of action. Citing <u>Martin v. Wainwright</u> (1976, CA 5 Fla) 526 F.2d 938. In other words, Pro Se Complaints under 42 U.S.C. § 1983 are held to less stringent standards than formal pleading drafted by lawyers. <u>Cruz v. Cardwell</u>, (1973, CA 8 Mo) 486 F.2d 550.

## ARGUMENT

1. The Eleventh Amendment <u>does not</u> bar this action against the defendants in their official capacities.

In this case, the eleventh Amendment is inapplicable were defendants failures to perform their responsability resulting in Constitutional violations Citing <u>Tatum v. Hooser</u>, 642 F.2d 253 (8th cir. 1981); <u>Doe v. New York City of Social Services</u>, 649 F.2d 134 (2d cir. 1981); <u>U.S. Ex Rel Larkins v. Oswald</u>, 510 F.2d 583, 589 (2d cir. 1975). Specific, eleventh Amendment does not bar either injunctive or damage suits against individual officials or prison employees. Citing <u>Spicer v. Hilton</u>, 618 F.2d 232, 237 (3d cir. 1980).

The defendants John Armstrong, et al are still subject to civil suits in which as state officials they are the nominal defendants in this case and governmental immunity is inapplicable to injunctive and declaratory relief pursuant sovereign immunity 440 U.S. 410, 420.

This suit for damages against the defendants John Armstrong, et al is in his/her individual and official capacity citing <u>Jacobson</u> v. <u>Coughlin</u>, 523 F. Supp. 1247, 1248-49 (N.D.N.Y. 1981). Even, individual capacity suit against state official upheld even when official's actions cloaked with state authority and could not have been effectuated if acting only in personal capacity citing <u>Hafer</u> v. <u>Melo</u>, 502 U.S. 21, 25-29 (1991). The eleventh amendment does not bar this action against the defendants in their official capacities for violation of prison regulations which weigh against immunity. Citing <u>Scheuer</u> v. <u>Rhodes</u>, 416 U.S. 232, 238, 94 S.Ct. 1683 (1974); and <u>Spicer</u> v. <u>Hilton</u>, supra note 148, at 236.

2. Prospective Relief are not suits against the state permits the use of § 1983 when such relief is sought.

The plaintiff as an inmate suing under Sec. 1983 for injunctive relief must sue state and prison official in their official capacities were prospective relief are not suits against the state, permits the use of § 1983 when such relief is sought. See <u>Will</u> v. <u>Michigan Dept. of State Police</u>, 491 U.S. at 71 N.10.

The entity's eleventh Amendment immunity varies depending upon the nature of the relief sought:

This case Amended Complaint injunctive relief request an appointment of Special Master to implement remedy of denial of access to courts, denial of legal call and cruel and unusual punishment. Citing Williams v. Lane, 851 F.2d 867, 883-84 (7th Cir. 1988). The plaintiff relief serves to bring an end to a present violation of federal law is not barred by the 11th Amendment even though accompanied by substantial Ancillary effect on a state's treasury. Citing PAPASAN v. ALLAIN, 478 U.S. 265, 278 (1986); Also 11th Amend. not bar to enhancement of fee award Ancillar to prospective relief Against State. Citing Missouri v. Jenkins, 491 U.S. 274, 280 (1989); Also, Andrus Ex. Rel. Andrus v. Arkansas, 197 F.3d 953, 954 (8th Cir. 2000) "individual capacity claims Against (Police) officer not barred as claims against the state when injunctive relief is sought."
The Courts have upheld state prison officials not absolutely immune from personal liability from individual capacity suit against state prison officials such as in this Amended Complaint. (see plaintiff Amended Complaint) Citing White v. Gregory, 1 F.3d 267, 270 (4th Cir. 1993).

3. The Court may also grant injunctive relief if a real and immediate threat exists that the plaintiff will be the victim of an unconstitutional action.

9 of 29

The Supreme Court has held an inmate's Section 1983 claim against one correctional facility does not becomes moot because he or she is later transferred to another facility. Citing Boag v. MacDougall, 454 U.S. 364, 364-65 (1982) "Prisoner's transfer to another facility did not moot damage claim arising from solitary confinement at original facility."

In this case the plaintiff injunctive relief is requesting an appointment of special master and successfully claimed denial of first Amendment, denial of access to the Courts and cruel and unusual punishment. Citing Williams v. Lane, 851 F.2d 867, 883-84 (7th Cir. 1988). However, amends undertaken under pressure of litigation generally do not moot injunctive claims. Citing City of Mesquite v. Aladdin's Castle, 455 U.S. 283, 289 (1982); and Gluth v. Kansas, 951 F.2d 1504, 1507 (9th Cir. 1991). Although prisoner transfer from prison where he complained of the conditions of confinement may have mooted his claims for declaratory and injunctive relief, it did not moot his claims for compensatory and punitive damages. Citing U.S. Parole Commission v. Geraghty, 445 U.S. 388, 63 L.ed.2d 479, 100 S.Ct 1202, (1980); and Patrick v. LeFevre, 745 F.2d 153 (2nd Cir. 1984).

The Court should also consider that the transferring of the plaintiff not only does not 'moot' the injunctive relief it also shows defendants retaliate against or harass the plaintiff because of plaintiff exercise of his right of access to the Courts. Citing Clarke v. Stalder, 121 F.3d 222 (5th Cir. 1997).

10 of 29

4. The Plaintiff has exhausted Administration Remedies in the Complaint stated Claims upon which Relief May be Granted.

A. The plaintiff must be permitted Court Access that is "Adequate, effective and meaningful" citing Bound v. Smith id at 817 (1977). The fourteenth Amendment to the U.S.C. states that the government may not "deny to any person... the equal protection of the laws," Prison official - must "treat similarly situated people alike" citing Giano v. Senkowski, 54 F.3d 1050, 1057 (2d Cir. 1995).
The United States Constitution and the Connecticut Constitution guarantee prisoner's access to state and federal Courts. see Bounds v. Smith, 430 U.S. 817, 821 (1977); see Also, Conn. Const. Art. 1 §10.
Prisoners must not be deprived of anything that is Necessary to give them "a reasonably adequate opportunity to present Claimed violations of fundamental Constitutional Rights to the Courts.
According to the Courts, Prisoner have a fundamental Right to adequate, effective, and meaningful Access to Court to challenge violations of their Constitutional Rights. Citing Bounds v. Smith, 430 U.S. 817, 52 L.Ed.2d 72, 97 S.Ct. 1491 (1977); Ex. Parte Hall, 312 U.S. 546, 85 L.Ed 1034, 61 S.Ct. 540 (1941).
The Supreme Court stated it is now established beyond doubt that Prisoner's have a Constitutional Right of Access to the Court. Citing the Due Process

Clause, the Equal Protection Clause, the First Amendment, and the Privileges and Immunities Clause of Article IV of the Constitution as the bases for the Right.

Also, the Supreme Court has stated "litigation undertaken in good faith by a Prisoner motivated to bring about social change and protect constitutional rights in the prison enjoys First Amendment Protection. Citing MURRAY V. GIARRATANO, 492 U.S. 1, 11 N.6, 109 S.Ct. 2765 (1989); SIMMONS V. DICKHAUT, 804 F.2d 182, 183 (1st Cir. 1986); SEE ADAMS V. JAMES, 784 F.2d 1077, 1081-82 (11th Cir. 1986).

In fact, the plaintiff has exhausted available remedies sufficient for pleading purposes. SEE Plaintiff Amended Complaint and Plaintiff statement para 3. Citing HAMOS V. FORD, _ F.Supp. 2d _ 1999 WL 38233 At *1 (D. Alaska, Jan. 26, 1999). The Administrative Emergency Grievances and Level Grievances submitted by the plaintiff while in Cheshire C.I. were appealed at every allowable level for each of the obstruction and impediments to Court access stated in the Amended Complaint attached marked Exhibits A, C, D, E, G, I, J, K, L, S, T; The Plaintiff alleged each incident — the date on which he filed the grievance, the results of his grievance, the date which he filed each level appeal, and the results of his appeal. Citing EAKINS V. MACLEOD, 1996 WL 743812 At *1 (N.D. Cal. Dec. 17, 1996).

The defendants wanton deliberatly action of reckless indifference inaction to "Assist" the plaintiff diligently or meaningfuly with materials, adequate library access, and legal call(s) while holding a fundamental Constitutional Right to Access the Courts extended to direct Appeals. <u>Citing</u> <u>Bell</u> v. <u>Blatter</u>, 175 F.3d 378, 391 (1999).

The Supreme Court, Appellate Court notice to the plaintiff of the Court Rules in the Connecticut Practice Book where section 66-3 Motion Procedures and filing "shall be <u>typewritten</u> and fully double spaced, and shall not exceed three lines to the vertical inch or twenty-seven lines to the page," <u>See</u> Exhibit <u>1</u>. The plaintiff chosen option was to be provided in a meaningful way with reasonable access to the Resource Center or library which contains 3 typewriter(s) with legal marking needed following Rules of Appellate Procedure in filing motions (brief), <u>See</u> Ex. 2, to assert his Constitutional Rights. <u>Citing</u> <u>Wolfish</u> v. <u>Levi</u>, 573 F.2d 118, 133 (2d Cir. 1978).

The plaintiff has had provided actual injury due to the obstruction and barrieres to access the Courts, even if denial was systematic, specifically, the plaintiff has shown that the lack of meaningful reasonable assistance to access the library or attorney inadequaences hindered his effort as pro se to proceed with the first direct Appeal. <u>Citing</u> <u>Saber</u> v. <u>Delano</u>, 100 F.3d 82 (8th Cir. 1996).

In Asset forfeiture Action there is no Right to Appointment of Counsel but the United States Constitution guarantee people who are unable to pay for a lawyer the Right to have one Appointed for them at their criminal trials in Connecticut Superior Court, Citing Gideon v. Wainwright, 372 U.S. 335 (1963); See Also Argersinger v. Hamlin, 407 U.S. 25 (1972), And their first Appeal from Conviction which is usually to the Connecticut Appellate Court such as in the plaintiff case, Citing Douglas v. California, 372 U.S. 353, 356-57 (1963), where the Office of Chief Public Defender Denied Representation, see Exhibit 3, And Prisoner's Legal Services Programs is not substitute for Law Library Access because they Are not Available for forfeiture proceeding since A civil forfeiture dimues from Criminal matter were A Law Library Must be provided. Citing Leeds v. Watson, 630 F.2d 674, 676-77 (9th Cir. 1980).

Some Courts have looked more closely at the "Either /OR" question And have concluded that establishment of Law Library, by itself, does not provide Adequate Court Access to prisoners who lack the Ability to use it, such As those who Are illiterate, poorly educated, or Non-English-speaking. Prisons Must provide Some legal Assistance, generally from trained inmate paralegals in Addition to A Law Library. id, At 1558.

The Court in this case should also consider the inadequacy of legal assistance and lack of law library to determine such wanton and reckless denial of access to the Courts.

One Court has recently held that the <u>Bounds v. Smith</u>, right to a law library or legal assistance does not extend to all civil actions, but only to those related to prisoner's incarceration such as the Plaintiff First Direct Appeal at the Appellate Court were defendants imposing barriers and impediments to Court access violate guarantee rights. <u>Citing</u> <u>John L. v. Adams</u>, 969 F.2d at 234-37.

The Court access involves "all the means a defendant or petitioner might require to get a fair hearing from the judiciary." <u>Citing</u> <u>Gilmore v. Lynch</u>, 319 F.Supp. 105, 111 (N.D. Cal. 1970); Also <u>Knop v. Johnson</u>, 977 F.2d 996, 1000 (6th Cir. 1992). The Sixth Circuit has held that "a prisoner's right to access the Courts extends to direct appeals, habeas corpus applications, and civil rights claims only." <u>Citing</u> <u>Bell v. Blatter</u>, 175 F.3d 378, 391 (6th Cir. 1999).

Moreover, an untrained legal research staff is insufficient to safeguard an inmate's right to access the Courts. <u>Citing</u> <u>Valentine v. Beyer</u>, 850 F.2d 951, 956 (3d Cir. 1988).

[A] systemic denial of inmate Constitutional

Right of Access to the Courts is such a fundamental deprivation that it is an injury itself. Citing Hershberger v. Scaletta, 33 F.3d 955, 956 (8th Cir. 1994). Even in a damage suit, if the prisoner shows the Court Access system is inadequate, no proof of harm is required were in this case defendants failed to adhere to Adm.Dir. 9.6, Grievance Procedures which Grievances submitted regarding Court Access showing system inadequate. SEE Plaintiff Amended Complaint Exhibits A, C, D, E, G, I, J, K, L, S, and T. Citing Reutcke v. Dahm, 707 F.Supp. 1121, 1129 (D.Neb 1988).

The plaintiff clearly have a Constitutionally protected Right of Access to the Courts, and interference with a prisoner's Rights to Access to the Courts such as a delay, may result in a constitutional deprivation. Citing Chriceol v. Phillips, 169 F.3d 313 (5th Cir. 1999). Also, Plaintiff's Rights under Eighth Amend. may be violated by the defendants failure to prevent harm. Citing Garrett Stratman, 254 F.3d 946 (10th Cir. 2001).

The fact that the plaintiff filed a complaint does not disprove a Court Access claim. Citing Acevedo v. Forcinito, 820 F.Supp. 886, 888 (D.N.J. 1993), where Pro Se litigants are ensured meaningful Access to the Courts. Citing Rand v. Rowland, 154 F.3d 952 (9th Cir. 1998). The plaintiff injury derived also from the denial of a privilege call or legal call to paralegal Specialist Maira R. Sheehan absent a valid penological interest while

Pro se in the direct Appeal which violates sixth Amendment Right of Access to lawyers, law students or paralegals absent a valid penological interest. See Plaintiff Amendment Complaint para 13, Exhibits 'S' and 'T', And Exhibit 4 herein Attached marked <u>Citing</u> <u>PROCUNIER v. MARTINEZ</u>, 416 U.S. 396, 419-22 (1974) shows defendants failure to Adhere ADm. Dir. 10.7 And 9.6 Inmate Grievance Procedure obstructing meaningful Access to the Courts.

The defendants obstructed Plaintiff meaningful access to the Library for typewriting the brief on time, denied the legal call for an extension of time And while knowing the brief had to be typewritten pursuant to the Practice Book Rules not hand written where meaningful Court Access "entails not only the drafting of Complaints And petitions for relief but also the drafting of responses to motions to dismiss And the drafting of objections to magistrates' reports And Recommendations." <u>citing</u> <u>Knop v. Johnson</u>, 977 F.2d 996, 1000 (6th Cir. 1992); <u>Younger v. Gilmore</u>, 404 U.S. 15 (1971), harmed or injured the plaintiff by causing the dismissal of his First Direct Appeal, <u>see</u> Plaintiff Amended Complaint Ex B, injuring All plaintiff Attempts to access the Courts And meet a deadline.

B. The plaintiff disputes the fact where he was not meaningfuly or reasonably provided with photocopies where the Grievances submitted regarding photocopies were not provided a response or a disposition

17 of 29

in violation of ADM. DIR. 9.6, SEE Plaintiff Amended Complaint Attached marked Exibits C, D, (Emergency Grievance) that a regulation and practices that unjustifiably obstruct the availability of professional representation or other aspects of the Right of Access to the Courts are invalid. Citing PROCUNIER V. MARTINEZ, 416 U.S. 396, 419, 94 S.Ct. 1800 (1974). Even, were NO reasonable discretion for assistance in accessing the Courts was provided to the plaintiff for photocopying materials under ADM. DIR. 3.10 (C). The Supreme Court has also held that the Due Process Clause's protection of liberty includes certain privacy-related interests, including "the individual interest in avoiding disclosure of personal matters and the interest in making certain kind of important decisions. Citing WHALEN V. ROE, 429 U.S. 589, 599, 97 S.Ct. 869 (1977).

The defendants made NO reasonable attempt to meaningfuly assist the plaintiff who had NO funds or money for mailing correspondence pursuant ADM. DIR. 10.7 4(D) while knowing the plaintiff had less than $5.00 in his inmate account where the Constitution requires REASONABLE amount of postage for access to the Courts Citing. ZIGMUND V. WYNNE, 1999 U.S. App. 20144 (2nd Cir. 1999). !NONE! of the cases mention by the defendants where the plaintiff is/was representing Pro Se have an effect in this case since the undisputed interference of the plaintiff direct appeal it had been presented before than any of these cases which now defendants are alleging of not interferring with Court access in these cases.