This Amended Complaint is clear were no reasonable decision was made to assist meaningfuly the plaintiff in meeting a deadline or with the required legal call privilege to request an extension to meet the deadline for the direct Appeal which the plaintiff was pro se. Even the defendants took upon them self not to excercise Administrative Directive Regulation 9.6, Regarding Emergency and Line Grievance Procedures which obstructed plaintiff access to the Courts while violating Regulation.

The Cheshire Dept. of Correctional employees have a history of complaining about what an inmate buys, eats, and sleeps while currently serving time in prison which in this case it shows that defendants decided to use the authority they have and suppress the plaintiff among other inmates by ignoring Regulations for the simple fact of being a Pro Se prisoner's. See Ex. 5 Staff Complaint. Citing SISNEROS V. NIX, 95 F.3d 749 (8th Cir. 1996) "Prison officials may not retaliate against or harass inmates because of inmate's excercise of his Right of Access to the Courts."

Defendants failures to promulgate D.O.C. ADM. Dir. 9.6, Emergency and Line Grievance procedures that include language mandatory which creats a liberty interest protection for the plaintiff from "atypical and significant hardship(s)" in relation to the ordinary incidents of prison life neglected to assist the plaintiff diligently or meaningfuly with materials, Adequate library access, and legal Call (s) when knowing of the Risk of harm

19 of 29

to the plantiff case while holding a fundamental Constitutional Right to access the Courts extended to direct appeals, from the simple fact that such Risk was obvious when expressly noted by defendants before the dismissal of Plantiff direct appeal at the Appellate Court SEE Ex 'B' in Amended Complaint actual injury. Citing Champion v. Artuz, 76 F.3d 483, 486 (1996); and Bell v. Blatter, 175 F.3d 378, 391 (1999).

C. The specific undisputed fact of typewriter use is that the plantiff while being constantly moved from Units in the Cheshire D.O.C. where at the time did not have typewriter's available and the only typewriters with legal marking were 3 out of the four in the library or resource center if called in time to be able an use a typewriter with legal markings. SEE Plantiff Affidavit In opposition.
Courts have condemned obstructions such as the ones refered in the Plantiff Amended Complaint that provided too little time for meaningful legal research, Citing CRUZ V. HAUCK, 627 F.2d 710, 720 (5th Cir. 1978), regulations which forbod actual physical access to the library, citing WILLIAMS V. LEEKE, 584 F.2d 1336, 1339 (4th Cir. 1978), and other restrictive practices as harassments. Citing RUIZ v. Estelle, 679 F.2d 1115, 1154 (5th Cir. 1982).

D. Inmate's Rights under Eighth Amendment may be violated by prison official's failure to prevent harm. Citing

20 of 29

J, K, L, S, and T. Citing JONES v. GRENINGER, 188 F.3d 322 (5th Cir. 1999).

The plaintiff complied with 42 U.S.C. §1997e(A) by exhausting all and every available administrative remedy pleading and proof in the Amended Complaint attached marked exhibits. See Plaintiff Affidavit and Plaintiff statement. Citing EAKINS v. MADRID, 1996 WL 743812 at *1 (N.D.Cal. Dec 17, 1996).

Several courts have taken such an approach under §1997e(e), in BARNES v. RAMOS, 1996 WL 599637 at *2, U.S. Dist. Lexis 15260 (N.D. Ill. 1996), the Court observed that the Plaintiff's due process and Eighth Amendment claims did not require mental or emotional harm as an element, and therefore held them not barred by §1997e(e). Similarly, in LEWIS v. SHEAHAN, _ F.Supp. _ 2d _, 1999 WL 47090 at *4 N.3 (N.D. Ill., Feb. 2, 1999), the Court held that access to Court claims are governed by a test of actual legal injury to litigation a substantive element of the claim and not §1997e(e)'s focus on physical, mental or emotional injury. These decisions are consistent with the analysis of DAVIS v. District of Columbia, 158 F.3d 1342, 1346 (D.C. Cir. 1998), which holds that claims for injunctive relief against Constitutional violations do not require proof of injury "suffered" but only of the threatened Constitutional violation itself. In DASKALEA v. District of Columbia, 227 F.3d 433 (D.C. Cir. 2000) "mental and emotional distress" are compensable under §1983 even in the absence of physical injury.

23 of 29

Attached invoked in the Amended Complaint undisputed of the Plaintiff's Right to seek redress of Grievances is precisely the sort of oppression that Section 1983 is intended to Remedy.

f. Prisoner have the Right to "Due Process" under the 14th Amendment Regarding Actions by Prison officials that violate their "Liberty interest".
PER SE Liberty interest can be counted when officials take, Attempt to keep inmate in prison longer or Affect the duration of Confinement.
Liberty interest protects the Plaintiff from "Atypical and significant hardship(s)" in relation to the ordinary incidents of prison life. SANDIN V. CONNER, 115 S.Ct 2293, 2299-300 (1995).
The Supreme Court has held that DUE PROCESS is violated when an individual has reasonably relied on Agency regulation promulgated for his guidance or benefit, and has suffered substantially because of their violation by the Agency. Citing U.S. V. CACERES, 440 U.S. 741, 753 99 S.Ct. 1465 (1979). The Conn. D.O.C. Regulation ADM. Dir 9.6, Creates a Liberty interest by the most common way of using explicitly mandatory language as statutes with the word "Shall" in Connection with requiring substantive predicates. SEE Plaintiff Affidavit EX 2 para 9. Citing Hewitt V. HELMS, 459 U.S. 460, 472, 103 S.Ct. 864 (1983); Accord, Kentucky DEPT. OF CORRECTION V. THOMPSON, 490 U.S. At 462; E, BOARD of PARDON V. ALLEN, 482 U.S. 369,

374, 80, 107 S.Ct 2415 (1987). In other words, when a statute or regulation says that under certain specific circumstances, officials must do something or must refrain from doing it, it creates a liberty or property interest. See Connecticut Board v. Dumschat, 452 U.S. at (Brennan, J. Concurring) quoted in Olim v. Wakinekona, 461 U.S. at 249.

Wherefore, Plaintiff liberty interest involved were defendants failed to promulgate Regulation 9.6 Adm. Dir. is unquestionably a matter of considerable importance that should not unrealistically be discounted of its significance.

6. The plaintiff Pleading are Correct for the Court Consideration of the claims. The §1983 Amended Complaint consist of 16 paragraphs with Exhibits A threw T Attached marked which defendants do not dispute as matter to factual Allegations in the Complaint. Also, Plaintiff demostrated that defendants actions are under Color of law, depriving him of Federal Right. Citing Berg v. County of Allegheny, 219 F.3d 261 (3rd Cir. 2000).
Pro Se Complaints under 42 U.S.C. §1983 are held to less stringent standards than formal pleading drafted by lawyers. Citing Cruz v. Cardwell, (1973, CA8 MO) 486 F.2d 550.
The Right to proceed Pro Se is fundamental statutory Right that is Afforded highest degree of protection. Devine

v. INDIAN RIVER County School B.D., 121 F.3d 576 (11th Cir. 1997).

5. The defendants Participation or Responsibility are demonstrated in interference with Access to the Courts.

The plaintiff has demonstrated defendants Participation or Responsibilities in Statement of Claim and in the Amended Complaint and Plaintiff Affidavit. In fact, omissions can violate civil Rights, and under certain circumstances a state Actor's failure to intervene renders him or her culpable under § 1983 see Plaintiff Amended Complaint para 1 thru 16 with Exhibits A thru T undisputed. Citing CHAVEZ v. ILLINOIS STATE POLICE, 251 F.3d 612 (7th Cir. 2001). The defendants Commissioner John Armstrong, et al being sued had been exposed to information concerning the Risk and thus must have known About it.. Citing FARMER v. BRENNAN 511 U.S. 825, 837 (1994). Also, defendants John Armstrong, et al admit that at all times referenced in the plaintiff Amended Complaint, they acted under color of state law per 42 U.S.C. § 1983 (1994) as Authority or Authorization where Connecticut State Law and D.O.C. ADM. Dir. form the basis of this Amended Complaint Section 1983 which uphold Plaintiff Prisoner's Rights under Federal Statute Law. Citing ALBRIGHT v. OLIVER, 510 U.S. 266 (1994). Interference with Access to the Courts. VAUGN V. TROTTER, 516 F.Supp. 886 (M.D. 1980)

26 of 29

6. The defendants Qualified immunity is inapplicable in this case.

In this case were the defendants have a responsibility imposed by statute as state actors, failure to perform it makes them liable even if s/he does not know about the resulting Constitutional violation. Citing TATUM v. HOOSER, 642 F.2d 253 (8th Cir. 1981); DOE v. NEW YORK CITY of SOCIAL SERVICES, 649 F.2d 134 (2d Cir. 1981); UNITED STATES EX. REL. LARKINS v. OSWALD, 510 F.2d 583, 589 (2d Cir. 1975). Also, as state officials they are nominal defendants and Governmental immunity is inapplicable to injuctive and declaratory relief pursuant sovereign immunity, 440 U.S. 410, 420 and defendant John Armstrong knew of or should have known of subordinates actions of inactions clearly violated Established Constitutional Rights and is liable. Citing CAMILO-ROBBLES v. HOYOS, 151 F.3d 1, 6 (1st Cir. 1998). Where, Qualified immunity is inapplicable by law to violations of statutes, and violations of guarantee access to the Courts and Connecticut Const. ART 1 § 10. Citing BOUND v. SMITH, 430 U.S. 817, 821 (1977); SCOTT v. PLANTE, 691 F.2d 634 (3rd Cir. 1982).

7. The District Court has Jurisdiction in this case.

In this case, there is Federal Court Jurisdiction, 28 U.S.C. § 1343(3) where defendants conduct admitted to be under Color of State Law as Complaint in this Amended Complaint § 1983 are liable. Citing <u>MONROE V. PAPE</u>, 365 U.S. 167, 184, 81 S.Ct 473 (1961); Also, <u>PARRATT V. TAYLOR</u>, 451 U.S. 527, 101 S.Ct 1908, 1913 (1981), were defendants conducts deprived the plaintiff of rights, privileges, or immunities secured by the Constitution and laws of the United States. The district court shall have original jurisdiction of all civil actions under the Constitution, laws, or treaties of the United States. State Courts permit suit in their courts for violations of Prisoner Constitutional and state law rights and will hear actions under 42 U.S.C. § 1986.

Wherefore, this case is Jurisdictional to the courts were the Plaintiff's Rely's on sufficient evidence to support a Jury verdict in his favor.

### Conclusion

This case is supported by a serious of exhibits on evidence, Affidavit, undisputed facts and exhibits, and Exhausted Administrative Remedies.

28 of 29

RESPECTFULLY SUBMITTED

_____
Luis Fernandez   Pro Se
M.W.C.I.
1153 East Street South,
Suffield, CT 06080

### CERTIFICATION

I hereby certify that A copy of the foregoing was mailed to the following defendants Attorney on this 16 day of April, 2004.

Robert F. Vacchelli,
Assistant Attorney General
110 Sherman Street,
Hartford, CT 06105

_____
Luis Fernandez
Pro Se



# STATE OF CONNECTICUT



Francis J. Drumm, Jr.
Chief Clerk
860-757-2200

**SUPREME COURT**
**APPELLATE COURT**

231 Capitol Avenue
Drawer Z, Station A
Hartford, CT 06106

## NOTICE TO PERSONS APPEARING "PRO SE"

You have a "pro se" appearance in a case on appeal. You are the person to whom the Clerk's Office will send notice of the orders of the Court or when there is a need to appear in court. You alone[1] are responsible for the filing of any necessary papers. You are obligated to appear at court whenever you receive notice to do so.

### YOU ARE BOUND TO FOLLOW THE RULES OF PRACTICE.

Do not expect special consideration because you are a layperson. The court rules are found in the <u>Connecticut Practice Book</u> that may be found in law libraries throughout the state. You must consult the Practice Book if you wish to obtain information on the procedural aspects of your appeal.

Please remember that the people who work in the Clerk's Office are court officials. As such, they cannot give legal advice and are very limited in the way they may assist you with respect to your appeal.

---

[1] If your appearance is "in addition to" counsel, only counsel will be permitted to file pleadings, to prepare briefs, and to argue the cause. If you later hire counsel and counsel appears "in addition to" you, your obligation to pursue the appeal is ended; counsel will pursue the appeal on your behalf.

| Michele T. Angers | Alan M. Gannuscio | Cynthia M. Gworek | Paul S. Hartan | Susan C. Reeve | Carolyn C. Ziogas |
|---|---|---|---|---|---|
| Deputy Chief Clerk | Assistant Clerk | Assistant Clerk | Assistant Clerk | Assistant Clerk | Assistant Clerk |
| 860-757-2229 | 860-757-2242 | 860-757-2149 | 860-757-2249 | 860-757-2224 | 860-757-2153 |



grounds upon which the moving party relies. A separate memorandum of law may but need not be filed. If the moving party intends to file a memorandum of law in support of the motion, petition or application, however, such memorandum shall be filed with the motion, petition or application. A party intending to oppose a motion, petition or application shall file a brief statement clearly setting forth in separate paragraphs appropriately captioned the factual and legal grounds for opposition within ten days after the filing of the motion, petition or application. If an opposing party chooses to file a memorandum of law in opposition to a motion, petition or application, that party shall do so within ten days after the filing of the motion, petition or application. Responses to memoranda in opposition are not permitted.

(b) Except with special permission of the appellate clerk, the motion, petition or application and memorandum of law taken together shall not exceed ten pages, and the memorandum of law in opposition thereto shall not exceed ten pages.

(c) Where counsel for the moving party certifies that all other parties to the appeal have consented to the granting of the motion, petition or application, the motion, petition or application may be submitted to the court immediately upon filing, and may be acted upon without awaiting expiration of the time for filing opposition papers. Notice of such consent certification shall be indicated on the first page of the document.

(d) Motions which are not dispositive of the appeal may be ruled upon by one or more members of the court subject to review by a full panel upon a motion for reconsideration pursuant to Section 71-5.

(P.B. 1978-1997, Sec. 4041.)

### Sec. 66-3. Motion Procedures and Filing

Except as otherwise provided, the original and fifteen copies of motions, petitions, applications, memoranda of law and stipulations brought to the court shall be filed with the appellate clerk. All papers shall contain a certification that a copy has been served on each other counsel of record in accordance with the provisions of Section 62-7. No motion or other paper mentioned above shall be filed after expiration of the time for its filing, and no amendment to any of these filings shall be filed, except on written motion and by consent of the court. Motions shall be typewritten and fully double spaced, and shall not exceed three lines to the vertical inch or twenty-seven lines to the page. Footnotes and block quotations may be single spaced. The font shall not be smaller than 12 point and no attempt should be made to reduce or condense the typeface in a manner that would increase the content of the document. Script typeface may not be used.

(P.B. 1978-1997, Sec. 4042.)

### Sec. 66-4. Hearings on Motions

Hearings on motions will be assigned only upon order of the court and only in exceptional cases.

(P.B. 1978-1997, Sec. 4043.)

### Sec. 66-5. Motion for Rectification; Motion for Articulation

A motion seeking corrections in the transcript or the trial court record or seeking an articulation or further articulation of the decision of the trial court shall be called a motion for rectification or a motion for articulation, whichever is applicable. Any motion filed pursuant to this section shall state with particularity the relief sought.

Except in cases where the trial court was a three judge court, an original and three copies of such motion shall be filed with the appellate clerk. Where the trial court was a three judge court, an original and five copies of such motion shall be filed. Any other party may oppose the motion by filing an original and three or five copies of an opposition with the appellate clerk within ten days of the filing of the motion for rectification or articulation.

The appellate clerk shall forward the motion for rectification or articulation and the opposition, if any, to the trial judge who decided, or presided over, the subject matter of the motion for rectification or articulation for a decision on the motion. If any party requests it and it is deemed necessary by the trial court, the trial court shall hold a hearing at which arguments may be heard, evidence taken or a stipulation of counsel received and approved. The trial court may make such corrections or additions as are necessary for the proper presentation of the issues raised or for the proper presentation of questions reserved. The trial judge shall file the decision on the motion with the appellate clerk.

Nothing herein is intended to affect the existing practice with respect to opening and correcting judgments and the records on which they are based. The trial judge shall file any such order changing the judgment or the record with the appellate clerk.

Corrections made before the record is prepared shall be included in it. If the record has been prepared, the appellate clerk may prepare a supplemental record, to be distributed in the same way as the original record.

The sole remedy of any party desiring the court having appellate jurisdiction to review the trial court's decision on the motion filed pursuant to this section or any other correction or addition ordered by the trial court during the pendency of



Ex. 3



# State of Connecticut

### DIVISION OF PUBLIC DEFENDER SERVICES

**OFFICE OF CHIEF PUBLIC DEFENDER**
LEGAL SERVICES UNIT
2911 DIXWELL AVENUE - 4TH FLOOR
HAMDEN, CONNECTICUT 06518

G. DOUGLAS NASH
CHIEF OF LEGAL SERVICES
TELEPHONE: (203) 867-6150
FACSIMILE: (203) 867-6157

September 9, 2002

Louis Fernandez
# 279900
Cheshire Correctional Institution
900 Highland Avenue
Cheshire, CT 06410

Dear Mr. Fernandez:

    I am sorry to inform you that you are not eligible for public defender representation. Neither the constitution nor the Connecticut statutes require appointment of counsel in asset forfeiture cases. In addition, there is no authority in the statutes to undertake representation in this type of appeal for clients we do not represent in pending matters that are closely related to the forfeiture.

Very truly yours,

G. Douglas Nash

GDN:lr



Ex. 4



# Inmate Request Form
## Connecticut Department of Correction

CN 9602
Rev. 1/8/02

**Inmate Name:** Luis Fernandez
**Inmate no.:** 279900
**Facility:** Cheshire
**Housing unit:** SB105
**Date:** 11-5-02

**Request:** to be Assisted with a proper legal call to my paralegal at Hartford Appellate Court the number is: (860) 258-5807.

*(continue on back if necessary)*

**Previous Action Taken:** On Monday 4th 2002, November, at approximately 9:40 am, Counselor Mr. Barzawoski, called me to his office to place the "Call", but he did not understand that an Appellate paralegal Attorney or clerk works for the state and it objective in my case is to record the proceedings. Mr. →

*(continue on back if necessary)*

**Submitted to:** Unit Manager / Capt Muñiz
**Date:** 11-5-02
**Acted on by:**

**Action Taken and/or Response:** According to Major Hall pro se does not entitle you with phone access to the court, nor is there any paralegal priviledge access at state's expense. The advice is for you to write the court. The Court's clerk can call the court to relay request.

*(continue on back if necessary)*

**Response to Inmate Date:** 11/8/02
**Staff Member Signature:** Captain A. Muñiz

in Cau.: MR. Banzanjoski placed a collect call to the Appellate Court which was denied the acceptance of it. I am a pro-se litigant that has to file a Breif on or about Nov. 15, 2002. I need to call my paralegal for the Appellate Court and request more time to file the Breif. I am indigent and need assistance eagerly which I uphold my constitutional Right to be provided with an legal call pursuant Adm. Dir. 10.7; Thy need to be Response. Thank you! please Keep Having a Great Day.

Luis Fernandez

C.C. Unit Manager
    Mr. Muñiz

file/ L. Fernandez



Ex. 5

# Where is the retribution for criminals?

Violent offenders in Connecticut are given everything that we, the law abiding, have to work for, and then some. Murderers, rapists and child molesters are given, at no cost to them, three meals a day, one of which must be hot and include a dessert. They are paid to attend school. They have a free medical and dental plan with a $3 co-pay covering everything from the common cold to surgery. Prescription drugs are free and range from simple painkillers to sex hormones.

In addition to regularly scheduled recreation periods with access to weights, basketball and handball courts and, weather permitting, a softball field, these offenders are let out twice a day for "showers and phones." This amounts to no more than recess. Socializing, card games, checkers, chess, dominoes and gambling are usual activities during these periods.

All this is hardly the treatment I would expect if I were convicted of murder or sexual assault, or preying upon someone's child. Neither is it what we as a society should expect as punishment for these offenses. Don't get me wrong, I'm not saying it is pleasant to live here. It certainly isn't. The punishment just does not fit this type of criminal. The only facility that might fit this sort of crime is used as a corrective program for assaultive inmates.

I have been a corrections officer for eight years at a Level 4 correctional institution. Sometimes the most gut-wrenching part of my job is seeing the way this sort of criminal lives. It makes me wonder if the law abiding at the poverty level are treated as well.

Believe it or not, retribution is supposed to be a goal of the Department of Correction. At this rate, I don't think we are going to achieve it.

J. Ennis
Cheshire