UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

LUIS FERNANDEZ          :
                        :           PRISONER
   v.                   :   Case No. 3:03CV583(JCH)(HBF)
                        :
JOHN J. ARMSTRONG, et al.  :

RULING AND ORDER

Along with his response to defendants' motion for summary judgment, plaintiff has filed a third motion seeking appointment of pro bono counsel in this action pursuant to 28 U.S.C. § 1915. For the reasons set forth below, plaintiff's motion is denied without prejudice.

As the court stated in its rulings on plaintiff's two previous motions, the Second Circuit repeatedly has cautioned the district courts against the routine appointment of counsel. See, e.g., Hendricks v. Coughlin, 114 F.3d 390, 393 (2d Cir. 1997); Cooper v. A. Sargenti Co., 877 F. 2d 170, 172 (2d Cir. 1989). The Second Circuit has made clear that before an appointment is even considered, the indigent person must demonstrate that he is unable to obtain counsel. Hodge v. Police Officers, 802 F.2d 58, 61 (2d Cir. 1986), cert. denied, 502 U.S. 996 (1991). In addition, when deciding whether to appoint counsel, the district court must "determine whether the indigent's position seems likely to be of substance." Id. In Cooper v. Sargenti, the

Second Circuit cautioned the district courts against the "routine appointment of counsel" and reiterated the importance of requiring an indigent to "pass the test of likely merit."  877 F.2d at 173-74.  The court explained that "even where the claim is not frivolous, counsel is often unwarranted where the indigent's chances of success are extremely slim."  Id. at 171.

Plaintiff has filed his opposition to defendants' motion for summary judgment and the court has taken that motion under advisement.  Until the court rules on the motion for summary judgment, no further action is required from plaintiff.  Accordingly, plaintiff's motion for appointment of counsel [**doc. #55**] is **DENIED** without prejudice.  If the motion for summary judgment is denied in whole or in part, plaintiff may refile a motion for appointment of counsel to represent him at trial.

**SO ORDERED.**

Entered this 12th day of October, 2004, at Bridgeport, Connecticut.

```
                              /s/
                       HOLLY B. FITZSIMMONS
                       UNITED STATES MAGISTRATE JUDGE
```