UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

Luis Fernandez

V.

John Armstrong, et al

**FILED**
2005 JAN 18 PM 3:51
U.S. DISTRICT COURT
BRIDGEPORT, CONN

PRISONER
Case 3:03 CV 583 (JCH)(HBF)

Dec. 18, 2004

## PLAINTIFF ReFiles MOTION FOR APPOINTMENT OF COUNSEL

Now Comes, Plaintiff pro se holding to "less stringent standards than formal pleading drafted by lawyers," citing Hughes V. Rowe, 449 U.S. 5, 101 S.Ct. 173 (1980), pursuant to Rule 29, Civil Pro bono Panel b(1)(3)(4) request this honorable Court to Appoint Pro bono Counsel were Circumstances reasonably appear to warrant such Application and were the U.S.M. Judge Holly B. Fitzsimmons Authorized the pro-se plaintiff to refile a Motion for Appointment of Counsel even if the Motion for Summary judgment is denied in whole or in part.

### I. HISTORY

The plaintiff demostrated to this Court for considering Appointment of Counsel Pro Bono that he is unable to afford Counsel and made enough efforts to obtain Assistance of Counsel with respect to this case, see, MOTION FOR Appointment of Counsel [doc. 9 and 55].

1 of 3

## II SPECIFIC FACTS

1. The fact is plaintiff civil complaint clearly established defendants John J. Armstrong, et. Al acted under color of law and deprived the plaintiff of federal (guarantee) rights. Citing BERG V. COUNTY OF ALLEGHENY, 219 F.3d 261 (3d cir. 2000).

2. The plaintiff is unable to employ counsel pursuant 28 U.S.C. § 1915 (d) see [doc# 9&55] were representation of counsel is necessary regarding the clerical errors issues. Citing ALDEBE V. ALDABE, 616 F.2d 1089, 1093 (1980).

3. The fact is also plaintiff medical evaluation of paranoid disorder and depression clearly justifies appropriate an appointment of counsel see [doc# 55] ex. 1. Citing HAMILTON V. LEAVY, 117 F.3d 742, 749 (1997).

4. This Court should consider the exceptional circumstances from the Motion's filed with this Court for Appointment of counsel see, [doc# 9 and 55] and the presentation of D.O.C. ADM. DIR. Cross-examination of the defendants were credibility of expert witness will be at issue in this case. Citing, TABRIN V. GRACE, 6 F.3d 147, 155-58 (1993)

## III. LEGAL GROUNDS

This Motion is filed pursuant to Civil Right Act 42 U.S.C. § 1983, 28 U.S.C. § 1915(d) citing, Hodge v. Police Officers, 802 F.2d 58, 61 (2d Cir. 1986) cert. denied, 502 U.S. 996 (1991); 42 U.S.C. § 1988, And Bounds v. Smith, 430 U.S. 817, 97 S.Ct 1491 (1977) where exceptional circumstances for Appointment Pro Bono Counsel reasonably demonstrated and appropriate for the plaintiff justifying merits in this case colorable for the Court to grant this Motion An Appoint Counsel.

Respectfully Submitted,

The Plaintiff Pro-se
Luis Fernandez
M.C.I.
1153 East St South,
Suffield, CT 06080

## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed to the following on this 18 day of Dec. 2004.
Robert F. Vacchelli,
Ass. Att. Gen.
110 Sherman St, Hartford, CT 06105

Luis F.