UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JAN 1 8 2005

Luis Fernandez          **FILED**          PRISONER

                    2005 JAN 18  P 3:31     Case: 3:03 CV 583 (CJCH)
    V.                                        (HBF)
                    U.S. DISTRICT COURT
                    BRIDGEPORT CONN

John J. Armstrong, et al.    :    Dec 18, 2004

<u>PLAINTIFF'S MOTION FOR CLERICAL ERRORS IN
JUDGMENTS, ORDERS, OR OTHER PARTS OF THE
RECORD</u>

The plaintiff pro se holding to "less stringent standards
than formal pleading drafted by lawyers," <u>Citing</u>, <u>Hughes</u> V. <u>Rowe</u>,
449 U.S. 5, 101 S.Ct. 173 (1980), moves pursuant Rule 60,
F.R.C.P., permits a Judgment or order to be corrected or
vacated under certain circumstances were in this case
After the plaintiff received on the 3rd week of Dec. 2004,
the Ruling of Defendant's Motion for Summary Judgment [DKT.
46] by Janet C. Hall, U.S.D Judge Conclusion
granted [DKT. 46], then directed to enter judgment and
close this case while committing outstanding clerical
errors in judgments, order, other parts of the record and
banning recovery of futter Relief. (see, Also Brief and
Affidavit with Exhibits)

<u>Standard of Review</u>

Where the plaintiff is proceeding <u>Pro se</u>, the Court's standards
                            1 of 3

. for Pro se Complaints are held to less stringent Standards, viewed without regard for technicalities for Protection of Plaintiff's civil Rights which Pro-se less stringent standards than formal pleading drafted by lawyers. Citing Jones V. Rundle, 453 F.2d 147; Hugh V Poe, 453 F.2d 1471; And see (HAINES V. KERNER,) 92. The plaintiff may obtain relief from A Judgment on A Showing of "Mistake, inadvertence, surprise, or excusable Neglect," see Kennison Comp. V. Crawford Door Sales Co., 49 F.R.D. 3 (D.S.C. 1970) (not being represented by Counsel has been taken into Consideration); Marshall V. Monroe & Son's Inc., 615 F.2d 1156 (6th cir 1980) Also, Newly discovered evidence, or fraud or Misrepresentation by an Adverse party. See, Armour & Co V. Nard, 56 F.R.D. 610 (D. Iowa 1972) (Fraud). The plaintiff may Also use Rule 60(b) to obtain relief from A Judgment which is void, which has for some reason, should not Continue to be effective, or for "Any other reason justifying relief from the operation of the judgment." citing System Federation V. Wright, 364 U.S. 642, 647-48, 81 S.Ct. 368 (1966). A plaintiff need only show that the existing order has not Accomplished its purpose. The Court has the inherent equitable power to make additional orders where A judgment has not Achieved its purpose. citing United States V. United Shoe Machinery Corp., 391 U.S. 244, 248-49, 88 S.Ct. 1496 (1968); King-Seeley Thermos Co., V. Aladdin Industries, Inc., 418 F.2d 31, 35 (2d cir. 1971). The clerical errors in judgments, orders, or other parts of the record may be Corrected At Any

2 of 3

Time.

## Conclusion

A party may be relieved from judgment pursuant Rule 60, F.R.C.P., where in this case the plaintiff Pro se was held to unusual dificult standard and district court failed to look closely enough at the record.

RESPECTFULLY submitted,

_____
Luis Fernandez Pro-se
M.C.I.
1153 east st south,
Suffield, CT 06080

## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed to the defendants Attorney on this 18 day of Dec. 2004.

_____
Luis Fernandez Pro se

3 of 3