UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

Luis Fernandez

V.

John J. Armstrong, et al

FILED
2005 JAN 18 P 3:51
U.S. DISTRICT COURT
BRIDGEPORT, CONN

PRISONER
Case: 3:03CV583(JCH)
(HBF)

: Dec. 18, 2004

## BRIEF IN SUPPORT OF PLAINTIFF MOTION FOR CLERICAL ERROR'S IN JUDGMENTS, ORDERS, OR OTHER PARTS OF THE RECORD

The plaintiff, pro-se holding to "less stringent standards than formal pleading drafted by lawyers". Citing Hughes V. Rowe, 449 U.S. 5, 101 S.Ct. 173 (1980), Moves pursuant Rule 60, F.R.C.P. permits a Judgment or oder to be corrected or vacated under certain circumstances were in this case After the plaintiff received on the 3rd week of Dec. 2004, the ruling of Defendants Motion for Summary Judgment [DKT. 46] by Janet C. Hall, U.S.D. Judge Conclusion granted [DKT. 46], then directed to enter judgment and close this case while committing outstanding clerical errors in judgments, orders, other parts of the record And barring recovery of further relief.

## SUPPORTING FACTS:

1 of 5

1. The plaintiff as pro-se litigant is held to "less stringent standards than formal pleadings drafted by lawyers." Citing HAINES V. KERNER, 404 U.S. 519, 520, 92 S.Ct. 594, 596, 30 L. Ed. 2d 652 (1972); JACKSON V. REESE, 608 F.2d 159, 160 (5th Cir. 1979) were given the claims and supporting evidence in this case, the Magistrate and district court should have done more before entering summary judgment which plaintiff pro-se right was overlooked even after granted plaintiff motion for exception see (Affidavit para 1-3) where the Court should have readed the pro se plaintiff paper's liberally and interprets them to raise the strongest arguments suggested therein. Citing Burgos V. Hopkins, 14 F.3d 787, 790 (2d cir. 1994)

2. The Court erred in not noting plaintiff pro-se Amended complaint by attesting were true to the best of his knowledge. (see Affidavit para. 2) The Second Circuit has held that "A verified complaint is to be treated as an affidavit for summary judgment purposes, and therefore will be considered in determining whether material issues of fact exist, provided that it meets the other requirements for an affidavit under Rule 56(e)." Colon V. Coughlin, 58 F.3d 865, 872 (2d Cir. 1995), And neither does defendants dispute whether Fernandez

pro-se complaint were Affidavits which comply with Rule 56(e). (see Affidavit para. 4 thru 13) Citing Fowler v. Southern Bell Telephone & Telegraph Co., 343 F.2d 150, 154 (5th Cir. 1965); and Mercantile National Bank at Dallas v. Franklin Life Insurance Co., 248 F.2d 57, 59 N.5 (5th Cir. 1957) And since the defendants did not object to consideration of these statements, they waived the right to prevent their consideration. Citing Munoz v. International Alliance of Theatrical Stage Employees, 563 F.2d 205, 214 (5th Cir. 1977).

## ARGUMENT

Therefore, the plaintiff statements made with his personal knowledge and supported with Exhibits "A" thru "T" in the Verified Amended Complaint might raise sufficient genuine issues of material fact to foreclose Summary Judgment and [DKT NO. 46] Judgment or order to be corrected, vacated or amended or should not continue to be effective after plaintiff shown that the existing order has not accomplished its purpose to treat Verified Amended Complaint as an Affidavit for Summary Judgment under Rule 56(e).

## Conclusion

For these foregoing circumstances, the plaintiff pro-se respectfully request per. Rule 60, F.R.C.P. _In Re Merry Queen Transfer Corp._, 266 F. Supp. 605, 607 (1967); _Bershad v. McDonough_, 469 F.2d 1333 (7th Cir. 1972); _Burgos v. Hopkins_, 14 F.3d 787, 790 (2d Cir. 1994); And _Munoz v. Inter. Alliance of Theatrical Stage Employee_, 563 F.2d 205, 214 (5th Cir. 1977)., this Motion for Clerical Error's In Judgments, orders or other parts of the record be Granted.

No similar Motion has been filed.

Oral Argument if necessary.

Respectfully Submitted,

_____
Luis Fernandez  pro-se
M.C.I.
1153 East St. South,
Suffield, CT 06080

## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed on 18 day of Dec. 2004. to defendants Attorney.

Robert F. Vacchelli,
Ass. Att. Gen.
110 Sherman street,
Hartford, CT 06105

_____
Luis Fernandez
Pro-se