UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

Luis Fernandez                                    PRISONER

V.                                                03 CV 583 (JCH)
                                                  (HBF)

John J. Armstrong, et al          :    Dec. 18, 2004

PLAINTIFF'S AFFIDAVIT OF VERIFICATION IN SUPPORT OF MOTION FOR CLERICAL ERRORS IN JUDGMENTS, ORDERS, OR OTHER PARTS OF THE RECORD.

Luis Fernandez, under the penalty of perjury to the best of knowledge states:

1. I am the plaintiff pro-se in the above-entitled case. I make this Affidavit of Verification which verify the Motion for Clerical errors, in judgments, orders, or other parts of the record as for Correcting, Amending, Additional finding of facts be made, Altereding, Vacating, or obtaining relief from judgment which is void, Mistake, inadvertence, surprise, excessible Neglect, Newly discovered evidence, or fraud, or Misrepresentation by the defendants were Ruling from U.S.D.J. Janet C. Hall dated Dec. 7, 2004 granting defendants MOTION [DKT. NO. 46] and directing to close this case.

1 of 8

FILED
2005 JAN 18 P 3:51
U.S. DISTRICT COURT
BRIDGEPORT, CONN

2. In this case Civil Complaint pursuant 42 U.S.C. § 1983 And 28 U.S.C. § 1343 (A)(3) against defendants John J. Armstrong, Hector Rodriguez, Feliciano, Ahmed, Candace Hall, Hannah, Roby, Gallick, Knight, Muniz, Hall, R. Brozozwski, Bartholomew, Beth Halleran, and Farrell official and individual cap. While I was currently held at Cheshire Correctional Ins. in Cheshire, CT Commence and Amended on 12-12-03 which I.F.P. granted pursuant 28 U.S.C. § 1915. (see, Attached and Marked as Ex. 1 plaintiff Amended Civil Complaint with Exhibits A threw T herein.).

3. I asserted Pro-se fundamental Right were a Pro-se Complaint is held to "less stringent standards then formal pleadings drafted by lawyers". And supported the Amended Complaint with Exhibits A threw T, evidence that a reasonable jury could return a verdict for this (plaintiff) writer. see, (Attached and Marked as exhibit 2 Motion for Exception And Ex. 1 plaintiff Amended Civil Complaint with exhibits 'A' threw 'T' herein)

4. I as the nonmoving party the Court should have not only construe pro-se papers liberally, but also, interpreting them to raise the strongest arguments suggested therein and failed to do so in Ruling RE: DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [DKT. NO. 46], I. Standard

OF REVIEW, II Facts, III Discussion, (A) Eleventh Amendment Immunity, (B) Declaratory And Injunctive Relief, (C) Right of Access to Courts, (D) Right to Grievance Forms And Responses to Filed Grievances, (E) Right to Promulgation of Directives, (F) Right to Telephone Call, (G) Equal Protection, (H) State Law Claims.. see, (Attached And Marked As exhibit 3 herein [DKT. NO. 46]), holding me the pro-se plaintiff to difficult standards. In Fact, I presented An Affidavit IN opposition to Defendants Motion For Summary Judgment with Exhibits 1 thru 4, Motion Opposing Statement To Defendant's Local Rule 56(A)(1) Statement, Opposition To Defendants Motion For Summary Judgment, Brief IN Opposition To Defendant's Memorandum IN Support Of Motion For Summary Judgment with exhibits 1 thru 3, And Amended Civil Complaint undisputed exhibits Attached And Marked A thru T. see[ Attached And Marked herein As Exhibit 4 Plaintiff Notice Of Manual Filing And Exhibit 1 with exhibit Amended Complaint).

5. The Courts "II Facts" in Ruling Re: Defendants Motion For Summary Judgment [DKT. NO. 46] clerical errored in failing to interpretate or Raise plaintiff pro se strongest Arguments And errored As well in Alleging "undisputed Facts from Defendants' Local Rule 56(A)(1) Statement [DKT. NO. 48]". In Facts, I submitted An

Affidavit in opposition to Defendants Motion for Summary Judgment with Exhibits 1 thru 4 even after defendant Candace Hall admitting of having no proof or documents showing I (Fernandez) if was call to attend at the Resource Center And I did submitted an opposing motion to Defendants' Local Rule 56(A)(1) Statement see Dkt. No. 58 opposing Motion.

6. The Courts' clerical errored in deciding Defendants Motion for Summary Judgment is granted as to all Claims for damages against the defendants in their Official Capacities. In Fact, I requested injuctive and declaratory relief against defendants John J. Armstrong, et al as well as provided a copy of the suit to the State Att. General, see (Attached and marked as Exhibit 5 herein United States Marshals service/Process Receipt and Return date 7/31/03).

7. The Courts Clerical errored in deciding Defendants Motion for Summary Judgment is granted as to all claims for declaratory and injuctive relief as well as denying to consider the claims and adding that Fernandez Failed to state a claim for violation of his right of access to the Courts. In Fact, I continue to be confined currently under D.O.C. custody were injuctive relief regarding condition of confinement cannot be 'moot' nor when relief

4 of 8

requesting consist of an appointment of Special Master also. And as pro-se the Courts should had considered the claims without regard for technicalities and favorable to the nonmoving party. Furthermore, the changes requested to the institutional procedures for providing access to Courts where to be viewed by the Special Master not by the Courts clerk wanton and prejudice determinations of my appearance for a non-english-speaking inmate.

8. The Courts' clerical errored in deciding defendants Motion for Summary Judgment is granted as to Fernandez claim of denial of access to the Courts to pursue his civil asset forfeiture action. In fact, I have the Guarantee Right of Access to Courts under Conn. Const. Article 1 § 10 even as pro-se in direct appeal the Right to access to lawyers, law students or paralegal cannot be obstructed and a meaningful reasonable opportunity to access should be provided. Furthermore, the injury itself is the dismissal of the direct appeal caused by the defendants obstructing and denials of every avenue or route to access the Courts' were defendants conduct has had been demostrated threw the Exhaustion of Administrative Remedy grievance procedures which I must exhaust before even commence a civil complaint. See. (Attach and marked as Exhibit 1. herein Amend. Complaint).

5 of 8

9. The Courts' clerical errored in decoding defendants Motion for Summary Judgment is granted as to any claim for failure to follow institutional grievance procedures. In fact, defendants took upon themself's not to exercise ADM. DIR. Regulation 9.6, regarding Emergency and line Grievance Procedures which protection from "Atypical and significant hardship(s)" in relation to the ordinary incidents of prison life while knowing of or should have known of the Risk I was of harm and injury caused by the denial of Constitutional and federal law.

10. The Courts' Clerical errored in decoding defendants Motion for Summary Judgment is Granted as to the claim that defendants failed to promulgate directives. In fact, I presented or submitted an Affidavit in opposition to Defendants Motion for Summary [Dkt. No. 57] with exhibits. And in Amended Complaint with exhibits undisputed [DKT. No. 23] showing three Grievance(s) the limitation experiences constituting "Atypical and significant hardship" in relation to the ordinary incidents of prison life.

11. The Court's Clerical errored in decoding defendants Motion for Summary Judgment is granted as to any claim for denial of a free telephone call. In Fact, I exhausted all available remedy at every level regarding the telephone call as well as

defendant Brzowski failures to comply with institutional directive or policys. see (Attached and marked as exhibit 1 herein Amended Complaint with exhibits, Fernandez brief [DKt. 59] with Exhibits and Affidavit [DKt. NO. 57] with Exhibits.)

12. The Court's clearal errored in deciding defendants Motion for Summary Judgment is granted on Equal Protection Claim as well. In Fact, I provided Grievances Emergency and line of the obstructions, harassments and retaliations denial to Attend the Resource Center which defendant do not dispute see Amended Complaint [DKt. 23] with Exhibits A threw T  Also Exhibit 1 herein).

13. The Court's clearal errored in deciding to Agree to decline to exercise Supplemental Jurisdiction over any state law claims on the ground that it has dismissed All claims over which it has original jurisdiction. In Fact, I was held to every difficult standard as pro-se litigant were the Court having original jurisdiction of All civil Actions under the Constitution, laws or treaties of the U.S. Neglected it descretion without looking into the truth of the matter supported with undisputed evidence in the Amended Complaint. see, (Attached and marked as exhibit 1 herein Amended Complaint with Exhibits A threw T.)

7 of 8

Respectfully Submitted,

_____
Luis Fernandez Pro-se
M.C.I.
1153 east st. south,
Suffield, CT 06080

Signed to the best of knowledge this 18 day of Dec. 2004.

_____
Luis Fernandez
Pro-se

### CERTIFICATION

I hereby certify that a copy of the foregoing was mailed to the defendants Attorney on this Dec. 18, 2004

Robert F. Vacchelli,
Ass. Att. Gen.
110 Sherman Street,
Hartford, CT 06105

_____
Luis Fernandez
Pro-se