**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| LUIS FERNANDEZ | : | PRISONER |
| | : | NO. 3:03CV583(JCH)(HBF) |
| VS. | : | |
| | : | |
| JOHN J. ARMSTRONG, ET AL. | : | JANUARY 25, 2005 |

<u>**MEMORANDUM IN OPPOSITION TO PLAINTIFF'S**
**MOTION FOR CLERICAL ERRORS IN JUDGMENTS,**
**ORDERS OR OTHER PARTS OF THE RECORD**</u>

By pleading dated December 18, 2004,[1] and titled "Plaintiff's Motion for Clerical Errors In Judgments, Orders or Other Parst of the Record," plaintiff pro se inmate seeks an order from the court reversing its December 8, 2004 judgment granting summary judgment to the defendants in this case. We urge the court to deny the motion.

Despite its title, plaintiff's motion does not concern clerical errors. It complains about the substantive decisions of the court. Clerical errors are not matters affecting substantive rights. <u>Sherrod v. American Airlines</u>, 132 F.3d 1112, 1117 (5th Cir. 1998).

On substantive points, Rule 60(b) provides, in pertinent part, as follows:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial

---

[1] Although it is dated December 18, 2004, the pleading was filed on January 18, 2004 and received by defendants on that date also. The pleading is too late to suspend the running of the time to appeal, unless plaintiff can qualify under the inmate mailbox rule of <u>Houston v. Lack</u>, 487 U.S. 266, 267(1988). Rule 4(a)(4)(A)(vi) F.R.App.P.

under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying from the operation of the judgment.

Rule 60(b), F.R.Civ.P.

A Rule 60(b) motion cannot be used as a substitute for an appeal.  Plaintiff's contentions that the court excluded his evidence or arguments are nothing more than a dissatisfaction with the rulings of the court, which may be appropriate for appellate review, but not for Rule 60 relief. McCarthy v. Mayor, 827 F.24 1310, 1318 (9th Cir. 1987).  Although district courts are something allowed to correct obvious errors of law, such as overlooking controlling statutes or case law in the context of a Rule 60 motion, such a motion is an improper vehicle for raising or testing contentions which are arguable at best.  In re Ta Chi Navigation, 728 F.2d 699, 703 (5th Cir. 1984).

A motion under Rule 60 is addressed to the trial court's discretion and is generally not reviewable except for clear abuse of discretion.  Mendell v. Gollust, 909 F.2d 724, 731 (2nd Cir. 1990).

Plaintiff's points are addressed seriatim:

1.    In his Memorandum, point 1, plaintiff complains that the court did not heed his right to have his pleadings interpreted liberally.  This is not correct.   The court granted his motion to that effect.  See Ruling and Order, November 9, 1994; Docket No. 66.

2.    In his Memorandum, point 2, plaintiff complains that the court failed to accept his verified complaint as an affidavit raising material issues of fact.  He does not point to any refusal of the court to consider any fact alleged.  To the contrary, the court did refer to his allegations. See e.g. Decision, pp. 13, 16.  Moreover, the verified complaint rule is not absolute.  Plaintiff cannot rely on "unsupported allegations."  Kaltman-Glasel v. Dooley,  228 F.Supp. 2d 101, 103 (D.Conn. 2002) citing Weinstock v. Columbia University, 224 F.2d 33, 41 (2nd Cir. 2000).

3.    Plaintiff complains that the court erred in granting summary judgment for defendants in their official capacities under the Eleventh Amendment where he sought declaratory and injunctive relief, which is not barred by the Eleventh Amendment.  Plaintiff's Affidavit, paras. 6, 7.  This is not correct.  The court did consider plaintiff's claims for declaratory and injunctive relief.  It denied the relief requested because the claims were moot, and did not state a claim upon which relief could be granted.  See Decision, pp. 9, 10.

4.    Plaintiff further claims the court erred in failing to find he had a right of access to the court to pursue his civil asset forfeiture case under the Connecticut Constitution.  Plaintiff's Affidavit, para. 8.  However, having found no federal rights infringed, the court correctly denied supplemental jurisdiction over such state law claims.  Decision, p. 17 citing United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966).

5.    In paragraph 9 of his Affidavit, plaintiff complains that staff failure to follow grievance procedures caused him to exist under  a "typical and significant hardships" in violation of his constitutional rights.  This point also was correctly addressed by the court.  Plaintiff

sustained no constitutional injury.  Decision, p. 12.  Consequently, and assuming, arguendo, defendants failed to follow grievance directives, those points were, at most, state law violations; not cognizable constitutional violations.  Decision, p. 13.

6.      At paragraph 10 of the Affidavit, plaintiff complains that the court erroneously decided he had no constitution right to have rules promulgated giving him additional rights under grievance procedures.  No such right exists.  Moreover, even if the defendants had promulgated new rights for the plaintiff, the court correctly ruled that this activity would not transmute into a constitutional right.  Decision, p. 14 citing, Sandin v. Connor, 515 U.S. 472, 483-484 (1995).

7.      In paragraph 11 of his affidavit, plaintiff asserts that the court erred in granting summary judgment to defendants as to his claim that he was denied a free telephone call to the Chief State's Attorney's Office allowed by DOC Directive 10.7.  However, as the court correctly found, that directive does not allow for free calls to that Office.  Decision p. 15.

8.      Next, in paragraph 12 of his affidavit, plaintiff cites as error the court's ruling for defendants on an equal protection issue.  As the Court pointed out, the only "evidence" of discrimination offered by plaintiff, contained in is Amended Complaint, was that once, two other inmates were allowed access to the library and he was not.  There was no proof of discriminatory reasons or racial considerations.  Accordingly, his claim properly failed.  Decision, p. 17.

9.      Finally, plaintiff assigns as error the court's decision declining supplemental jurisdiction.  Affidavit, para. 13.  Contrary to his protest, the decision was appropriate as the constitutional claims failed.  Decision, p. 17-18.

For all of the foregoing reasons, we urge the court to deny plaintiff's motion.

DEFENDANTS,
John Armstrong, et al.

RICHARD BLUMENTHAL
ATTORNEY GENERAL


BY:_____/s/_____
Robert F. Vacchelli
Assistant Attorney General
Federal Bar No. ct05222
110 Sherman Street
Hartford, CT  06105
Telephone No.: (860) 808-5450
Fax No.: (860) 808-5591
E-mail: robert.vacchelli@po.state.ct.us

## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed to the following on this 25th day

of January, 2005:

Luis Fernandez, Inmate No. 279900
MacDougall-Walker Correctional Institution
1153 East Street South
Suffield, CT  06080

_____/s/_____
Robert F. Vacchelli
Assistant Attorney General

5