UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LUIS FERNANDEZ | : | |
| | : | PRISONER CASE NO. |
| v. | : | 3:03-cv-583 (JCH)(HBF) |
| | : | |
| JOHN J. ARMSTRONG, et al. | : | FEBRUARY 24, 2005 |

**RULING ON PLAINTIFF'S MOTIONS [Dkt. Nos. 71, 72, 73]**

Judgment entered in this case on December 9, 2004. On January 18, 2005, the court received the three motions discussed below. All three motions are dated December 18, 2004. For the reasons that follow, all three motions are denied.

**I.      Motion for Appointment of Counsel [Dkt. No. 71]**

Plaintiff has renewed his request for appointment of counsel. Judgment has entered in favor of defendants and this case is closed. Because the action no longer is pending, plaintiff's motion is denied. If plaintiff seeks counsel to represent him on appeal, he may file a motion for appointment of counsel in the Court of Appeals after his appeal has been filed.

**II.     Motion for Extension of Time to Appeal [Dkt. No. 72]**

Plaintiff seeks an extension of time to file his notice of appeal. Fed. R. App. P. 4(a)(1)(A) provides that a notice of appeal in a civil case must be filed within thirty days from the date the judgment or order appealed from is entered. The time period is extended, however, when a party files a motion pursuant to Fed. R. Civ. P. 60, as long as the motion is filed within ten days after judgment is entered.

Plaintiff has filed a Rule 60 motion. (See Motion for Clerical Errors [Dkt. No. 73], discussed below.) Although that motion was not received by the court until January 18,

2005, plaintiff certifies that he mailed a copy of the motion to defendants' counsel and, presumably, to the court on December 18, 2004.  The Second Circuit has held that a *pro se* prisoner's papers are deemed filed as of the date the prisoner gives the papers to prison officials to be mailed to the court.  See Dory v. Ryan, 999 F.2d 679, 682 (2d Cir. 1993) (citing Houston v. Lack, 487 U.S. 266, 270 (1988)).  Thus, under this rule, plaintiff's motion is considered to have been filed on December 18, 2004, nine days after the entry of judgment.  The court concludes that plaintiff satisfies the requirements of Fed. R. App. P. 4(a)(4)(A).

The time to file an appeal does not commence until the court rules on his Rule 60(b) motion.  Because the time to file a notice of appeal has not yet commenced, plaintiff's motion for extension of time is denied as premature.  The time to file an appeal commences with the issuance of this Opinion.

### III.    Motion for Clerical Errors [Dkt. No. 73]

In this motion, plaintiff argues that clerical errors exist in the judgment, orders or other parts of the record and asks the court to vacate the judgment.  In the motion and related documents, however, plaintiff does not identify any clerical errors.  Instead, he seeks reconsideration of the ruling granting defendants' motion for summary judgment.

Plaintiff states that he files his motion pursuant to Fed. R. Civ. P. 60(b).  That rule identifies several reasons for which a party may be relieved from judgment:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated

> intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b). Plaintiff argues that the court erred in its ruling for various reasons. Thus, the court assumes that plaintiff has filed this motion pursuant to subsection (1) or (6).

In his motion, plaintiff asserts various objections to the court's ruling. These contentions are properly raised on appeal, not in a motion addressed to the district court. See McCarthy v. Mayo, 827 F.2d 1310, 1318 (9th Cir. 1987) ( holding that a motion filed pursuant to Rule 60(b) cannot be used as a substitute for a direct appeal). The court considers plaintiff's arguments to determine whether they state reasons that would justify relief from judgment.

Plaintiff argues that the court failed to liberally construe his pleadings. In October 2004, plaintiff filed a motion entitled "Motion for Exception" in which he asked the court to construe his papers liberally. See Dkt. No. 61. The court granted this motion in November 2004. See Dkt. No. 66. In addition, in the ruling on defendants' motion for summary judgment, the court indicated that any ambiguities were resolved in plaintiff's favor. See Dkt. No. 68 at 2, 3 n.2. Plaintiff has cited no examples of the court's failure to construe his papers liberally. It appears that he assumes that the court failed to liberally construe his papers because summary judgment was granted in favor

of defendants.

Plaintiff states that the court failed to consider his verified amended complaint with multiple exhibits in ruling on the motion for summary judgment.  The court specifically stated that it considered plaintiff's exhibits in its recitation of the facts of the case.  See Dkt. No. 68 at 3 n.2.  A verified complaint may be considered as an affidavit or declaration.  It must, however, comply with other requirements of an affidavit.  That is, it must contain facts within the declarant's personal knowledge, see Fed. R. Civ. P. 56(e), and must be more that "unsupported allegations."  See Katman-Glasel v. Dooley, 228 F. Supp. 2d 101, 104 (D. Conn. 2002) (citing Weinstock v. Columbia Univ., 224 F.3d 33, 41 (2d Cir. 2000)).  Plaintiff has not identified any supported factual statement in his amended complaint that was not considered by the court.

Plaintiff argues that the court improperly granted summary judgment as to any claims against defendants for damages in their official capacity because he also brought claims for injunctive and declaratory relief.  The court considered separately the claims against defendants in their official capacities for damages and the claims against them in their official capacities for declaratory and injunctive relief.  Plaintiff has not identified any prohibition to this analysis.

Plaintiff argues that the court should have found that the Connecticut Constitution afforded him a right of access to the courts to pursue his civil forfeiture action.  The violation of a right derived exclusively from the Connecticut Constitution is not a federally protected right.  After determining that none of plaintiff's federally

protected rights had been violated, the court declined to exercise supplemental jurisdiction.  See United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966) (holding that the federal court's exercise of supplemental jurisdiction over state law claims is matter of discretion, not of right).  Plaintiff can pursue his state law claims in state court.

Plaintiff also disagrees with the court's analysis of his claims regarding his alleged rights to have correctional staff comply with grievance procedures, to have regulations promulgated that would afford him additional rights under the institutional grievance procedure, to have a free telephone call to the Office of the Chief State's Attorney, and to equal protection.  Plaintiff has identified no evidence or law that the court failed to consider with regard to these claims.  Thus, he has identified no basis for relief from judgment.  Plaintiff's motion seeking relief from judgment is denied.

IV.     Conclusion

Plaintiff's motion for extension of time to file his notice of appeal [**Dkt. No. 72**] is **DENIED** without prejudice as premature.  Plaintiff's motions for appointment of counsel [**Dkt. No. 71**] and for relief from judgment [**Dkt. No. 73**] are **DENIED**.

**SO ORDERED.**

Dated this 24th day of February, 2005, at Bridgeport, Connecticut.


/s/ Janet C. Hall
Janet C. Hall
United States District Judge