UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LUIS FERNANDEZ | : | PRISONER<br>CIVIL NO. 3:03CV583 (JCH)(HBF) |
| v. | : | |
| JOHN ARMSTRONG, ET AL. | : | FEBRUARY 22, 2005 |

### MEMORANDUM IN RESPONSE TO
### PLAINTIFF'S MOTION FOR CHANGE IN VENUE

By Motion for Change of Venue dated January 24, 2005 and received February 15, 2005, plaintiff pro se inmate asks this Court to transfer this case to another district "in the interests of justice and for the protection of the plaintiff Pro Se fundamental Right" apparently because the Court returned his Motion for Disqualification because, at the time, the record indicated that the case was closed. Plaintiff's Motion, p. 2. Plaintiff subsequently claimed that his pleadings were timely under the Prisoner Mailbox Rule. We urge the court to deny the request.

It is well settled that motions for transfer lie within the broad discretion of the district court and are determined on a case-by-case basis. In re Cuyahoga Equip. Corp., 980 F.2d 110, 117 (1992). However, that discretion is not unlimited, nor is it subject to plaintiff's self-interest. Transfers may be made "in the interests of justice" or "for the convenience of the parties and witnesses." 28 U.S.C. § 1404(a). A transfer can be made "to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). See also, § 1404(a), supra. "In determining whether transfer is warranted, the following factors are considered relevant: (1) the convenience of the parties; (2) the convenience of material witnesses; (3) plaintiff's choice of forum; (4) where the operative facts occurred; (5) the availability of process to compel appearance of unwilling witnesses; and (6) trial efficiency and other considerations affecting the interests of

justice." Bridgeport Machines, Inc. v. Alamo Iron Works, Inc., 76 F. Supp. 2d 214, 216 (D. Conn. 1999). That plaintiff thinks the court made a wrong ruling, post-judgment, is not grounds for transfer. Post-filing forum shopping is not a reason for granting transfer; to the contrary, it is reason for preventing transfer. See, e.g., Spar, Inc. v. Information Resources, Inc., 956 F.2d 392, 395 (2nd Cir. 1995). Moreover, considering the fact that this case concerns a complaint by a Connecticut inmate claiming insufficient access to the library, typewriters and photocopy services at the Cheshire Correctional Institution, the availability of another district with jurisdiction is inconceivable.

Accordingly, we urge the court to deny plaintiff's motion.

DEFENDANTS
John Armstrong, et al.

RICHARD BLUMENTHAL
ATTORNEY GENERAL

BY: \_\_\_\_\_/s/_____
Robert F. Vacchelli
Assistant Attorney General
110 Sherman Street
Hartford, CT  06105
Federal Bar #ct05222
E-Mail:  robert.vacchelli@po.state.ct.us
Tel.: (860) 808-5450
Fax: (860) 808-5591

## **CERTIFICATION**

I hereby certify that a copy of the foregoing was mailed to the following on this 22nd day of February, 2005:

Luis Fernandez, Inmate No. 279900
MacDougall-Walker Correctional Institution
1153 East Street South
Suffield, CT  06080

_____/s/_____
Robert F. Vacchelli
Assistant Attorney General