UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LUIS FERNANDEZ | : |
| | : PRISONER CASE NO. |
| v. | : 3:03-cv-583 (JCH) |
| | : |
| JOHN J. ARMSTRONG, et al. | : APRIL 6, 2005 |

**RULING ON MOTION FOR CHANGE OF VENUE [Dkt. No. 78]
AND MOTION TO PROCEED IN FORMA PAUPERIS ON APPEAL [Dkt. No. 81]**

On December 7, 2004, the court granted defendants' motion for summary judgment and ordered this case closed. Judgment entered on December 8, 2004. On February 16, 2005, the court received plaintiff's January 24, 2005 motion for change of venue.

Plaintiff's motion for change of venue should be denied for several reasons. First, this case is closed, and plaintiff has filed a notice of appeal. Thus, there is no further action to be taken in the district court.

Second, plaintiff asks the court to transfer this action to another district because the court is not liberally construing his papers. In support of his request, he states that the court, Fitzsimmons, M.J., ordered his motion for disqualification returned because this case was closed when his motion reached the court. Plaintiff states that his motion was dated December 17, 2004. Because judgment had entered before plaintiff prepared his motion, the order returning that motion was not improper. Plaintiff also states that he was not afforded time to respond to defendants' memorandum in opposition to his motion for disqualification. Because plaintiff never refiled his motion, the court had no reason to consider defendants' opposition to that motion. Thus, plaintiff's inability to file a reply had no effect on this case. The court concludes that

plaintiff's reasons for seeking a change of venue are without merit.

Finally, even if the court were to credit plaintiff's contentions, he has provided no reason warranting transfer of this case. The statute governing venue provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). To transfer a case pursuant to this statute, therefore, the court must determine that plaintiff could have filed his action initially in the district to which he seeks to have the case transferred and that the transfer would promote the convenience of the parties and witnesses and be in the interests of justice. See Schnabel v. Ramsey Qualitative Sys., Inc., 322 F. Supp. 2d 505, 514-15 (S.D.N.Y. 2004) (citations omitted).

Plaintiff does not identify any district to which he seeks to have this case transferred. In addition, he states in his amended complaint that he and all defendants reside in Connecticut. The incident giving rise to this action also occurred in Connecticut. The court can discern no other district that would have personal jurisdiction over all parties and be a more convenient forum. Plaintiff's motion for change of venue [Dkt. No. 78] is denied.

Plaintiff also seeks leave to proceed in forma pauperis on appeal. By endorsement filed May 2, 2003, plaintiff was granted leave to proceed in forma pauperis in the district court. In the ruling granting defendants' motion for summary judgment, the court did not indicate that any appeal would not be taken in good faith. Thus, plaintiff is entitled to proceed in forma pauperis on appeal without further action by the district court. Plaintiff's motion [Dkt. No. 81] is denied as moot.

In conclusion, plaintiff's motion for change of venue [**Dkt. No. 78**] is **DENIED** and his motion to proceed <u>in forma pauperis</u> on appeal [**Dkt. No. 81**] is **DENIED** as moot.

**SO ORDERED.**

Dated this 6th day of April, 2005, at Bridgeport, Connecticut.

/s/ Janet C. Hall
Janet C. Hall
United States District Judge