UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LUIS FERNANDEZ | : | PRISONER |
| | : | NO. 3:03CV583(JCH)(HBF) |
| VS. | : | |
| | : | |
| JOHN ARMSTRONG, ET AL. | : | MAY 11, 2005 |

## MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR CORRECTION OF JUDGMENT

By pleading dated April 28, 2005,[1] and titled "Motion for Correction of Judgment," plaintiff pro se inmate seeks an order from the court correcting its December 8, 2004 judgment granting summary judgment to the defendants in this case. We urge the court to deny the motion.

Despite its title, plaintiff's motion complains about substantive matters, not clerical errors. Clerical errors are not matters affecting substantive rights. Sherrod v. American Airlines, 132 F.3d 1112, 1117 (5th Cir. 1998).

On substantive points, Rule 60(b) provides, in pertinent part, as follows:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or

---

[1] The pleading is too late to suspend the running of the time to appeal. Rule 4(a)(4)(A)(vi) F.R.App.P.

>discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying from the operation of the judgment.

Rule 60(b), F.R.Civ.P.

A Rule 60(b) motion cannot be used as a substitute for an appeal. Plaintiff's contentions are nothing more than a dissatisfaction with the result of the case, which may be appropriate for appellate review, but not for Rule 60 relief. McCarthy v. Mayor, 827 F.24 1310, 1318 (9th Cir. 1987). Although district courts are something allowed to correct obvious errors of law, such as overlooking controlling statutes or case law in the context of a Rule 60 motion, such a motion is an improper vehicle for raising or testing contentions which are arguable at best. In re Ta Chi Navigation, 728 F.2d 699, 703 (5th Cir. 1984).

A motion under Rule 60 is addressed to the trial court's discretion and is generally not reviewable except for clear abuse of discretion. Mendell v. Gollust, 909 F.2d 724, 731 (2nd Cir. 1990).

In his Motion, plaintiff complains that defendants failed to provide him with the names of second level grievance coordinators Santini and Cornacchia pursuant to the automatic disclosure requirements of Rule 26, F.R.Civ.P. This challenge should be rejected because: (1) this procedure does not apply to pro se inmate lawsuits like this case. Local Rule 26(e)(3); (2) plaintiff already has the names, as his motion indicates, so, his complaint is moot; (3) plaintiff's complaint does not state a claim concerning errors in the grievance procedures. See Ruling, pp.

13-14, so there is no need to make disclosure on this subject, and (4) plaintiff made no automatic disclosures either, so he has no cause to complain.

Furthermore, plaintiff appealed this matter to the United States Court of Appeals for the Second Circuit where it is docketed in No. 05-1163pr. The trial court ordinarily has no further jurisdiction over this matter. Leonhard v. United States, 633 F.2d 599, 609 (2nd Cir. 1980), cert. denied 451 U.S. 908 (1981)

For all of the foregoing reasons, we urge the court to deny plaintiff's motion.

DEFENDANTS,
John Armstrong, et al.

RICHARD BLUMENTHAL
ATTORNEY GENERAL


BY:_____/s/_____
    Robert F. Vacchelli
    Assistant Attorney General
    Federal Bar No. ct05222
    110 Sherman Street
    Hartford, CT  06105
    Telephone No.: (860) 808-5450
    Fax No.: (860) 808-5591
    E-mail: robert.vacchelli@po.state.ct.us

**CERTIFICATION**

I hereby certify that a copy of the foregoing was mailed to the following on this 11th day of May, 2005:

Luis Fernandez, Inmate No. 279900
MacDougall-Walker Correctional Institution
1153 East Street South
Suffield, CT  06080

                                                    _____/s/_____
                                                    Robert F. Vacchelli
                                                    Assistant Attorney General