UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

Luis Fernandez, : PRISONER
 : Case: 3:03CV 583
VS. : (JCH)(HBF)

John Armstrong, et al : May 23, 2005

## PLAINTIFF'S OPPOSITION & OBJECTION TO DEFENDANTS MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR CORRECTION OF JUDGMENT

Now Comes the plaintiff pro-se and in protection of his civil Rights request this Court to grant this foregoing opposition & objection upon defendants Memorandum in opposition to plaintiff Motion for Correction of Judgment As for the following reasons:

1. The district Court can correct or revise according to Rule 60(b) and under Rule 59(b)(3) other Misconduct of an Adverse party which is not a substitute for an Appeal.

2. Rule 26, F.R.Civ.P. apply to All civil procedures such as this case and including this case filed under Fed. Rules. Civ. P.

1 of 3

3. The Complaint is **not** or can **not** be "moot" because an Appeal is live and defendants violations of Rule 26, F.R.Civ.P. deprived the plaintiff pro-se from presentation of the Names of second level grievance Coordinators Santini and Cornacchia in the Complaint for Opposition Summary Judgment while at the District Court.

4. The plaintiff pro-se civil Rights Complaint includes claims against defendant AHMED Grievance Coordinator and Grievance Reviewer WARDEN Hector Rodriguez concerning the Grievance procedures from Cheshire D.O.C.

5. The plaintiff pro-se did in fact made automatic disclosures in support of his claims Attached and Markes As Exhibits threw-the entire Civil Rights Complaint.

Wherefore, the Court should grant plaintiff opposition & Objection to defendant's Memorandum May 11, 2005 which is without Merit.

Respectfully Submitted,

Luis Fernandez
M.C.I.
1153 east st south,
Suffield, CT 06080

2 of 3

## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed to the following defendants Attorney on this 23 day of May, 2005.

Robert F Vacchelli,
Ass. Att. Gen.
110 Sherman St,
Hartford, CT 06105

Luis Fernandez
Pro-se

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

Luis Frenandez, pro-se          :     PRISONER

V.                              :     case:3:04cv1092
                                         (WWE)(HBF)

J.J.Armstrong, et al            :     Date: May 23, 2005

MOTION FOR DE NOVO REVIEW OF MEMEORANDUM OF DECISION[Docs.##7,8]

The plaintiff under pro-se and in protection of his civil rights moves for de novo review of memorandum of decision [docs.##7,8] were the judgment should be suspended and reconsidered for clearly erroneous or contrary to law.

I. The plaintiff pro-se has a guarantee right under the seventh amend. to a jury trail in any civil case before a Federal court were as this case exceeds $ 5 million dollars and the plaintiff has already made the request for jury trail threw his civil rights complaint.

II. The plaintiff pro-se argues that he is presently in danger of irreparable injury do to the Dept. of Correctional policy of denial of guarantee access to the court's as provided in the attached Ex. 1 herein which the Supreme court has recognized that the intentional obstruction or clearly denial of access to the courts violates the United States Constitution and cause irreparable injury which this court should be familiar with LEWIS V. CASEY,(1996).

III. The plaintiff also argues that Walker C.I. and Macdougall C.I. are under the same managment unit were defendants Golden, J.Breedlove, Nesta, S.Maylro, Miller, Derota, Rodriguez, Garvey and other presently work and have enough access to the plaintiff person where defendants can arrange to fabricate physical evidence, inflict cruel and unusual punishment or even arrange the killing of the plaintiff for filing this civil rights complaint which the court of connecticut are aware of D.O.C. criminal acts.

IV. The plaintiff pro-se now notifies this court of that any harm or injury done to him or suit after providing sufficient evidence by itself to require the granting of preliminary injuct-

1 of 2

ion this court will be held responsable and should take action in order to protect civil guaranteed civil rights instead of waiting for something to take place.

Wherefore, the memorandum of decision [docs.##7,8,] should be suspended as clearly erroneous or contrary to law and reconsider the plaintiff pro-se motion to dispense with the requirements of security and motion for temporary restraining order and/or preliminary injuction.

RESPECTFULLY SUBMITTED,

_____
Luis Fernández,pro-se
M.C.I.,
1153 east st. south,
suffield,CT06080

CERTIFICATION

I hereby certify that the following was mailed to this district corut clerks office on this 23 day of May,2005.

_____
Luis Fennadez,pro-se,





# STATE OF CONNECTICUT
## Department of Correction
### Operations Division
24 Wolcott Hill Road
Wethersfield, CT 06109

TO: DISTRICT ADMINISTRATORS
WARDENS

FROM: Brian K. Murphy, Deputy Commissioner

DATE: March 25, 2004

RE: INMATE ACCESS TO CONNECTICUT COURTS

Attached please find a notice to the inmate population regarding access to Connecticut courts. In addition to the memo, you will find additional related information regarding access to courts. Please be advised that you are to take the following action:

1. Post both the Notice to the Inmate Population and the related information in all housing units and Libraries;
2. Educate and have copies available for staff that deal with the inmate population; i.e. unit managers and counselors;
3. Add the enclosed notice and related information to the Inmate Handbook, in its entirety;
4. Provide the attached habeas form in locations where other court related forms are currently stored;
5. All other court related forms are to be removed from the facility.

In regards to photocopying for inmates, such requests shall be processed in accordance with Administrative Directive 3.10, Fees, and Reimbursements, specifically Section 8C.

Please contact my office if you have any questions.

BM/llm

Attachment

cc: Theresa C. Lantz, Commissioner
Carol Salsbury, Deputy Commissioner
Dennis Jones, Director
Mary Johnson, Director
Brian Garnett, Director
Steve Strom, Assistant Attorney General
file

# NOTICE TO THE INMATE POPULATION
# REGARDING ACCESS TO CONNECTICUT COURTS
### March 25, 2004

The Connecticut Department of Correction is not obligated to provide inmates with access to court by maintaining law libraries or legal forms in the various correctional institutions. Any such material that may be located in DOC facilities is not intended to serve as a method of providing inmates access to court.

Any inmate who wishes to seek assistance or advice concerning his or her criminal case(s) should contact the attorney or Public Defender's Office, which is representing or assisting you now or has represented or assisted you in the past.

The Department of Correction contracts for the provision of legal assistance to inmates in *civil* legal matters for issues arising from terms and conditions of confinement. For a description of the extent of such legal service and the format for its provision you should read that section of your Inmate Handbook which is entitled, "Access to Court." If you require assistance in reading or in understanding this section you should contact:

Inmate's Legal Assistance
P.O. Box 260237
Hartford, CT 06126-0237
1-800-301-ILAP (4527)

These calls shall be deemed "privileged" in accordance with Administrative Directive 10.7 – Inmate Communications.

*[signature]*
Brian K. Murphy
Deputy Commissioner

Rev. 3/24/04