# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

Luis Fernandez           : Case: 3:03-CV-583(JCH)(HBF)

V.                       : Dec. 6, 2005

J. J. Armstrong, et al   :

## MOTION FOR RESTATEMENT OF REASONS FOR RELIEVING FINAL JUDGMENT UNDER RULE 60(b) WITH APPENDIX

Comes Now, Luis Fernandez, plaintiff pro-se in protection of his Civil Rights and fundamental Rights' Requests for Restatement of Reasons for Relieving final Judgment entered on Dec. 8, 2004, DKT. on 12/9/04, under Rule 60(b) because of (1) Mistake, inadvertence, surprise, or excusable neglect, (2) Newly discovered evidence, (3) Fraud... Misrepresentation or other Misconduct of an adverse party, (4) the Judgment is void, (5) the Judgment has been Released, satisfied or discharged, OR (6) any other Reason justifying the Relief from the operation of Judgment.

I. Plaintiff pro-se Witness Statement to support Claims of equal protection in order to Relieve Decision, pgs 16-17, [DKT. NO. 46].

The plaintiff pro-se in support of his claims of equal protection submits pursuant Surprise, Newly discovered evidence or any other reason justifying the relief of decision, pgs 16-17 [DKT. NO. 46] the sworn under 28 U.S.C. § 1746 Affidavit of V. Outlaw #116051, witness statement, where the plaintiff pro-se now provides the affidavit of V. Outlaw #116051, witness statement in support of the denied equal protection of the law claims, see Appendix Ex 1. V. Outlaw #116051, witness statement.

A) In fact, the plaintiff pro-se while similarly situated as V. Outlaw #116051 and M. Page #106481, Prior to July 16, 2002, had all asked that their names be added to the list to use the Resource Center, but the plaintiff pro-se was not assisted and unequally treated for filing grievances and complaining to the defendant Unit Manager Ms. Hannah, see Appendix Ex. 1. V. Outlaw #116051, witness statement, supporting the Relieve of Decision, pgs-16-17 [DKT. NO. 46].

B) Moreover, the plaintiff pro-se did in fact presented Correctional officials with evidence of his pro-se status in a direct and collateral Appeal were it is require and necessary assistance with typewriters, photocopies and adequate library access in order to comply with Appellate Court Rules for drafting Motions and briefs, see Appendix Ex 2. Emergency Access Request form date 7-31-02, Inmate Institutional Pass date 8/30/02 to see LT. Roby, Appellate Court

First Term Sept. 2002, Assignment For Days (17) AC 23097 Copies, which defendants J.J. Armstrong et.al. ignored and denied Reasonable and Meaningful adequate opportunity to Comply with Appellate Court Rules Causing as injury the dismissal of plaintiff pro-se direct and collateral Appeal of the Asset Forfeiture Case were he was acting as the defendant-Appellant pro-se, see Appendix Ex 3. Oct. 10, 2002 ORDER.

C) The plaintiff pro-se provides now evidence to support his claims of unequal treatment by the presentation of V. Outlaw # 116051 Sworn Affidavit date 12-6-05, even after already provided evidence of the unequal treatment with the Inmate Grievance Form A, level 1 date 8/6/02 presented in the Verified Amended Complaint as Ex. "E" is again submitted and presented as evidence in Appendix Ex 4. Inmate Grievance Form A, level 1, in order to provide evidence of the unequal treatment Claims and Relieve Decision, pgs 16-17 [DKT No. 46].

D) However, the District Court must take also into Consideration the fact that defendants did not "provided all the Resource Center Records since these could not be located," see Appendix Ex 5. Brief pg 32 for defendants-Appellees, which the district Court Cannot serve as a fact finder were defendants lack of evidence to be granted summary judgment against the plaintiff pro-se Equal protection

3 of 10

claims when the plaintiff pro-se has Met his burden of demostrating a genuine issue of Material fact warranting the Relieve of Decision, pgs 16-17 [DKT No. 46] and denial of Summary Judgment on this issue providing V. Outlaw #116051 sworn affidavit witness statement in Appendix Ex 1. evidence to support this claim.

e) Furthermore, defendants et al Could **not** provide Authentic documents showing the plaintiff pro-se Attendence to the Resource Center, see Appendix Ex. 6. Candance Hall and Major Hall Affidavits, which allegations by def. Candance Hall and Major Hall in Affidavits without support of Authentic documents are improper for granting defendants Summary Judgement when the district Court had even found plaintiff pro-se Allegations to be sufficient to survive a Motion to dismiss, see Decision pg 17 [DKT NO. 46]. The district Court Cannot serve as a fact finder were defendants lack of evidence to be granted Summary Judgment against the plaintiff pro-se Equal protection claims when the plaintiff pro-se has Met his burden of demostrating a genuine issue of Material fact warranting the Relieve of Decision, pgs 16-17 [DKT NO. 46] and now providing V. Outlaw #116051 sworn affidavit witness Statement see Appendix Ex. 1, As evidence in support of the equal protection claims.

II. <u>Plaintiff pro-se Newly discover, Witness statement to Support Retaliation Claims for filing Grievances against Prison officials in order to Relieve Decision [DKT No. 46].</u>

The plaintiff pro-se in support of his claims of retaliation for filing Grievances against Prison officials submits pursuant Surprise, Newly discovered evidence or any other Reason justify the Relief of decision [DKT NO. 46] the Sworn under 28 U.S.C. § 1746 Affidavit of V. OUTLAW #116051, witness statement, where the plaintiff pro-se provides proof that he was treated differently and with discriminatory intent, see Appendix Ex. 1 Affidavit of V. OUTLAW #116051.

A) In fact, the plaintiff pro-se while similarly situated as V. OUTLAW #116051 and M. Page #106481, prior to July 16, 2002, had all asked that their names be added to the list to use the Resource Center, but the plaintiff pro-se was not assisted and unequally treated/retaliated for filing grievances and complaining to the defendant Unit Manager MS. Hannah, see Appendix Ex. 1. V. OUTLAW #116051, witness statement, sufficient to support plaintiff pro-se arguments of Retaliation activity as verified in the Amended Complaint with Ex. A-T and disputed in defendants brief for Appeal pgs 28-29, see Appendix Ex 7 defendants/Appellee brief pgs 28-29, where the plaintiff pro-se exercise of filing Inmate Grievances is protected by the First Amendment U.S.C. and Conn. Const Art. First § 14, In part, "citizens have a right, to apply to

5 of 10

those invested with the power of government, for Redress of grievances", and defendants Retaliation Conducts Complained in the grievances are in response to the guarantee Rights to access the Courts which extends to direct Appeals, Due process clause, equal protection Clause, First Amend., and the privileges and Immunites of Article IV of the Constitution Are the bases for the plaintiff pro-se Right, see Appendix Ex. 8. ~~Inmate~~ Grievances dates 7-27-02, 8-6-02, 9-6-02, 10-8-02 and 8-16-02, Meeting his burden of demostrating a genuine issue of material fact warranting Relieve of Decision [DKT. NO. 46] which supports Retaliation Claims for filing Grievances and complaints, see, Appendix Ex 1. V. OUTLAW #116051, witness statement.

B) Moreover, the U.S.D. Judge Janet C. Hall manifest errors of law or fact or to Consider Newly discovered evidence in [DKT NO. 86]. The plaintiff pro-se first points to the Manifest errors of law as the U.S.D. Judge Janet C. Hall did not look to the law under Rule 56(c) of the Federal Rules of Civil Procedure as this is the substantive law's identification of which facts are irrelevant that governs the materiality determination, and any proof or evidentiary requirements imposed by substantive law are not germane to this inquiry, since Materiality is only a criterian for categorizing factual disputes in their Relation to the legal element of the

6 of 10

the plaintiff pro-se claims that defendants failed to comply with the institutional grievance procedures and not a criterion for evaluating the evidentiary underpinnings of those disputes presented in plaintiff pro-se Action, which the U.S.D. J.C.H. weigh of the Newly discovered Names and addresses of Second level Grievances Coordinators Santini and Cornacchia to determine the Constitutionally or federally protected Right of the Matter is clearly erroneous and contrary to laws pursuant Summary Judgment and Judgment on the pleadings § 5 - determination of Judge's function and Rule 56(c). The Court U.S.D. J.C.H. did in fact overlooked - the Newly discovered Names and address of Second level Grievance Coordinators Santini and Cornacchia evidence presented which supports plaintiff pro-se included claim that defendants failed to comply with the Institutional grievance procedures where the plaintiff pro-se filing of prison Grievances is protected by the First Amendment U.S.C. and Const. of Connecticut Article first § 14, Citing Davis v. Goord, 320 F.3d 346 (2d cir. 2003), and having the plaintiff pro-se presented Newly discovered evidence to alter the Conclusion Reached by the Court on [DKT. 68 at 13-14] supports the U.S.D. Judge Janet C. Hall Manifest errors of law which decision [DKT. 86] warrants' Relieve.

Secondly, the U.S.D. Judge Janet Hall in Ruling and order [DKT NO. 86] denied plaintiff pro-se Motion

to Correct Judgment proofs the Court U.S.D.J.C.H. failure to interpret, the plaintiff pro-se Newly discovered Names and addresses of second level Grievance Coordinators Santini and Cornacchia where in the Verified Amended Complaint the plaintiff pro-se asserted the Claim's that defendants failed to comply with the institutional grievance procedures to rebut the defendants Motion For Summary Judgment in this Case, but instead the Court U.S.D.J.C.H. held the plaintiff to difficult standards even with the Newly properly presented evidence per Rule 60(b), [DKT. No. 86].

The plaintiff pro-se third and final point to the Manifest errors to Consider Newly discovered evidence in Ruling and Order [DKT. 86] is that the plaintiff pro-se did identifyed Newly discovered evidence in support of the Claim's that defendants failed to comply with the institutional grievance procedures meeting the standard Requirement to grant Judgment on the pleading §5, Constitutional law §948 and Evidence §176 which Warrants the Relieve of Decision [DKT. 86], in this Case against the plaintiff pro-se pursuant Rule 60(b).

III. <u>District Court Ruling and ORDER [DKT. 86] Must be Vacated as clearly erroneous and Contrary to laws.</u>

The U.S.D. Juge Janet C. Hall decision in [DKT 86] in denying the plaintiff pro-se Motion to Correct Judgment

is clearly erroneous and contrary to laws, when in fact the plaintiff pro-se did provided the courts with the defendant's Armstrong, et al failures to adhere to the requirements of F.R.C.P. 26 (A)(1), were answering party must provide the other side, even without a discovery request with names, I.D., address, etc of information pertaining to the case such as the names and addresses of second level Grievance Coordinators Santini and Cornacchia. These two grievance Coordinators are relevant to the resolution of this action claims that defendants failed to comply with the institutional grievances procedures because Complaints in Grievances are about the condition of Confinement were the defendants state prison officials actively interfered with the plaintiff pro-se while being pro-se defendant in his direct appeal with the plaintiff pro-se attempts to prepare legal documents according to Appellate Court Rules and plaintiff's both state and federal rights to petition the government for redress of Grievances which warrants the vacate of Decision [DKT. 86] in this case against the plaintiff pro-se pursuant Rule 60(b).

Wherefore, these foregoing reasons, Ruling and Orders DKT. 86, 68 and 46 must be Vacated as clearly erroneous and contrary to laws, were in this case I.F.P. has bin granted and the Court cannot dismiss

9 of 10

Simply because it finds the plaintiff's allegations unlikely.

Respectfully Submitted,

Oral Argument Requested

Luis Fernandez
1153 East St South,
Suffield, CT 06080

## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed to the following on this 6th day of Dec., 2005.

Attorney Robert F. Vacchelli
MacKenzie Hall
110 Sherman Street,
Hartford, CT 06105

Luis Fernandez
Pro-se

10 - of 10