IN THE UNITED STATES DISTRICT
COURT DISTRICT OF CONNECTICUT

2005 DEC 22  P 12: 39

Case: 3:03CV583(JCH)(HBF)

December, Term, 2005

Luis Fernandez, pro-se
Plaintiff

V.

J. J. ARMSTRONG, et Al,
DEFENDANTS

APPENDIX TO PLAINTIFF PRO-SE MOTION FOR
RESTATEMENT OF REASONS FOR RELIEVING
FINAL JUDGMENT UNDER RULE 60(b).

Luis Fernandez
Plaintiff Pro-Se
1153 East St. South,
Suffield, CT 06080

# APPENDIX TABLE OF CONTENTS

Pages

A. AFFIDAVIT OF V. OUTLAW #116051
   IN SUPPORT OF WITNESS STATEMENT ... Ex. 1

B. Emergency Access Request forms date 7-31-02,
   8/2/02 and 8/5/02; Inmate Institutional
   Pass date 8/30/02 to see LT. Roby; Appellate
   Court First Term Sept. 2002, Assignment For Day(s)
   (17) AC 23097 Copies . . . . . . . . . . . . . . . Ex. 2

C. Appellate Court ORDER date 10/10/02 Appeal
   dismissal . . . . . . . . . . . . . . . . . Ex. 3

D. Inmate Grievance Form A, level 1 date 8/6/02 ... Ex. 4

E. Defendants-Appellees Brief pg 32 . . . . . Ex. 5

F. Candance Hall and Major Hall Affidavits . . . . Ex. 6

G. Defendants-Appellees Brief pg 28-29 . . . . . . Ex. 7

H. Inmate Grievances dates 7-27-02, 8-6-02,
   9-6-02, 10-8-02 and 8-16-02 . . . . . . . . . Ex. 8

# ATTACHMENT A

# UNITED STATES DISTRICT COURT DISTRICT OF CONNECTICUT

# AFFIDAVIT OF V. OUTLAW 116051# IN SUPPORT OF WITNESS STATEMENT

I hereby make the following statement without fear, threat or Promise to the best of Knowledge and ability.

On Prior to July 16 2002, I V. Outlaw 116051 while in Cheshire Dept of Corrections and in Housing unit North black 1 with other two inmates by the names of M. Page #106481 and Luis Fernandez 279900 who was pro se in an appeal requested to be listed to use the Resource Center. I V. Outlaw 116051 and m Page 106481 were the ones Assisted but Luis Fernandez 279900 was not Assisted for Filing Grievances and Complaining to the unit Manager Ms. Hannah. I V. Outlaw 116051 was present with m. Page 106481 and Luis Fernandez 279900 when requested to be

listed to use the Resource center prior to July 16, 2002.

Pursuant to 28 U.S.C. Sec 1746 I declare under penalty of perjury that the foregoing is true and Correct to the best of Knowledge

WITNESS

V. Outlaw 116051

Sworn to before me This 6th Day of December 2005

NOTARY Public                    exp. Mar 31, 2007

# EXHIBIT B

Emergency Access Request Form

(please print the following)

Name Luis Fernandez ___ I.D. 279900 Housing NB118

Date 7-31-02

(circled) NB118

Attach a copy of the document that proves that you will suffer legal prejudice, i.e., injury or harm in court which cannot be corrected, if you do not get emergency access. Emergency access excludes anyone who can get a motion for an extension of time from the court. This form is invalid without an attached copy that is verifiable.

Court date Pending Appeal "Pro-se"

Further explanation: PURSUANT to the 6 member Pro-se Act & Appeal court proceeding § 66-3 pract. Book, I need to be Assisted and given the opportunity to type-written and Copy certify the Motions that Are to be filed in Appellants defense, where this Emergency Request should be Approved neing on Appellant Court proceedings and "Ferett" Pro-se, Access to Courts; Ms. Maira R. Sheehan can consent to this matter at (860) 258-580-

Signature of Applicant _____

Date 8/2/02

258-580-
Paralegal

Approved _____ 
Unit Manager

Date 8/2/02

Approval _____
Librarian

Date _____

Period of Duration _____

## Emergency Access Request Form

(please print the following)

Date 7-31-02

Name Luis Fernandez    I.D. 279900    Housing ~~NB100~~

SB602

Attach a copy of the document that proves that you will suffer legal prejudice, i.e., injury or harm in court which cannot be corrected, if you do not get emergency access. Emergency access excludes anyone who can get a motion for an extension of time from the court. This form is invalid without an attached copy that is verifiable.

Court date Pending Appeal "pro-se"

Further explanation: ~~Pursuant to b~~ the 6 amendment Pro-se Act & Appeal court proceeding § 66-3 puct Book, I need to be Assisted And given the opportunity to type-written and Copy certify the Motion that Are to be filed in Appellants defense; where this Emergency Request should be Approved relying on Appellant Court proceedings and "Ferritt" Pro se, Access to Courts; Ms. Maira R. Sheehan can consent to this matter At (860) 258-S807 Paralegal.

Approved UMM    Signature of Applicant
Unit Manager    Date 8/2/02

Approval    Date 8/5/02
Librarian

Period of Duration 8/10 - 8/21

since there is no date    courtesy 15 day period

Received 8/5/02

Ex - O'

**STATE OF CONNECTICUT**
**DEPT. OF CORRECTION**
**CONN. CORR. INST. - CHESHIRE**

CCCC ☐
CYIC ☐

INMATES INSTITUTIONAL PASS

Pass Inmate _FERNANDEZ_     8/30/03     20 ____     No _379900_

From _PB603_     to _Lt Office LT Roby_

Issued by _Hardley_     at _1830_ (A.M.) (P.M.)

Inmate arrived at ___ (A.M.) (P.M.), left at ____ (A.M.) (P.M.)

_____
                                                            Title

Pass returned at _____ (A.M.) (P.M.)     _____
                                                            Title

CCCC-111          PASS GOOD ONLY ON DATE SPECIFIED

44

# THURSDAY, SEPT. 26, 2002

### THE FOLLOWING CASES ARE PRINTED FOR "FULL HEARING"

## 10:00 A.M.

**AC20386  HHD**
STATE OF CONNECTICUT
John A. East III,
Assistant State's Attorney
v.
**ANTONIO RIVERA**
Brian D. Russell,
Special Public Defender

**AC22129  LLI**
MOHINDER P. CHADHA, M.D.
Mohinder P. Chadha, pro se
v.
MYER B. SHIMELMAN, M.D., ET AL.
Thomas J. Ring,
Assistant Attorney General
Law Offices of Grant H. Miller, Jr.

**AC22395  LLI**
MOHINDER P. CHADHA
Mohinder P. Chadha, pro se
v.
CHARLOTTE HUNGERFORD
HOSPITAL ET AL.
Wiggin & Dana, LLP

## STANDBY CASE

**AC22156  FBT**
LEONARD L. CRONE
Leonard M. Crone
v.
JAMES CONNELLY ET AL.
Bridgeport City Attorney

---

*Counsel must identify themselves to the Clerk in Court not later than 15 minutes before the scheduled time of argument.*

*MICHELE T. ANGERS*
*Acting Chief Clerk*

---

# APPELLATE COURT

### FIRST TERM
### SEPTEMBER, 2002

## ASSIGNMENT FOR DAYS

### LISTED WITHIN ARE THE CASES ASSIGNED FOR DISPOSITION DURING THE PERIOD SEPT. 9 THRU SEPT. 27, 2002.

**1. If a case is assigned for full hearing, the time for oral argument is limited to twenty minutes for each side; for the motion calendar, the time is limited to five minutes each side. See P.B. § 70-4.**

**2. Counsel are urged to provide the Appellate Court with a minimum of 48 hours' notice in the event an appeal scheduled for full argument is to be withdrawn. See also P.B. §§ 63-9, 85-2, 85-3.**

**3. Cases are scheduled for a specific time, not necessarily in the order listed. Counsel must identify themselves to the Clerk in the Courtroom at least 15 minutes before the scheduled time of argument.**

**4. All cases will be heard at:**

**COURTHOUSE**
**95 Washington Street, Hartford, CT**
**COURTROOM NO. 406**
**4TH FLOOR.**

## 12

IN THE FOLLOWING MATTERS, COUNSEL AND PRO SE PARTIES ARE ORDERED TO APPEAR AND GIVE REASONS, IF ANY, WHY THE APPEALS SHOULD NOT BE DISPOSED OF P.B. § 85-1, AND WHY SANCTIONS SHOULD NOT BE IMPOSED, P.B. § 85-2, FOR FAILURE TO FILE THE DOCUMENTS LISTED OR TO PURSUE THE APPEAL WITH DILIGENCE. FAILURE TO APPEAR AT THIS HEARING AS ORDERED WILL SUBJECT COUNSEL AND PRO SE PARTIES TO THE IMPOSITION OF SANCTIONS INCLUDING, BUT NOT LIMITED TO, MONETARY SANCTIONS, FINES, AND/OR PROHIBITION FROM APPEARING   BEFORE THIS COURT. See G.S. § 51-84 and P.B. §§ 85-1, 85-2.

(12) AC22983
LANTERN PARK CONDOMINIUM ASSOCIATION
Brunnock & Cicchetti, L.L.C.
v.
RICHARD D. STADNICK ET AL.
Vincent C. Messina, pro se
Griffin & Griffin, P.C.
Robert L. Marconi,
Assistant Attorney General
Paul K. Pernerewski,
Assistant Attorney General
Law Offices of Howard L. Schiff, P.C.
Edward J. Kelleher

Briefs of the appellees due on or before July 8, 2002.

(13) AC22805
LT OVERSEAS LTD.
Law Offices of Geraldine Battistoli, LLC
v.
HARTEJ CORPORATION ET AL.
Feinstein & Hermann

Brief of the plaintiff-appellee due on or before July 22, 2002.

*Counsel must identify themselves to the Clerk in Court not later than 15 minutes before the scheduled time of argument.*

(continued)

## 13

(14) AC21802
DELORES D. STEWART
Delores D. Stewart, pro se
v.
LEROY STEWART
Julia von Schilling
Leroy Stewart, pro se

Brief of the defendant-appellee due on or before July 8, 2002.

(15) AC22816
STATE OF CONNECTICUT
Office of the Chief State's Attorney – Appellate Bureau
v.
ROBERT J. RECIO
Robert J. Recio, pro se

Amended court reporter's acknowledgement of estimated delivery date of transcript ordered or certificate of completion of the defendant-appellant due on or before April 5, 2002.

(16) AC23273
STATE OF CONNECTICUT
Office of the Chief State's Attorney – Appellate Bureau
v.
$7379.54 IN US CURRENCY
Billy G. Hunt, pro se

Court reporter's acknowledgement of transcript ordered by the defendant-appellant or certificate that no transcript is necessary due on or before July 9, 2002.

(17) AC23097
STATE OF CONNECTICUT
Office of the Chief State's Attorney – Appellate Bureau
v.
$1910.00 IN U.S. CURRENCY
Luis Fernandez, pro se

Preliminary Statement of Issues, Designation of Contents of Record, Certificate Re: Transcript and Docketing Statement of the defendant-appellant due on or before May 1, 2002.

*Counsel must identify themselves to the Clerk in Court not later than 15 minutes before the scheduled time of argument.*

(continued)

# ATTACHMENT C

# APPELLATE COURT

## STATE OF CONNECTICUT

AC 23097

STATE OF CONNECTICUT

v.

ONE THOUSAND NINE HUNDRED TEN DOLLARS

OCTOBER 10, 2002

## O R D E R

THE MOTION OF THE STATE OF CONNECTICUT, FILED JUNE 26, 2002 TO DISMISS THE DEFENDANT-APPELLANT'S APPEAL, HAVING BEEN PRESENTED TO THE COURT, IT IS HEREBY

**O R D E R E D**   DENIED.  IT IS FURTHER ORDERED, SUA SPONTE, THAT THE APPEAL WILL BE DISMISSED UNLESS THE DEFENDANT FILES HIS BRIEF ON OR BEFORE NOVEMBER 12, 2002.

BY THE COURT,

*Cipriana M. Kworek*

ASSISTANT CLERK-APPELLATE

NOTICE SENT:   OCTOBER 11, 2002
OFFICE OF THE CHIEF STATE'S ATTORNEY
LUIS FERNANDEZ, PRO SE

1268/3406

er

A - 226

# ATTACHMENT D

EX. E



# Inmate Grievance Form A, Level 1
## Connecticut Department of Correction

CN 9601 A
Rev. 1/8/02

| Inmate Name Luis Fernandez | | Inmate no. 279900 |
|---|---|---|

| Facility Cheshire | Housing unit NB118 | Date 8/6/02 |
|---|---|---|

☒ Line grievance   ☐ Line emergency   ☐ Health grievance   ☐ Health emergency

1. Informal resolution. Attach a copy of Inmate Request Form (CN 9602) containing the appropriate staff member's response, or indicate why the form is not attached. Attach the copy(s) of Inmate request form containing the response from staff(s).

2. Nature of grievance. Indicate the events and reasons that led you to file this grievance. Specify dates, places, personnel involved, and how you were affected. (If you need more space, use an 8 ½ by 11 inch sheet of paper and attach it to this form.) Prior to July 16, 2002 tuesday, this writer had requested with Inmates V. Outlaw # 116051 and M. page # 106481 necessary assistance for library access or reasearch where only the 2 inmates mention herein were assisted without delay while this writer name was not listed which denied the meaningful

3. Action requested. Describe what action you want taken to remedy the grievance. to be provided with adequate assistance for law library as every other inmate of African American and Caucasian race and with reasonable tools as some envelopes, paper, pen, typewriter assistance in order as rights to access the court while this writer continues to be in Cheshire D.O.C.

Inmate signature _____   8/6/02

You may appeal this decision within 5 days. Use Inmate Grievance Form B.

## FOR OFFICIAL USE ONLY – LEVEL 1 REVIEW

| IGP no. | | T no. | |
|---|---|---|---|
| Date received | | Disposition | Date of disposition |
| Grievance issue | | | |
| Reasons | | | |

Level 1 reviewer

C.C. Grievance Coordinator. Ahmed

Inmate: Luis Fernandez # 279900

Opportunity to Access the Court Attached herein Are request dates 7/16/02, 7/29/02 and 7/21/02 with 2 (two) different Emergency Access Approvals for Meaningful library Access which were submitted for 15 days each. The request date 7/16/02 Attached herein response date 7/19/02 by Librarian Ms. Hall Confirms that this writer was not listed As other inmates for library Assistance to reasearch and Access the Courts were this issue was brought to Counselor Super/ Unit Manager Ms. Hannah who Respond "to write Another request" ignoring the issues of prejudice Assistance for library Access Against this writer ON 7/29/02, were this writer submitted Another request date 7/29/02 Attached herein, with response from Librarian Ms. Hall; following request date 7/30/02 this writer Submitted the Attached Emergency Request date 7/31/02 to C.S./U.M. Ms Hannah who Approved but Librarian Ms Candace Hall eventhough A superior staff member Already Approved the Emergency Access Form she took Amonya her own to Copy and Submit her Emergency Access Approval As A " Courtesy 15 day Period" from 8/6/02 to 8/21/02 were for Absolutly no reason At All Librarian Ms. Candace Hall Contradicts the 15 days Approval by only Allowing 12 days As prove towards her wanton and reckless discriminatory Actions Against this writer. Citing, Gino V. Senkowski, 54 F.3d 1050, 1057 (2d Cir. 1995). Do to the Librarian Ms. Candace Hall prejudice Against this writer who Also informed the C.S./U.M. Ms. Hannah and further devial(s) by Counselor Beth Hallenn and Counselor Super. Bartholomew of reasonble Materials for Assistance in Accessing the Courts this writer was force to request A Handshiptransfer to Another level 4 facility do to the wanton and reckless Assistance of library Access and the intentional obstruction to Access the Court where this writer is pro-se in a direct Appeal At Appellate Court and has A criminal case pending see Attach request date 7-21-02 to Major Mr. Feliciano and Response Acted by A/warden Major Mr. Farrell who instructed CIS Bartholomew to place this writer in the transfer list but gave no confirmation that such transfer was ever going to take place which response to Inmate Date 8/6/02 clearly indicates that Cheshire D.O.C. Staff obstruction of the Court for Absolutly no Access this writer from meaningful Assistance to Access the Courts.

Respecfully
_____
_____ez



# Inmate Request Form
## Connecticut Department of Correction

CN 96.
Rev. 1/8/C

**Inmate Name** Luis Fernandez

**Inmate no.** 279900

**Facility** ChesHove

**Housing unit** NB118

**Date** 7/10/02

**Request** to be listed for Library wednesday and thursday.

*(continue on back if necessary)*

**Previous Action Taken** I requested library for tuesday and only a few selected were called to have Access. I want and written explanation why only the ones selected were given oportunity to be Assisted in there legal research? Response!

*(continue on back if necessary)*

**Submitted to** Librarian Ms. Hall    **Date** 7/16/02

**Acted on by**

**Action Taken and/or Response** Your name will be placed on the next available schedule

*(continue on back if necessary)*

**Response to Inmate Date** 7/18/02

**Staff Member Signature** [signature]

C.C. Luis Fernandez # 279900



# Inmate Request Form
## Connecticut Department of Correction

CN 9602
Rev. 1/8/02

| Inmate Name | Luis Fernandez | Inmate no. | 279900 |
|---|---|---|---|

| Facility | Cheshire | Housing unit | NB118 | Date | 7-29-02 |
|---|---|---|---|---|---|

**Request** for Emergency Access to Library Tuesday, Wendsday, and Thursday, Thank you, please Response

*(continue on back if necessary)*

**Previous Action Taken** I Already inform C.S. Unit Manager Harrall and she directed this matter to your Attercoin and Assistance.

*(continue on back if necessary)*

| Submitted to | Librarian Ms. Hall | Date | 7-29-02 |
|---|---|---|---|

**Acted on by**

**Action Taken and/or Response**

You need to complete an Emergency Access Request Form (attached)

*(continue on back if necessary)*

**Response to Inmate Date**

**Staff Member Signature**

C.C. Luis Fernandez #279900





# Inmate Request Form

## Connecticut Department of Correction

CN 9602
Rev. 1/8/02

WARDENS OFFICE

JUL 24 '5 2/ PM '02

**Inmate Name** Luis Fernandez

**Inmate no.** 279900

**Facility** Cheshire

**Housing unit** NB5 118

**Date** 7-21-02

**Request** for Hardship transfer to another level 4 Institution such as Garner Correctional Ins. because here at Cheshire there is no library assistance, no typewriter, no counseling, no counseling supervision or anything that can satisfy Inmates legal and meaniful Rights to Access the courts.

(continue on back if necessary)

**Previous Action Taken** to Counselor Beth Holloway and Counselor Supervisor Bartholomew are negligent to provide 5 legal envelopes, pen, paper so I could Access the courts, the Librarian MS. Hall does not knows why I was not called to the Research center on 7/16/02 when two Other inmates name V. Outlaw and M. paged were given Opportunity to Access legal research, There is no typewriter →

(continue on back if necessary)

**Submitted to** Operations Major Feliciano

**Date** 7-21-02

**Acted on by** A/Warden Farrell

**Action Taken and/or Response** I have instructed CIS Bartholomew to place your name on the transfer list. There is no indication when or if this transfer will occur. If you have issues with access to the Resource center, then you must contact your U/M for resolution.

(continue on back if necessary)

**Response to Inmate Date** 8/6/02

**Staff Member Signature** 7—Farrell   A/Warden

C.C: Luis Fernandez #279900

Operations Major Feliciano

# ATTACHMENT E

should be rejected.    As the district court correctly noted,
"[h]e  has  provided  no  evidence  to  support  this  claim."
Decision, p. 17.  He alleged that prior to July 16, 2002, he and
two other inmates asked that their names be added to the list to
use  the  Resource  Center  and  that  the  others  were  assisted
"without delay while he was not.  Decision, p. 16.   However,
although all records could not be located, available records
showed that plaintiff was in the Resource Center on four days in
July, 2002, including July 2 and 10.  See Exhibit A to Aff. of
Candace Hall, App. M.   There was no evidence of prejudice or
racial discrimination.   Thus, summary judgment correctly entered
for the defendants.

## XIII. Alternatively, Summary Judgment should be upheld due to plaintiff's failure to show personal participation or responsibility.

To prove a claim under 42 U.S.C. § 1983, the plaintiff must
show that the defendants were personally involved in the alleged
wrongdoing or contributed in some way to causing plaintiff's
alleged injuries.  See Poe v. Leonard, 282 F.3d 123, 140 (2nd
Cir. 2002); Wright v. Smith, 21 F.3d 496, 501 (2nd Cir. 1994).
In this case the plaintiff made no allegations against the
defendant Armstrong, and his claims against the defendants
Rodriguez, Feliciano, Hannah, Roby, Gallick, Knight, Muniz,
Major Hall, Brozozwski, Halleran and Bartholomew were vague, or
concern alleged notifications after the fact, or concern matters

# ATTACHMENT F

APPENDIX L

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LUIS FERNANDEZ | : | PRISONER<br>CIVIL NO. 3:03CV583 (JCH)(HBF) |
| v. | : | |
| JOHN ARMSTRONG, ET AL. | : | MARCH 29 2004 |

### AFFIDAVIT OF CANDACE HALL

State of Connecticut    )
                        ) ss: Hartford          March 25, 2004
County of Hartford      )


The undersigned, Candace Hall, being duly sworn, deposes and says:

1. I am the former librarian of the Resource Center at the Cheshire Correctional Institution in Cheshire, Connecticut and I am a named defendant in the above referenced case.

2. I was working as the librarian at the Cheshire Correctional Institution during the times in 2002 referenced in the plaintiff's Amended Complaint as an employee of the Connecticut Department of Correction.

3. At the times referenced in the plaintiff's Amended Complaint, the Resource Center was located in a room inside of the prison, and it contained a small collection of general reference materials, including some law books of statutes and cases, and some fiction and non-fiction materials and some newspapers and magazines. It also held between 4 to 7 operating electric typewriters, a photocopy machine available for authorized photocopies, and tables and chairs accommodating about 22 patrons.

A - 359

4. In this time period, due to the limited space, inmates were allowed to attend the Resource Center upon submission of a written request so as to give as many as possible with an interest the opportunity to use the Resource Center. Their names would be put on a waiting list.

5. To gain access, inmates would submit written requests and, on the days or times of day when their unit was eligible to use the Resource Center, their names would be taken from the waiting list. Plaintiff's housing unit typically was eligible to use the Resource Center 4 days per week. I would administer this process with the cooperation of custody staff.

6. After using the Resource Center, an inmate could submit another request, but his name would go to the bottom of the waiting list. Exceptions were made for bona-fide, documented emergencies.

7. I remember plaintiff as a frequent patron of the Resource Center who would sign up to use the facility as often as he could, and I would approve his access as often as I could. During the time periods in 2002 mentioned in his Amended Complaint, he was in about every week and often several times a week. In addition, he was also permitted to visit the Resource Center for approved photocopies. All documents proving his attendance could not be located, but several collected for me showing his attendance in the time period are attached in Exhibit A.

8. The typewriters located in the Resource Center were also available for inmates to use, again on a first-come, first-serve basis. Plaintiff could use the typewriter whenever he was in the Resource Center if it was not being used by another inmate. I believe that typewriters may also have been available for inmate use in other parts of the facility from time to time. I remember seeing plaintiff use the typewriter, but I do not have records documenting his use.

2  A-360

9.  The Resource Center also had a photocopy machine. Plaintiff could get copies of his legal materials made if he had sufficient money in his inmate account to pay for the copies at twenty-five cents per page, and he could get copies at no charge if approved by the Unit Administrator or designee under the indigency waiver pursuant to DOC Directives. I also remember plaintiff availing himself of this service frequently.

Dated at Hartford, Connecticut, this 25ᵗʰ day of March, 2004.

Candace Hall

Subscribed and sworn to before me this 25ᵗʰ day of March, 2004.

Commissioner of Superior Court
~~Notary Public~~

3   A-361

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

LUIS FERNANDEZ          :    PRISONER
CIVIL NO. 3:03CV583 (JCH)(HBF)

v.         :

JOHN ARMSTRONG, ET AL.     :    MARCH 29  2004

## AFFIDAVIT OF MAJOR JONATHAN HALL

State of Connecticut    )
                  ) ss: Cheshire       March 24, 2004
County of New Haven   )

The undersigned, Major Jonathan Hall, being duly sworn, deposes and says:

1. I am a Major in the Connecticut Department of Correction assigned to the Cheshire Correctional Institution in Cheshire, Connecticut and I am a named defendant in the above referenced case.

2. As a Major, I am familiar with the records and practices of the Department of Correction and the Cheshire Correctional Institution and, at the request of the Office of the Attorney General, I have had my staff collect records responsive to the issues in the above case.

3. The plaintiff, Luis Fernandez, was, during the times referenced in his Amended Complaint in the above case, a sentenced inmate at the Cheshire Correctional Institution. On January 20, 2004, he was moved to the MacDougall-Walker Correctional Institution in Suffield,

Connecticut. He is serving 20 year and 8 year sentences for drug convictions. <u>See</u> Movement Records; Mittimus, Exhibit B.

4. During the time periods referenced in the plaintiff's complaint, and particularly in the time period July to December, 2002, Mr. Fernandez was a frequent user of the Resource Center at the Cheshire Correctional Institution. <u>See</u> Affidavit of Candace Hall.

5. During this time period, the Directives of the Department of Correction provided that inmates were required to pay for photocopies at twenty-five cents per page, and were required to pay postage on their mailings. Indigent inmates were eligible for a minimum number of free mailings plus additional free correspondence to courts as reasonably needed, and free photocopies. DOC Directive 3.10(8). Exhibit C; DOC Directive 10.7(4)(D), Exhibit D.

6. An indigent inmate is one who has less than $5.00 in his or her inmate account at admission, or whose account has not exceeded $5.00 for the previous 90 days. DOC Directive 6.10(3)(C), Exhibit E.

7. Plaintiff was not eligible for free photocopies or postage until after August 8, 2002, due to the fact that he had funds in his inmate account in excess of the level required for indigency status. Inmate Account Records, Exhibit F.

8. Records of the Department of Correction show that plaintiff was able to get photocopies and mail items, provided that he paid for it, before he was indigent, and that afterwards, he was able to obtain copies and postage without cost pursuant to DOC Directives. <u>See</u> Records, Exhibit G.

9.  Records of the Department of Correction also show plaintiff filed grievances on these points and others, and that his grievances were ruled upon.  Exhibit G.

Dated at Cheshire, Connecticut, this ___24th___ day of March, 2004.

_____

Major Jonathan Hall

Subscribed and sworn to before me this _2 4_ day of March, 2004.

_____

Commissioner of Superior Court
Notary Public

**GREGORY  J.  PETERS**
*NOTARY  PUBLIC*
MY COMMISSION EXPIRES SEP. 30, ~~2002~~ JP
2005

3

DEFENDANTS
John Armstrong, et al.

RICHARD BLUMENTHAL
ATTORNEY GENERAL


BY: _____

Robert F. Vacchelli
Assistant Attorney General
110 Sherman Street
Hartford, CT 06105
Federal Bar #ct05222
E-Mail: robert.vacchelli@po.state.ct.us
Tel.: (860) 808-5450
Fax: (860) 808-5591


## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed to the following on this 29th day

of March, 2004:


Luis Fernandez, Inmate No. 279900
MacDougall-Walker Correctional Institution
1153 East Street South
Suffield, CT 06080


_____

Robert F. Vacchelli
Assistant Attorney General


4