UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LUIS FERNANDEZ | : | PRISONER |
| | : | NO. 3:03CV583(JCH)(HBF) |
| VS. | : | |
| | : | |
| JOHN ARMSTRONG, ET AL. | : | JANUARY 5, 2006 |

**DEFENDANTS' MEMORANDUM IN OPPOSITION TO
PLAINTIFF'S MOTION FOR RESTATEMENT OF
REASONS FOR RELIEVING FINAL JUDGMENT
UNDER RULE 60(b) WITH APPENDIX**

This case is a civil rights action by Inmate Luis Fernandez alleging that his civil rights were violated in 2002 due to his lack of litigation resources. He now files a "Motion for Restatement of Reasons for Relieving Final Judgment under Rule 60(b) with Appendix" dated December 6, 2005. We urge the Court to deny the motion.

This Court rendered Summary Judgment for the defendants in this case by decision dated December 7, 2004, Docket No. 68. The Court denied plaintiff's effort for relief from judgment under Rule 60(b) by decision dated February 24, 2005, Docket No. 79, and again by decision dated September 7, 2005, Docket No. 91. The United States Court of Appeals for the Second Circuit dismissed his appeal as frivolous, Docket No. 93. We urge the Court to deny plaintiff's most recent motion as well.

Plaintiff asks the Court to revisit this case by supplying a purported new affidavit by inmate "V. Outlaw" verifying that he and inmate "M. Page" were once assisted in using the

resource center at the Cheshire Correctional Institution prior to July 16, 2002 when plaintiff was not. See Attachment A to Plaintiff's Motion. The defendant's copy of the affidavit shows no signature. Assuming, arguendo, the validity of the affidavit, this does not supply reason to reopen the case.

> Rule 60(b) provides, in pertinent part:
>
> On motion and upon such terms as are just, the court may relieve a party … from a final judgment … for the following reasons: … (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b) … The motion should be made within a reasonable time, and for reasons … (2) … not more than one year after the judgment …

Rule 60(b) strikes a balance between serving ends of justice and preserving the finality of judgments. In other words, it should be broadly construed to do "substantial justice," yet final judgments should not be "lightly reopened." Further, since Rule 60(b) allows extraordinary relief, it is invoked only upon a showing of exceptional circumstances. Whether to grant a Rule 60(b) motion ultimately lies within the sound discretion of the district court. Langsford v. Yale, 202 F.R.D. 367, 369 (D.Conn. 2001) citing Nemaizer v. Baker, 793 F.2d 58, 61 (2nd Cir. 1986) and Thompson v. County of Franklin, 180 F.R.D. 216, 220 (N.D.N.Y. 1998). Also, plaintiff must demonstrate that the information would have altered the court's decision to grant the defendants' motion for summary judgment. Fernandez v. Pacquette, 2005 U.S. Dist. LEXIS 25401 at *8 (D.Conn. 2005).

Plaintiff fails to explain or justify why he was not capable of bringing forward this information until nearly one year after judgment. Moreover, the fact that other inmates were

helped once and he was not still fails to fix the failure in the plaintiff's case identified by the court on this point, "… although he alleges that he was subject to prejudice and racial discrimination, he has provided no evidence to show that inmates from different races were treated differently with regard to the use of the resource center."  Trial Court Ruling on Motion for Summary Judgment, Docket No. 68 at p. 17.  Plaintiff's "newly discovered" evidence cannot change the outcome of this case.

    The rest and remainder of plaintiff's arguments add no new information or arguments.  Rather, they repeat and reassert contentions previously, and repeatedly, reviewed and rejected by this court and the United States Court of Appeals in this case.  Reconsideration is not available where the moving party seeks solely to relitigate an issue already decided.  <u>Shrader v. CSX Transp., Inc.</u>, 70 F.3d 255, 257 (2nd Cir. 1995).

    For all of the foregoing reasons, we urge the court to deny plaintiff's motion.

    DEFENDANTS,
    John Armstrong, et al.

    RICHARD BLUMENTHAL
    ATTORNEY GENERAL

BY:_____/s/_____
    Robert F. Vacchelli
    Assistant Attorney General
    Federal Bar No. ct05222
    110 Sherman Street
    Hartford, CT  06105
    Telephone No.: (860) 808-5450
    Fax No.: (860) 808-5591
    E-mail:  robert.vacchelli@po.state.ct.us

**CERTIFICATION**

      I hereby certify that a copy of the foregoing was mailed to the following on this 5th day of January, 2006:

Luis Fernandez, Inmate No. 279900
MacDougall-Walker Correctional Institution
1153 East Street South
Suffield, CT  06080

                                                                                   /s/
                                                          Robert F. Vacchelli
                                                          Assistant Attorney General