UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

Luis Fernandez, pro-se     Case:3:03CV583(JCH)(HBF)

Vs.

J.J.Armstrong, et al     1/12/06

PLAINTIFF's PRO-SE REBUTTAL MOTION TOWARDS DEFENDANTS MEMORANDUM 1/5/06

The plaintiff's pro-se held to "less stringent standards than formal pleading drafted by lawyers", and in protection of his fundamental rights rebuts defendants memorandum dated 1/5/06 as follows:

1. Rule 60,F.R.C.P.,permits a Judgment or order to be corrected or vacated under certain circumstances such as where:

A) The plaintiff pro-se witness statement sworn under the pains of perjury supports his claims of Equal protection to relieve decision pgs 16-17 [DKT.46], per. Rule 60(b)(1)(2)(3)(6),

B) Plaintiff pro-se Newly discover witness statement supports retaliation claims for filing Grievances against prison officials which relieves decision[DKT.46] per. Rule 60(b)(1)(2)(6),

C) District Court Ruling and order [DKT.86] must be vacated as clearly erroneous and contrary to laws per. Rule 60(b)(1)(3)(4)(6),

THE LEGAL STANDARD OF REVIEW PRO-SE RULE 60

The plaintiff is proceeding pro-se, the court standard for por-se complaints are held to "less stringent standard , viewed without regard for technicalities" in protection of plaintiff pro-se Civil Rights as Rule 60(b)(6) has been described as the "catch-all" clause, because it provides this court with a "grand

reservior of equitable power to do justice in a particular case."
In similar case as in this one courts have vacated judgments
when evidence witness(es), Grievances, Emergency Access to
Library, undisclosed records and the lack of information and
documents provided by the defendants warrant a trial to
accomplish justice, <u>Radack V.</u> Norwegian American Line Agency
Inc.,(2d Cir.1963). The desire of this court must be to repair
injustice wrought by judgment concidering that judgment was
renderd without fault or neglect on part of the plaintiff pro-
se seeking to reform it.<u>West Virginia Oil & Gas Co. V. George
Brecce Lumber Co.</u>, C.A. 5(La) 1954, 213 F.2d.702, not being
represented by counsel has been taken into consideration,<u>Marshall
Monroe & Sons Inc.</u>,615 F.2d 1156(6th Cir.1980). This Court should
be more cautious before dismissing a Pro-se complaint were there
is a fundamental right to viewe. The plaintiff pro-se has
followed all of the Rules as understood and will not knowingly
violate them unless said Rule violates a Constitutional Right,
and the court should not need reminding that persons acting
in their own behalf are held".....to less stringent standard
them formal pleadings by lawyers".Haines V. Kerner,404 U.S.519.
2. Plaintiff Pro-se Rule 60(b) not only altered the courts
decision to grant the defendants motion for summary judgment
, it also brings to light fact finder of defendants lack of
evidence to be granted Summary Judgment against the claims of
Equal protection, Denial of Reasonable and meaningful adequate
opportuntiy to comply with Appellate Court Rules Causing injury,
unequal treatment, retaliation and requirements under Rule 26
(A)(1)[DKT.46,86,68 & 91]. Fed. Rules of Civil Procedure Rule
60(b)(6).

3. The plaintiff pro-se has explain over and over again in his motions for appointment of Pro-Bono Counsel that he is currently incarcerated and is very difficulty to investigate or cunduct adequate discovery, even when the defendants J.J.Armstrong, et al have bin relentless threw-out the case to provide the plaintiff pro-se with discovery request nor comply with Rule 26(A)(1),see,[DKT.9,24,30,55,71 & 73] for which it has taken nearly one year after judgment to discover Inmate V.Outlaw and defendants Armstrong et al filing of their brief for Appeal as respondents 7/19/05 to bring forward this information. Moreover, in this case Jaiman,R. entered on 3/31/04 Set Deadlines for Discovery due by 4/26/04, but Defendants J.J.Armstrong et al entered their Motion for Summary Judgment by Ahmed, J.J.Armstrong, Burtholomew, R.Brozozwski, Farrell, Felicaino, Gallick, Hall, Candance Hall, Beth Halleran, Hannah, Knight, Muniz, Roby, Hector Rodriguez on 4/2/04 and responses were due by 4/20/04 Jaiman,R., **No** judicial intervention was made to afford completion of discovery in order to introduce evidence per. Rule 37 F.R.C.P.

4. Plaintiff pro-se "New Discovered Evidence" witness V.Outlaw sworn affidavit is one of the many evidence that will show or proof at a Trail how inmates from different races were treated differently with regard to plaintiff pro-se use of the resource center do to the grievances filed against D.O.C. Officials and the resource center Librarian def.C.Hall which evidence is relevant and material to the case.

5. The plaintiff pro-se has in fact presented colorable claims for which was granted in forma pauperis under 28 U.S.C.§1915[DKT. 1-1] and the court can exercise its discretion in the interest of justice upon the present exceptional circumstances.

Finally, clearly plaintiff pro-se new infromation and arguments rely on Rule 60(b) because of (1) Mistake, inadvertence, surprise or excusable neglect,(2) Newly Discovered Evidence,(3) fraud... misrepresentation or other miscunduct of an adverse party,(4) the Judgment is void,(5) the Judgment has been released, satisfied or discharged, or (6) any other reason justifying the relief from the operation of Judgment.

Wherefore, for these foregoing newly dsicovered evidence relevant and material to the case as defendants do not dispute, the plaintiff pro-se request to vacate judgment and remand the case for trial.

Respectfully Submitted,

Luis Fernandez
Pro-se

CERTIFIACTION

I hereby certify that a copy of the foregoing was mail to the following on this 12 day of June,2006.

Robert F. Vacchelli,
Ass. Att. Gen.
110 Sherman Street,
Hartford, CT 06105

Luis Fernandez,pro-se