UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LUIS FERNANDEZ | : | |
| | : | PRISONER CASE NO. |
| v. | : | 3:03-cv-583 (JCH)(HBF) |
| | : | |
| JOHN J. ARMSTRONG, et al. | : | JANUARY 24, 2006 |

**RULING  RE:  PLAINTIFF'S MOTION FOR RELIEF
FROM JUDGMENT [Dkt. No. 94] and
MOTION FOR EXTENSION OF TIME [Dkt. No. 96]**

On December 7, 2004, the court granted defendants' motion for summary judgment.  Judgment entered in favor of defendants on December 9, 2004.  Since that time, plaintiff filed three motions challenging the entry of judgment in this case.  See Dkt. Nos. 73, 78 and 86.  The court denied all three motions.  In addition, on August 17, 2005, the Court of Appeals filed an amended order dismissing the appeal as frivolous. (See Dkt. No. 90, Ex. A.)  Now, plaintiff has filed a fourth motion challenging the judgment and the rulings denying his previous motions.  In addition, he has filed a motion for extension of time to file a notice of appeal.

In his motion for extension of time, plaintiff seeks thirty days from the date the court rules on his current motion for relief from judgment to file a notice of appeal.  He states that he wishes to afford the court an opportunity to correct its errors before appealing the judgment in this case.  As indicated above, plaintiff already has appealed the judgment, and the appeal was dismissed as frivolous.  Accordingly, plaintiff's motion for extension of time is denied.  If he seeks to appeal this Ruling, it should be done in the time permitted by the Federal Rules of Appellate Procedure.

Plaintiff brings his current motion for relief from judgment pursuant to Rule 60(b), on the ground that he has newly discovered evidence that two inmates were permitted access to the institutional resource center on one day when plaintiff was not. The new evidence is an affidavit from inmate Outlaw.

Fed. R. Civ. P., Rule 60(b)(2), provides that a party may be relieved from judgment based on "newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b)." Plaintiff's motion is dated December 6, 2005, 362 days after the entry of judgment. He does not indicate why he could not have filed this evidence sooner. Thus, he has not show that he qualifies for relief under subsection (2).

In addition, the affidavit of inmate Outlaw only states that plaintiff was unable to go to the institutional resource center on one occasion. The court granted defendants' motion for summary judgment on the claims concerning access to the resource center because plaintiff has no constitutional right of access to the courts to challenge a civil forfeiture, and plaintiff had not shown that he was denied access to the resource center because of race. See Ruling Re: Defendants' Motion for Summary Judgment, Dkt. No. 68, at 12-13 and 16-17. Inmate Outlaw's affidavit does not address either argument. Thus, the affidavit is insufficient to warrant relief from judgment in this case.

All other exhibits attached to plaintiff's motion were considered by the court in its rulings on plaintiff's previous motions challenging the entry of judgment in this case. Thus, with regard to all of the other exhibits, plaintiff's motion seeks reconsideration of the court's previous rulings. A motion for reconsideration is not proper when a party seeks to relitigate issues already decided. See Shrader v. CSX Transp., Inc., 70 F.3d

255, 257 (2d Cir. 1995). Thus, plaintiff's request for reconsideration of the rulings denying his previous motions is denied.

In conclusion, plaintiff's motions for relief from judgment [**Dkt. No. 94**] is **DENIED,** and his motion for extension of time [**Dkt. No. 96**] is **DENIED** as moot.

**SO ORDERED.**

Dated this 24th day of January, 2006, at Bridgeport, Connecticut.

/s/ Janet C. Hall
Janet C. Hall
United States District Judge