# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

FILED
2006 JAN 31 P 12: 23
U.S. DISTRICT COURT

Luis Fernandez,
    Pro-se                     Case: 3:03CV583(JCH)(HBF)

V.

                               Jan. 25, 2006

J. J. Armstrong, et al

MOTION **PLAINTIFF'S OBJECTION TO DEFENDANTS' MEMORANDUM dated 1/19/06**

Now Comes, the plaintiff pro-se in protection of his Civil Rights and fundamental Right Objects to defendants Memorandum dated 1/19/06 which lacks of Merits and Must be denied and Grant Motion for AN Extension of time to file A Notice off Appeal.

## History

This Case Consist of legitimate claims and issues of violations of Civil Rights (guarantees) were denials of Adequate and Reasonable Library access, Assistance, typewrite to Comply with appellate Court Rules, and first Amendment Right violation to petition (others) all amounting to the dismissal of the direct Appeal Causing as injury the lost of $2,573.00 approx. dolars. (others).

1 of 4

resulted from the defendants own obstructions, denials, discrimination, and the absence of alternatives to apprise plaintiff's Rights to access the Courts. This Court rendered Summary Judgment for the defendants in this case were Retaliation claims is supported by detailed and persuasive factual allegations with Exhibits in support, but this Court rendered Summary Judgment for the defendants even were Summary Judgment without full discovery. The U.S.C. of Appeals for the Second Circuit dismissed his appeal as frivolous. But, in fact is that Not every decision of this district Court can be appealed at the time it is made.

## LEGAL GROUNDS

The relevant statutes are designed to prevent "piecemeal appeals," and to ensure that all issues are combined in one appeal at the end of the case when there is still pending a Motion For Restatement of Reasons for Relieving Final Judgment under 60(b). The Federal appellate review is generally limited to "final decisions," of a district Court 28 U.S.C. §1291 and to orders granting, modifying, or continuing an injunction or refusing to do so. Most "interlocutory" orders such as class certification, discovery, and evidentiary rulings are not appealable until final judgment on the whole case is entered. Even, Courts have disagreed as to whether the Refusal to appoint Counsel is appealable before

a final Judgment is entered. in all orders, Modifying and Motions.

This Court should be more cautious before dismissing a pro-se complaint where there is a fundamental Right to View, as this plaintiff has followed all of the Rules as understood and will not knowingly violate them unless said Rule violates a Constitutional Right, and the Court should not need reminding that **PERSONS** acting in their own behalf are held "to less stringent standard than formal pleadings by lawyers."

The plaintiff pro-se does not need to proof his case beyond a reasonable doubt when pro per plaintiff pro-se is to be given the benefit of any doubt.

Another fact, is that in this case discovery was not completed were defendants Summary Judgment is untimely.

For all these factual foregoing reasons, I the plaintiff pro-se urge the Court to deny defendants Memorandum IN opposition dated 1/19/06.

Respectfully Submitted,

Luis Fernandez
Pro-se

3 of 4

## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed to the following on this 25th day of January, 2006:

Robert F. Vacchelli,
Ass. Att. Gen.,
110 Sherman St.,
Hartford, CT 06105

Luis Fernandez
Plaintiff - Pro-se