UNITED STATES DISTRICT COURT
DISTRICT OF CONNTICUT

Luis Fernandez,        :    Case: 3:03CV583(JCH)(HBF)

V.                     :    Feb. 2, 2006

J.J.ARMSRTONG, et al

FILED
2006 FEB 24 A 11: 03
U.S. DISTRICT COURT
BRIDGEPORT, CONN.

PLAINTIFF MOTION FOR DENOVO REVIEW OF [Doc.# 99-1]

Now comes, the plaintiff pro-se in protection his civil rights and fundamental rights moves for denovo review of JCH[doc#99-1] which judgment must be susupended and overruled as clearly **erroneous** and **contrary** to Fed.R.Civ.P. Rule 60(b).
The palintiff pro-se did in fact brought a motion for restatment of reason for relieving final judgment under Rule 60(b) with appendix providing an affidavit of Inmate Outlaw supporting claims of equal protection in order to relieve decision pgs 16-17[DKT.NO.46] and indicating that it was a surprise to have found Inmate Outlaw who provided the affidavit confirming the unequal treatment against the plaintiff for filing grievances and complaining while at Cheshire Correction Inst.
I the plaintiff pro-se was unable to file Inmate Outlaw affidavit sooner because the plaintiff pro-se was unable to know or locate witnesses do to his current incarceration status and his retaliatory transfer from Cheshire D.O.C. to Macdougall C.I. obstructed every possibility of locating witnesses neither did defendants provided all the resource Center Records since these could not be located which I the Plaintiff pro-se do qualify for relif under subsection (2). Another fact, is that in this case discovery was not completed were defendants summary Judgment is untimely.

Moreover, the affidavit of inmate outlaw does provides evidence of defendants state prison officials activities of interefering and obstructing the plaintiff pro-se attempts to prepare legal documents according to appellate court rules prior July 16,2002 for filing grievances and complaining.

And **no!** it was not "one day" only that the plaintiff pro-se was not permitted to access to the institutional resource center, but on this particular day prior July 16,2002 the plaintiff was intentionally denied to access the institutional resource center for filing grievances and complaining about defendants Candance Hall and defendants prison officials obstructions and abusives use of authorities. The grievance process per.ADM.DIR. 9.6 take upto 30 days for filing line of grievance which prior july 16,2002 there was more than just one day when the plaintiff was not permitted access to the Institutional Resource Center. In addition, the plaintiff does have a guarantee Constitutional Right of Access to the Appellate Court's as Pro-se defendant/ appellant in a direct civil forfeiture appeal. The Rights of access to the courts' require to all prisoners defending against criminal charges as those brought forth pursuant to Conn.Gen.Stat § 54-36(h). A sharply divided sixth circuit recently interpreted **lewis** to mean that " a prisoner's right to access to the courts extends to direct appeals, habeas corpus applications and civil rights claims only. THADDEUS-X V. BLATTER, 175 F.3d 378,391(6th cir.1999). The Conn.Const. protects with special solicitude, a prisoners access to the courts, see, Conn.Const.Article First§ 10. Futhermore, this District Court Judge J.C.Hall questionable ruling and Judgments are in retaliation do to plaintiff pro-se request in record for the disqualification of J.C.H. and change of venue requests.

For these foregoing reasons Judgment/order doc# 99-1 must be suspended and overruled as clearly erroneous and contrary to Fed.R.Civ.P.Rule 60(b).

The plaintiff pro-se urge the court for Justice.

Respectfully Submitted,

_____
Luis Fernandez, pro-se

CERTIFICATION

I hereby certify that a copy of the foregoing was mailed to the following on this 2 day of Feb. 2006.

Att.Robert F.Vacchelli,
110 sherman street,
Hartford, Ct.06105

_____
Luis fernandez, pro-se