UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LUIS FERNANDEZ | : | PRISONER |
| | : | NO. 3:03CV583(JCH)(HBF) |
| VS. | : | |
| | : | |
| JOHN ARMSTRONG, ET AL. | : | FEBRUARY 22, 2006 |

**DEFENDANTS' MEMORANDUM IN OPPOSITION TO
PLAINTIFF'S MOTION FOR DENOVO REVIEW**

This case is a civil rights action by Inmate Luis Fernandez alleging that his civil rights were violated in 2002 due to his lack of litigation resources. He now files a "Motion for Denovo Review of [Doc.#99-1]". We urge the Court to deny the motion.

This Court rendered Summary Judgment for the defendants in this case by decision dated December 7, 2004, Docket No. 68. The Court denied plaintiff's effort for relief from judgment under Rule 60(b) by decision dated February 24, 2005, Docket No. 79, and again by decision dated September 7, 2005, Docket No. 91. The United States Court of Appeals for the Second Circuit dismissed his appeal as frivolous, Docket No. 93. This Court denied another one of plaintiff's motions for relief from judgment by decision dated January 24, 2006, Docket No. 99. We urge the Court to deny plaintiff's most recent motion as well.

Rule 60(b) provides, in pertinent part:

On motion and upon such terms as are just, the court may relieve a party … from a final judgment … for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could

not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud …(4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of judgment. The motion should be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment …

Rule 60(b) strikes a balance between serving ends of justice and preserving the finality of judgments. In other words, it should be broadly construed to do "substantial justice," yet final judgments should not be "lightly reopened." Further, since Rule 60(b) allows extraordinary relief, it is invoked only upon a showing of exceptional circumstances. Whether to grant a Rule 60(b) motion ultimately lies within the sound discretion of the district court. Langsford v. Yale, 202 F.R.D. 367, 369 (D.Conn. 2001) citing Nemaizer v. Baker, 793 F.2d 58, 61 (2nd Cir. 1986) and Thompson v. County of Franklin, 180 F.R.D. 216, 220 (N.D.N.Y. 1998). Also, plaintiff must demonstrate that the information would have altered the court's decision to grant the defendants' motion for summary judgment. Fernandez v. Pacquette, 2005 U.S. Dist. LEXIS 25401 at *8 (D.Conn. 2005).

Plaintiff's motion is made more than one year after judgment, and should be denied on this basis. His contention that summary judgment was untimely because discovery was not completed is not accurate. In this case, plaintiff issued a Request for Production of Documents on February 27, 2004, and Defendants responded on April 2, 2004, sending responses and 401 pages of documents to plaintiff. He also issued Requests for Admissions on March 9, 2004 and March 25, 2004. Defendants responded to both of those discovery requests on March 31, 2004.

Discovery ended on May 21, 2004.  See Scheduling Order, Docket No. 20.  In all other respects, plaintiff's motion adds no new information or issues.  Rather, it repeats and reasserts contentions previously, and repeatedly, reviewed and rejected by this court and the United States Court of Appeals in this case, and essentially argues against the court's decision.  Reconsideration is not available where the moving party seeks solely to relitigate an issue already decided.  Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2nd Cir. 1995).

    For all of the foregoing reasons, we urge the court to deny plaintiff's motion.

                      DEFENDANTS,
                      John Armstrong, et al.

                      RICHARD BLUMENTHAL
                      ATTORNEY GENERAL

BY:_____/s/_____
    Robert F. Vacchelli
    Assistant Attorney General
    Federal Bar No. ct05222
    110 Sherman Street
    Hartford, CT  06105
    Telephone No.: (860) 808-5450
    Fax No.: (860) 808-5591
    E-mail: robert.vacchelli@po.state.ct.us

**CERTIFICATION**

      I hereby certify that a copy of the foregoing was mailed to the following on this 22nd day of February, 2006:

Luis Fernandez, Inmate No. 279900
MacDougall-Walker Correctional Institution
1153 East Street South
Suffield, CT  06080

                                                                                                /s/
                                                                   Robert F. Vacchelli
                                                                   Assistant Attorney General