UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LUIS FERNANDEZ | : | |
| | : | PRISONER CASE NO. |
| v. | : | 3:03-cv-583 (JCH)(HBF) |
| | : | |
| JOHN J. ARMSTRONG, et al. | : | AUGUST 17, 2006 |

**RULING RE: PLAINTIFF'S
MOTION FOR DE NOVO REVIEW [Doc. No. 101]**

On January 26, 2006, the court denied plaintiff's motion for relief from judgment.

Plaintiff now has filed a motion seeking de novo review of that decision.  In support of

this motion, plaintiff asserts the same claims that the court considered when reviewing

his motion for relief from judgment.  The court construes this motion as a request for

reconsideration.

The standard for granting a motion for reconsideration is strict.  Reconsideration

"will generally be denied unless the moving party can point to controlling decisions or

data that the court overlooked–matters, in other words, that might reasonably be

expected to alter the conclusion reached by the court."  See Schrader v. CSX Transp.,

Inc., 70 F.3d 255, 257 (2d Cir. 1995).  The function of a motion for reconsideration thus

is to present the court with an opportunity to correct "manifest errors of law or fact or to

consider newly discovered evidence ...."  LoSacco v. City of Middletown, 822 F. Supp.

870, 876-77 (D. Conn. 1993) (quoting Rothwell Cotton Co. v. Rosenthal & Co., 827

F.2d 246, 251 (7th Cir. 1987)), aff'd, 33 F.3d 50 (2d Cir. 1994).

Plaintiff argues that the affidavit he now presents from inmate Outlaw is newly

discovered because, as an inmate, he is not permitted to know the whereabouts of

inmates confined in other correctional institutions.  While the court did note that plaintiff

had not explained in his prior motion why the affidavit should be considered newly discovered evidence, the court went on to address the statements in the affidavit. Although plaintiff continues to argue that he was denied access to the institutional resource center on more than one occasion, he has provided no evidence to support this assertion. In addition, he has provided no evidence to contradict the court's conclusion that the affidavit is insufficient to warrant relief from judgment in this case, because plaintiff has no constitutional right of access to the courts to challenge a civil forfeiture and has not shown that he was denied access to the resource center because of race.

In conclusion, plaintiff's Motions for De Novo Review [**Doc. No. 101**] is **DENIED**.

**SO ORDERED.**

Dated this 17th day of August, 2006, at Bridgeport, Connecticut.


/s/ Janet C. Hall_____
Janet C. Hall
United States District Judge